**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CA. 1:10-cv-00873-RMU |
| | ) |
| **DOES 1 – 5,000** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### MOTION TO STRIKE ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court for an order striking the purported Answer filed by Jeff Kowalski.  Plaintiff's memorandum of points and authorities in support of its motion is attached hereto.

                                         Respectfully submitted,
                                         VOLTAGE PICTURES, LLC

**DATED**:  June 24, 2010

                                   By:   /s/ Thomas M. Dunlap
                                           Thomas M. Dunlap (D.C. Bar # 471319)
                                           Nicholas A. Kurtz (D.C. Bar # 980091)
                                           DUNLAP, GRUBB & WEAVER, PLLC
                                           1200 G Street, NW Suite 800
                                           Washington, DC 20005
                                           Telephone: 202-316-8558
                                           Facsimile: 202-318-0242
                                           tdunlap@dglegal.com
                                           nkurtz@dglegal.com
                                           *Attorneys for the Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

To summarize this case, Plaintiff, a film-maker and motion picture copyright holder, filed a Complaint to stop Doe Defendants from copying and distributing to others over the Internet unauthorized copies (files) of the motion pictures for which it holds the exclusive licensing and copyrights, specifically "*The Hurt Locker*," the winner of six Academy Awards, including Best Motion Picture of the Year (the "Motion Picture").  Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Doe Defendants' infringements allow them and untold others unlawfully to obtain and distribute for free the copyrighted Motion Picture that Plaintiff invested substantial sums of money to make.  Plaintiff sued Defendants as "Doe" Defendants because Doe Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement.

The only way that Plaintiff can determine Doe Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Doe Defendants subscribe and from which Doe Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.  Accordingly, Plaintiff has sought leave of Court to serve limited discovery prior to a Rule 26(f) conference on several of the non-party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during the course of this litigation, since Plaintiff's infringement monitoring efforts are on-going and continuing.

In response to the filing of the Complaint, Mr. Jeff Kowalski filed a purported Answer, for which the court granted leave for the document to be filed on June 15, 2010. [Doc. No. 5] However, as Plaintiff has not named any of the Doe Defendants by their actual names at this point, Mr. Kowalski is not an actual Defendant. Further, pursuant to Mr. Kowalski's own purported Answer, it appears that he could never be a named Defendant in this case. Lastly, Mr. Kowalski's Answer does not comply with the Federal Rules of Civil Procedure for such pleadings. Therefore, Plaintiff respectfully requests that the court strike Mr. Kowalski's purported Answer in its entirety.[1]

II. ARGUMENT

    A.  LEGAL STANDARD FOR A MOTION TO STRIKE

On its own initiative or on a party's motion, the court may strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading in order to avoid the time, effort, and expense necessary to litigate spurious issues. Fed. R. Civ. P. 12(f); Nwachukwu v. Karl, 216 F.R.D. 176, 178 (D.D.C. 2003) (citing Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-665 (7th Cir.1992)).[2] The decision to grant or deny a motion to strike a pleading is vested in the trial court's sound discretion. Nwachukwu v. Karl, 216 F.R.D. at 178 (citing Fantasy, Inc. v. Fogerty, Inc., 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)); see Fed. R. Civ. P. 7(a)

---

[1] As Plaintiff is requesting to dispose of Mr. Kowalski's purported Answer in its entirety, and to effectively dismiss Mr. Kowalski from this case at this time, counsel for Plaintiff has not met and conferred with Mr. Kowalski concerning this motion. See LCvR 7(m) (stating that duty to confer is only on nondispositive motions).

[2] While Rule 12(f) does not require matters be prejudicial in order to be stricken, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous. Nwachukwu v. Karl, 216 F.R.D. at 178.

(stating that a "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer).[3]

Additionally, a motion to strike an answer or portions thereof may be granted where the answer or portions constitute a violation of the Federal Rules of Civil Procedure, Rule 8. See Temperato v. Rainbolt, 22 F.R.D. 57, 58-59 (E.D.Ill. 1958)   In general, in responding to a pleading, a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

### B.  MR. KOWALSKI'S PURPORTED ANSWER IS INAPPROPRIATE, IMMATERIAL, AND PREJUDICES PLAINTIFF'S CASE.

First, Plaintiff has not named Mr. Kowalski as a Defendant.[4]  Plaintiff is still proceeding against all Defendants as anonymous Doe Defendants until Plaintiff obtains the proper identifying information from the ISPs.  As the court has not ruled on Plaintiff's motion for expedited discovery yet, and consequently Plaintiff has not sent even sent subpoenas to the ISPs yet, Plaintiff cannot adequately determine if Mr. Kowalski should be a named Defendant.[5]

---

[3] The court may also act under Rule 12(f) without a hearing. See U.S. v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975) (holding that when the legal issues presented by the landowner's defenses to a condemnation action were not particularly complicated, the trial court did not err in striking, sua sponte, the defenses without affording the opportunity for the presentation of briefs and oral argument).

[4] In addition to not being named as a Defendant in this case, Mr. Kowalski was never served with a Summons and Complaint in this case.  In fact, a Summons has not been issued in this case for any Defendant.  [See Docket entry of May 27, 2010]

[5] Even if Plaintiff obtains information from an ISP linking Mr. Kowalski to an alleged infringement, it is still within Plaintiff's discretion to name Mr. Kowalski as a Defendant.

