**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CA. 1:10-cv-00873-RMU |
| | ) |
| **DOES 1 – 5,000** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**MOTION TO STRIKE AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, by counsel and pursuant to the Federal Rules of Civil Procedure, respectfully moves this Court for an order striking the Amended Answer filed by Jeff Kowalski. Plaintiff's memorandum of points and authorities in support of its motion is attached hereto.

                                            Respectfully submitted,
                                            VOLTAGE PICTURES, LLC

**DATED**: July 6, 2010

                                By:    /s/ Thomas M. Dunlap
                                            Thomas M. Dunlap (D.C. Bar # 471319)
                                            Nicholas A. Kurtz (D.C. Bar # 980091)
                                            DUNLAP, GRUBB & WEAVER, PLLC
                                            1200 G Street, NW Suite 800
                                            Washington, DC 20005
                                            Telephone: 202-316-8558
                                            Facsimile: 202-318-0242
                                            tdunlap@dglegal.com
                                            nkurtz@dglegal.com
                                            *Attorneys for the Plaintiff*

TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................................1

II. BRIEF OVERVIEW OF THE PROCEEDINGS .......................................................................2

III. ARGUMENT ..................................................................................................................3

    A. LEGAL STANDARD FOR A MOTION TO STRIKE ....................................................3

    B. MR. AMENDED ANSWER IS INAPPROPRIATE, IMMATERIAL, AND
    PREJUDICES PLAINTIFF'S CASE .................................................................................4

        1. Mr. Kowalski's Amended Answer does not cure the deficiencies of the Answer and, in fact, makes no significant changes in response to Plaintiff's motion to strike ..4

        2. Leave of court was required for Mr. Kowalski to even file an Amended Answer ....7

IV. CONCLUSION ................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

Nwachukwu v. Karl, 216 F.R.D. 176 (D.D.C. 2003) ....................................................................3

Temperato v. Rainbolt, 22 F.R.D. 57 (E.D.Ill. 1958) .................................................................4, 9

U.S. v. 416.81 Acres of Land, 514 F.2d 627 (7th Cir. 1975) .........................................................3

Williams v. Jader Fuel Co., Inc., 944 F.2d 1388 (7th Cir. 1991) ...................................................8

Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001)..................6

**Statutes**

Fed. R. Civ. P. Rule 7 ................................................................................................................3, 8

Fed. R. Civ. P. Rule 8 ................................................................................................................4, 6

Fed. R. Civ. P. Rule 12 ...................................................................................................................3

Fed. R. Civ. P. Rule 15 ................................................................................................................7-8

Fed. R. Civ. P. Rule 41 ...................................................................................................................7

LCvR 7............................................................................................................................................1

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This case involves the alleged copyright infringement of Plaintiff's motion picture "*The Hurt Locker*" (the "Motion Picture") through so-called "peer-to-peer" ("P2P") file "swapping" networks. Plaintiff brings this motion to strike against a purported Defendant, Mr. Jeff Kowalski, acting *in pro per*. In response to a motion to strike Mr. Kowalski's purported Answer in this case, Mr. Kowalski filed an Amended Answer. However, this Amended Answer is procedurally and substantively defective, amounting to nothing more than a frivolous pleading.

First, Mr. Kowalski improperly filed an Amended Answer purportedly pursuant to Fed. R. Civ. P. Rule 15 in order to avoid Plaintiff's motion to strike. However, there is no such authority for Mr. Kowalski's filing of an Amended Answer without leave of court.

Second, Mr. Kowalski's Amended Answer does not address the deficiencies as stated in Plaintiff's motion to strike. Rather, Mr. Kowalski's Amended Answer is likewise insufficient as a proper pleading. Mr. Kowalski's Amended Answer concedes that it is completely unwarranted, as Mr. Kowalski is not a named Defendant in this case and most likely never will be. Mr. Kowalski knows this but continues to insert himself in this case for his own notoriety. Also, Mr. Kowalski's Amended Answer completely fails to abide by the rules for such pleadings, not having a single admission or denial of fact.

Therefore, Plaintiff respectfully requests that the court strike Mr. Kowalski's Answer and Amended Answer in their entirety and dismiss Mr. Kowalski from this case.[1]

---

[1] As Plaintiff is requesting to dispose of all of Mr. Kowalski's pleadings, and to effectively dismiss Mr. Kowalski from this case at this time, counsel for Plaintiff has not met and conferred with Mr. Kowalski concerning this motion. See LCvR 7(m) (stating that duty to confer is only on nondispositive motions).

