**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VOLTAGE PICTURES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00873-RMU** |
| | ) | |
| **DOES 1 – 5,000** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO NAME AND SERVE**

**DEFENDANTS [Fed. R. Civ. P. 4(m)]**

I. INTRODUCTION

Plaintiff submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the "Movie"), over the Internet.  At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff has received information from some ISPs sufficient to identify certain Doe Defendants.  However, Plaintiff has not received information from a majority of the ISPs.

Further, Plaintiff anticipates sending correspondence to the Doe Defendants identified by the ISPs in an attempt to either settle with those Doe Defendants before naming and serving them or further ascertain the merits of Plaintiff's case against those certain Doe Defendants.[1]

Therefore, Plaintiff requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case to a reasonable time after Plaintiff has received the identifying information for all Defendants.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period."  *Id.* (emphasis added); see also <u>Panaras v. Liquid Carbonic Industries Corp.</u>, 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended.").  Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause.  *See* <u>Henderson v. U.S.</u>, 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[2]

_____

[1] Because Plaintiff has not yet named or served a Defendant in this case, Plaintiff has not served this statement on any Doe Defendant and, accordingly, does not attach a certificate of service.

[2] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D.Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

---

of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

B.     PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR
       SERVICE.

Plaintiff has good cause why it has not named and served the defendants in this case
within 120 days of filing the complaint.  Plaintiff's complaint was filed on May 24, 2010 and
named Does 1-5,000 as Defendants. [Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take
Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010.
[See Doc. No. 4 and Court Minute Order of 6/25/10]  Thereafter, Plaintiff served approximately
30 subpoenas on the non-party ISPs, requesting various production dates.

Plaintiff has received information responsive to two of its subpoenas.  However, Plaintiff
has not yet received information from the other ISPs, obviously constituting a majority of the
Doe Defendants.  Plaintiff has not received this information because of the number of IP address
requests and certain ISPs' capabilities have required that some of the productions dates be
extended to 2011.

Further, Plaintiff plans on sending correspondence to the Doe Defendants identified by
the ISPs in an attempt to either settle with those Doe Defendants before naming and serving them
or further ascertain the merits of Plaintiff's case against those certain Doe Defendants, as
required by such rules as Fed. R. Civ. P. 11.  However, Plaintiff has not sent out any of these
correspondence because it just received the information from the two subpoenas and obviously
cannot send out correspondence on the remaining subpoenas until Plaintiff receives the
information from the ISPs.

Accordingly, good cause exists as to why Plaintiff has not yet named and served the
Defendants in this case.  First, Plaintiff has not yet received all of the identifying information for
all Doe Defendants.  Second, Plaintiff has not yet been able to ascertain the merits of its claims

against all Doe Defendants so as to ensure Plaintiff does not prosecute frivolous claims.  Further, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.  Therefore, the court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the remaining ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.  Again, none of the Defendants will be prejudiced by the granting of Plaintiff's request.[3]

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the court extend the time by which Plaintiff must name and serve the Defendants in this case.  In an abundance of caution, Plaintiff requests an additional 180 days in which to effectuate service or voluntarily dismiss this case without prejudice.

---

[3] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice.  Fed. R. Civ. P. 4(m).

Respectfully submitted,

VOLTAGE PICTURES, LLC

**DATED**:  September 24, 2010

By:    /s/ Thomas M. Dunlap
       Thomas M. Dunlap (D.C. Bar # 471319)
       Nicholas A. Kurtz (D.C. Bar # 980091)
       DUNLAP, GRUBB & WEAVER, PLLC
       1200 G Street, NW Suite 800
       Washington, DC 20005
       Telephone: 202-316-8558
       Facsimile: 202-318-0242
       tdunlap@dglegal.com
       nkurtz@dglegal.com
       *Attorney for the Plaintiff*