Janyth D. Girard
1017 Market Street
Corvallis, MT 59828
406-961-4191 or 406-381-0840

**UNITED STATES DISTRICT COURT**
**for the**
**District of Columbia**

RECEIVED
OCT 05 2010
Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
| Voltage Pictures, LLC | ) | **Your Case No.** |
|  | ) | Civil Action No. 1:10-cv-00873-RMU |
| Plaintiff, | ) |  |
| _vs. | ) | **MOTION TO QUASH SUBPOENA** |
|  | ) |  |
| DOES 1-5,000 | ) |  |
| Defendant. | ) |  |

I, __Janyth D. Girard__, respectfully request that the Court enter an Order
*(print your full name)*

that does the following: To please Quash the Subpoena in this Civil Matter BECAUSE I am a sixty-five year old widow, working one full time job and two part-time jobs to get by. I just learned that it is most likely that I will be laid off (my full-time job, after 20 years) within the next 2-3 months due to the poor economy. I am really computer illiterate when it comes to downloading anything, but I understand that this action is the result of an illegal download of a movie. I am gone from the house anywhere from 60 to 80 hours a week. I had a young man (Jason Santiago) living in my home for a short time; he had his own computer, wirelessly connected to my computer; he must have done this download, without my consent as I was totally unaware. I have also been informed that since my wireless internet is not protected, anyone within 150 yards of my house can connect. I <u>did not</u> download any movies and if some

were, I was completely unaware of it and certainly would not have approved it. I recently was hospitalized and missed two weeks work from all my jobs. Consequently, I am in debt (mainly due to medical bills) way over my head. I struggle just to pay my rent and utilities. I have no money for an attorney or to pay this lawsuit. Would you please be considerate to Quash (or dismiss) this case against me, as I was totally unaware. This young man no longer lives in my home but I do have a last known address of: 654 Thain Road, Lewiston, ID 83501; sorry, no phone number.

    Thank you so much for your consideration,

Date: September 29, 2010

Janyth D. Girard

_[signature]_

Defendant


cc:   **Sent by Certified Mail to the following:**

    United States District Court   Attn: Clerks Office
    333 Constitution Avenue NW
    Washington, DC  20001


    **Sent by Email to the following:**

    Craig Carter
    **craig.carter@qwest.com**
    Sr. Security Specialist
    1801 California Street, 11th Floor
    Denver, Colorado  80202



Craig Carter
Sr Security Specialist
1801 California Street, 11th Flr
Denver, Colorado 80202
(303) 992 0287

**Qwest**
Spirit of Service℠

September 17, 2010

Jan Girard
1017 Market Street
Corvallis, MT 59828

Dear Jan Girard:

It is Qwest's policy to notify our customers when we receive a subpoena requesting their records in a civil matter. Qwest protects its customers' privacy, but we are required to respond to lawful subpoenas for customer information unless otherwise ordered by the relevant court or regulatory body.

Qwest has been served with a subpoena from Nicholas A Kurtz of the law firm Dunlap, Grubb & Weaver, PLLC; regarding the civil case, **Voltage Pictures, LLC v. Does 1 – 5,000**. The subpoena requires Qwest to produce the name, address, user name, and activity log of the Qwest customer assigned the IP address **71.32.60146 on 5/09/10 at 19:32:53 UTC**. Qwest's records reflect that you were assigned that IP address on the date and time specified.

Qwest is required by law to respond to the subpoena and furnish the records requested on or before **September 30, 2010**.

If you have any objections to the subpoena, please notify me as soon as possible of the objection, but no later than close of business on the above date. You will also need to file your objections with the court on or before the date specified to prevent the release of your records pursuant to the subpoena. The case in which the subpoena was issued is case number: **1:10-cv-00873-RMU , filed in the United States District Court for the District of Columbia.** For your reference, I am enclosing a copy of the subpoena issued to Qwest.

**If you have any questions regarding the subpoena, please direct your questions to attorney Nicholas A Kurtz, Dunlap, Grubb & Weaver, PLLC at: (877) 223-7212, or by e-mail to: subpoena@dgwlegal.com..**

Regards,

Craig Carter

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| Voltage Pictures, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-00873-RMU |
| DOES 1-5,000 | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Qwest, c/o CT Corporation System, 1015 15th Street, NW, Suite 1000, Washington, DC 20005; 202-572-3100

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 10/04/2010 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/03/2010

*CLERK OF COURT*

OR _____

_____   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Plaintiff___
Voltage Pictures, LLC _____ , who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com



AO 88B (Rev 06/09) Subpoena to Produce Documents Information, or Objects or To Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).