Second, Mr. Kowalski's own purported Answer shows that he may never be a named Defendant in this case.  Mr. Kowalski states that he has not contracted with any ISPs.  [Doc. No. 5 (Answer) at ¶ 2]  However, Plaintiff's claims against the Doe Defendants only include those Defendants specifically assigned an IP address by his or her ISP.  [See Doc. No. 1 (Complaint) at ¶¶ 8, 12]  Because Mr. Kowalski states that he does not utilize an ISP and, therefore, is not an ISP account holder associated with an allegedly infringing IP address, it appears Mr. Kowalski may never be a named Defendant in this case.[6]  Should Plaintiff obtain information from an ISP linking Mr. Kowalski to an infringement alleged by Plaintiff, Plaintiff may include Mr. Kowalski in the case at that time, but at this stage of the case there is no reason to believe that will happen.

Overall, Mr. Kowalski's purported Answer is inappropriate and immaterial at this stage of the case, as Mr. Kowalski should not be permitted to file an Answer when he has not even been named a Defendant.  In fact, it appears that Mr. Kowalski advocates a position similar to, if not the same as, Plaintiff's position – that distribution of copyrighted works on certain file sharing websites is improper.  Therein, Mr. Kowalski states that he reports violations to file sharing websites and makes efforts to prevent unlawful distribution of copyrighted works.  [See Doc. No. 5 (Answer) at ¶¶ 11, 14][7]

---

[6]  Mr. Kowalski states that, even without service of his own from an ISP, he is able to download motion pictures from unsecured wireless access points.  [Doc. No. 5 (Answer) at ¶ 3]

[7]  The only case Plaintiff's counsel could find on this topic is easily distinguishable.  In Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001), the court allowed an unnamed and unserved doe defendant to file an answer.  Id. at *3 (as the judge noted, "[n]either the parties, nor I, have found any cases on the issue faced here").  However, there the plaintiff alleged a specific alias name for the doe defendant, and the doe defendant's answer admitted using the alias name as described in the complaint.  See id.  Accordingly, it was established that the person who filed the answer was the doe defendant, which is simply not the case here.

Further, Mr. Kowalski's purported Answer is prejudicial to Plaintiff's prosecution of its claims. Because it appears that Mr. Kowalski may not be a named Defendant in this case, and because his position seems more in line with Plaintiff[8] and contradictory to the anticipated positions of the eventual named Defendants, Mr. Kowalski's inclusion in this case as a Defendant at this time will prejudice Plaintiff's position and confuse the issues in the case. Among other things, Mr. Kowalski's purported Answer and inclusion in this case at this time hampers Plaintiff's ability to voluntarily dismiss the case before it actually names Defendants and serves them. See Fed. R. Civ. P. 41(a)(1)(A)(i).

Lastly, Mr. Kowalski's Answer does not comply with the Federal Rules of Civil Procedure for such pleadings. More specifically, Mr. Kowalski has not admitted or denied the allegations asserted against the Doe Defendants. In fact, neither the word "admit" nor "deny" appear anywhere in the purported Answer. [See generally Doc. No. 5 (Answer)] Further, when read in conjunction with Plaintiff's Complaint, Mr. Kowalski's purported Answer bears little to no relation to the allegations in this case.[9] Rather, it appears to be nothing more than a statement of Mr. Kowalski's personal campaign to combat illegal file sharing. Therefore, Mr. Kowalski's purported Answer does not constitute a short and plain statement of his defenses to the claims asserted and does not admit or deny the allegations, and therefore it must be stricken.

---

[8] Notwithstanding that Mr. Kowalski appears to be trying to assist copyright owners, Plaintiff believes that any help Mr. Kowalski would attempt would only further complicate the issues in this case. In fact, as admitted by Mr. Kowalski, at least one organization has requested him to cease his activities, as noble as they may be. [See Doc. No. 5 (Answer) at ¶ 12]

[9] While Mr. Kowalski's purported Answer has the same number of numbered paragraphs as Plaintiff's Complaint, whether coincidently or not, the numbered paragraphs in Mr. Kowalski's Answer have little to no relation to the corresponding numbered paragraphs of Plaintiff's Complaint. [Compare Doc. No. 5 (Answer) with Doc. No. 1 (Complaint)]

III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should strike Mr. Kowalski's purported Answer in its entirety.  The purported Answer is premature, at best, and is immaterial and prejudicial to Plaintiff's prosecution of this case.  Further, the purported Answer is argumentative and generally in violation of the Federal Rules of Civil Procedure.  Therefore, it is appropriate to strike the entire Answer and effectively dismiss Mr. Kowalski from this case at this time.  See Temperato v. Rainbolt, 22 F.R.D. at 59 (stating that "[t]he entire pleading should not ordinarily be stricken but only those portions which are objectionable. However, an entire pleading may be stricken where it is all immaterial or redundant or in gross violation of Rule 8." (citing 2 Moore's Federal Practice, Section 12.21, page 2316)).

        Respectfully submitted,
        VOLTAGE PICTURES, LLC

**DATED**:  June 24, 2010

By:   /s/ Thomas M. Dunlap
      Thomas M. Dunlap (D.C. Bar # 471319)
      Nicholas A. Kurtz (D.C. Bar # 980091)
      DUNLAP, GRUBB & WEAVER, PLLC
      1200 G Street, NW Suite 800
      Washington, DC 20005
      Telephone: 202-316-8558
      Facsimile: 202-318-0242
      tdunlap@dglegal.com
      nkurtz@dglegal.com
      *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on June 24, 2010, a true and correct copy of the foregoing MOTION TO STRIKE ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES was sent via first-class mail to the following:

>Jeff Kowalski
>17445 Roosevelt Rd.
>Hemlock, MI 48626


              /s/ Nick Kurtz
              Nicholas A. Kurtz