II. BRIEF OVERVIEW OF THE PROCEEDINGS

On May 27, 2010, Plaintiff filed its Complaint against unknown Doe Defendants for copyright infringements of Plaintiff's Motion Picture. [See generally Doc. No. 1] Plaintiff sued Defendants as "Doe" Defendants because Doe Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names. [Id.] At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. [Id. at ¶ 8]

The only way that Plaintiff can determine Doe Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Doe Defendants subscribe and from which Doe Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business. [See id.] Accordingly, Plaintiff has sought leave of Court to serve limited discovery prior to a Rule 26(f) conference on several of the non-party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during the course of this litigation, since Plaintiff's infringement monitoring efforts are on-going and continuing. [See Doc. No. 4]

In response to the filing of the Complaint, Mr. Jeff Kowalski filed a purported Answer, for which the court granted leave for the document to be filed on June 15, 2010. [Doc. No. 5][2] Because Mr. Kowalski's Answer was improper, Plaintiff filed a motion to strike the Answer on June 24, 2010. [Doc. No. 6] In response to Plaintiff's motion to strike, Mr. Kowalski filed an Amended Answer, purportedly pursuant to Fed. R. Civ. P. Rule 15, on June 30, 2010. [Doc. No. 7]

---

[2] It is not known how Mr. Kowalski obtained a copy of Plaintiff's Complaint, as Plaintiff never served or attempted to serve Mr. Kowalski with the Complaint (a Summons has not even been issued by the court).

However, as Plaintiff has not named any of the Doe Defendants by their actual names at this point, Mr. Kowalski is not an actual Defendant. Further, pursuant to Mr. Kowalski's own purported Answer and Amended Answer, it appears that he could never be a named Defendant in this case. Lastly, Mr. Kowalski's Answer and Amended Answer do not comply with the Federal Rules of Civil Procedure for such pleadings. Therefore, Plaintiff respectfully requests that the court strike Mr. Kowalski's filings.

III. ARGUMENT

    A.  LEGAL STANDARD FOR A MOTION TO STRIKE

On its own initiative or on a party's motion, the court may strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading in order to avoid the time, effort, and expense necessary to litigate spurious issues. Fed. R. Civ. P. 12(f); Nwachukwu v. Karl, 216 F.R.D. 176, 178 (D.D.C. 2003) (citing Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-665 (7th Cir.1992)).[3] The decision to grant or deny a motion to strike a pleading is vested in the trial court's sound discretion. Nwachukwu v. Karl, 216 F.R.D. at 178 (citing Fantasy, Inc. v. Fogerty, Inc., 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994)); see Fed. R. Civ. P. 7(a) (stating that a "pleading" includes a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer).[4]

---

[3] While Rule 12(f) does not require matters be prejudicial in order to be stricken, many courts will grant such motions only if the portions sought to be stricken are prejudicial or scandalous. Nwachukwu v. Karl, 216 F.R.D. at 178.

[4] The court may also act under Rule 12(f) without a hearing. See U.S. v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975) (holding that when the legal issues presented by the landowner's defenses to a condemnation action were not particularly complicated, the trial court

3

Additionally, a motion to strike an answer or portions thereof may be granted where the answer or portions constitute a violation of the Federal Rules of Civil Procedure, Rule 8. See Temperato v. Rainbolt, 22 F.R.D. 57, 58-59 (E.D.Ill. 1958). In general, in responding to a pleading, a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

B. MR. KOWALSKI'S AMENDED ANSWER IS INAPPROPRIATE, IMMATERIAL, AND PREJUDICES PLAINTIFF'S CASE.

1. Mr. Kowalski's Amended Answer does not cure the deficiencies of the Answer and, in fact, makes no significant changes in response to Plaintiff's motion to strike.

The only changes in the Amended Answer, as compared to the Answer, are as follows:

- Added "such as Mediafire (www.mediafire.com) for example" to Paragraph 4

- Added new Paragraphs 7, 8, and 9: "7. The Defendant could have owned the Copyrighted Content and simply was downloading a backup copy. 8. The Plaintiff has not alleged any commercial use of the Copyrighted Content. 9. The Plaintiff is not suing the correct Parties. Voltage Pictures could prevent far more infringement of the Copyrighted Content by restraining those who profit from uploading movies to the Internet. (for example united300.blogspot.com)"

- Added new Paragraph 14: "The Defendant is providing at this time a DVD copy from the Retail DVD of 'The Hurt Locker'."

[Compare Docs. No. 5 and 7]

---

did not err in striking, sua sponte, the defenses without affording the opportunity for the presentation of briefs and oral argument).

The changes do not address the issues raised by Plaintiff's motion to strike the Answer. [See Doc. No. 6]  First, Plaintiff has not named Mr. Kowalski as a Defendant.[5]  Plaintiff is still proceeding against all Defendants as anonymous Doe Defendants until Plaintiff obtains the proper identifying information from the ISPs.  Even if Plaintiff obtains information from an ISP linking Mr. Kowalski to an alleged infringement, it is still within Plaintiff's discretion to name or not name Mr. Kowalski as a Defendant.

Further, Mr. Kowalski's Amended Answer still shows that he may never be a named Defendant in this case.  Mr. Kowalski states that he has not contracted with any ISPs.  [Doc. No. 7 (Amended Answer) at ¶ 2]  However, Plaintiff's claims against the Doe Defendants only include those Defendants specifically assigned an IP address by his or her ISP.  [See Doc. No. 1 (Complaint) at ¶¶ 8, 12]  Because Mr. Kowalski states that he does not utilize an ISP and, therefore, is not an ISP account holder associated with an allegedly infringing IP address, it appears Mr. Kowalski may never be a named Defendant in this case.

Overall, Mr. Kowalski's Amended Answer is inappropriate and immaterial at this stage of the case, as Mr. Kowalski should not be permitted to appear in this case when he has not even been named a Defendant and there is no reason to believe Mr. Kowalski will ever be named as a Defendant.  In fact, it appears that Mr. Kowalski advocates a position similar to, if not the same as, Plaintiff's position – that distribution of copyrighted works on certain file sharing websites is improper.  Therein, Mr. Kowalski states that he reports violations to file sharing websites and

---

[5] In addition to not being named as a Defendant in this case, Mr. Kowalski was never served with a Summons and Complaint in this case.  In fact, a Summons has not been issued in this case for any Defendant.  [See Docket entry of May 27, 2010]

5

makes efforts to prevent unlawful distribution of copyrighted works. [See Doc. No. 7 (Amended Answer) at ¶¶ 15, 18][6]

Second, Mr. Kowalski's Amended Answer still does not comply with the Federal Rules of Civil Procedure for such pleadings. More specifically, Mr. Kowalski has not admitted or denied the allegations asserted against the Doe Defendants.[7] In fact, neither the word "admit" nor "deny" appear anywhere in the Amended Answer. [See generally Doc. No. 7 (Amended Answer)] Further, when read in conjunction with Plaintiff's Complaint, Mr. Kowalski's Amended Answer bears little to no relation to the allegations in this case. Rather, it appears to be nothing more than a statement of Mr. Kowalski's personal campaign to combat illegal file sharing. Therefore, Mr. Kowalski's Amended Answer does not constitute a short and plain statement of his defenses to the claims asserted and does not admit or deny the allegations, and therefore it should be stricken.

Lastly, Mr. Kowalski's Amended Answer is prejudicial to Plaintiff's prosecution of its claims. Because it appears that Mr. Kowalski may not be a named Defendant in this case, and because his position seems more in line with Plaintiff[8] and contradictory to the anticipated

---

[6] The only case Plaintiff's counsel could find on this topic is easily distinguishable. In Zwebner v. John Does Anonymous Foundation, Inc., 2001 WL 210173 (D.Or. 2001), the court allowed an unnamed and unserved doe defendant to file an answer. Id. at *3 (as the judge noted, "[n]either the parties, nor I, have found any cases on the issue faced here"). However, there the plaintiff alleged a specific alias name for the doe defendant, and the doe defendant's answer admitted using the alias name as described in the complaint. See id. Accordingly, it was established that the person who filed the answer was definitively the doe defendant, which is simply not the case here.

[7] In responding to a pleading, a party must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. Rule 8(b)(1).

[8] Notwithstanding that Mr. Kowalski appears to be trying to assist copyright owners, Plaintiff believes that any help Mr. Kowalski would attempt would only further complicate the issues in

6

positions of the eventual named Defendants, Mr. Kowalski's inclusion in this case as a Defendant at this time will prejudice Plaintiff's position and confuse the issues in the case. Among other things, Mr. Kowalski's Amended Answer and inclusion in this case at this time hampers Plaintiff's ability to voluntarily dismiss the case before it actually names Defendants and serves them. See Fed. R. Civ. P. 41(a)(1)(A)(i).

Overall, it appears that Mr. Kowalski is attempting to improperly insert himself into this case to garner publicity for himself and his supposed own efforts to stop copyright infringement. This clearly shows that Mr. Kowalski has filed his pleadings for the improper purpose of making his position known to the public, not actually assert defenses and respond to the allegations. Therefore, the court should strike Mr. Kowalski's pleadings and dismiss him from this case.

2. <u>Leave of court was required for Mr. Kowalski to even file an Amended Answer.</u>

Shortly after Plaintiff filed its motion to strike Mr. Kowalski's Answer, and while the motion was still pending, Mr. Kowalski filed his Amended Answer. Mr. Kowalski supposedly believes that he is entitled to file an Amended Answer as a matter of course and without leave of court pursuant to Fed. R. Civ. P. Rule 15. [See Doc. No. 7 (Amended Answer entitled "Rule 15 Amended Answer to Complaint")]  However, Rule 15 does not provide Mr. Kowalski to amend his Answer without leave of court.

Rule 15 provides:

> (a) Amendments Before Trial. (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within: (A) 21 days after

---

this case. In fact, as admitted by Mr. Kowalski, at least one organization has requested him to cease his activities, as noble as they may be. [See Doc. No. 7 (Amended Answer) at ¶ 16]

7

> serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. … In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Fed. R. Civ. P. Rule 15.

Here, it is unclear when Mr. Kowalski formally served his Answer, but it is dated June 1, 2010.  Assuming Mr. Kowalski served his Answer on that date, Rule 15(a)(1)(A) does not apply because his Amended Answer was served and filed more than 21 days later (June 30, 2010).  [Compare Docs. No. 5 and 7]

Further, Rule 15(a)(1)(B) does not apply, as it only applies to pleadings that require a responsive pleading.  Mr. Kowalski's Answer did not require a responsive pleading.  See Fed. R. Civ. P. 7(a)(7) (stating that a reply to an answer is only a pleading "if the court orders one"); see also Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1399 (7th Cir. 1991) ("The Federal Rules do not permit a response to an answer that does not contain a counterclaim").

Accordingly, neither Rule 15 nor any other authority allowed Mr. Kowalski to file his Amended Answer without leave of court.  Therefore, the court should strike Mr. Kowalski's Amended Answer.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should strike Mr. Kowalski's Amended Answer in its entirety.  The Amended Answer is premature, at best, and is immaterial and prejudicial to Plaintiff's prosecution of this case.  Further, the Amended Answer is argumentative and generally in violation of the Federal Rules of Civil Procedure.  Therefore, it is appropriate to strike the entire Amended Answer, as well as the Answer, and dismiss Mr.

Kowalski from this case at this time.  See Temperato v. Rainbolt, 22 F.R.D. at 59 (stating that "[t]he entire pleading should not ordinarily be stricken but only those portions which are objectionable. However, an entire pleading may be stricken where it is all immaterial or redundant or in gross violation of Rule 8." (citing 2 Moore's Federal Practice, Section 12.21, page 2316)).

        Respectfully submitted,
        VOLTAGE PICTURES, LLC

**DATED**:  July 6, 2010

        By:    /s/ Thomas M. Dunlap
                Thomas M. Dunlap (D.C. Bar # 471319)
                Nicholas A. Kurtz (D.C. Bar # 980091)
                DUNLAP, GRUBB & WEAVER, PLLC
                1200 G Street, NW Suite 800
                Washington, DC 20005
                Telephone: 202-316-8558
                Facsimile: 202-318-0242
                tdunlap@dglegal.com
                nkurtz@dglegal.com
                *Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 6, 2010, a true and correct copy of the foregoing MOTION TO STRIKE AMENDED ANSWER; MEMORANDUM OF POINTS AND AUTHORITIES was sent via first-class mail to the following:

          Jeff Kowalski
          17445 Roosevelt Rd.
          Hemlock, MI 48626

          /s/ Nick Kurtz
          Nicholas A. Kurtz