UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
_____
)
VOLTAGE PICTURES, LLC )
)
Plaintiffs, )
) CIVIL ACTION NO. 1:10-cv-00873-RMU
v. )
)
DOES 1-5,000)
)
Defendants. )
_____)

**MOTION OF NONPARTIES TO QUASH SUBPOENA**
Nonparty Margaret Wenzek hereby respectfully request that this Court
quash the subpoena purportedly served upon Bresnan Communications,
LLC, or in the alternative declare that no valid subpoena has properly
been served upon the Margaret Wenzek pursuant to Fed. R. Civ. P. 45.

As grounds therefore, Margaret Wenzek state as follows:

1. Margaret Wenzek lives in the state of Montana. Margaret Wenzek is
not located within, or operates any business within, the District of
Columbia or within 100 miles of this Court.

2. On or about October 4, 2010, plaintiff Voltage Pictures LLC,
through counsel, purported to serve on Bresnan Communications a
subpoena by mail, a copy of which is attached hereto as Exhibit A.

3. The purported subpoena does not set forth a place for responding
thereto that is within 100 miles of the residence or place of business
of Margaret Wenzek as required by Fed. R. Civ. P. 45(c)(3)(B)(iii).

4. Finally, and most importantly, the purported subpoena would require
that Bresnan Communications disclose to plaintiffs a list of persons
who have downloaded certain content or information of public interest,
on a matter of ongoing intense political debate, despite these
persons' privacy interest in avoiding such disclosure and despite
their legitimate expectation of privacy in anonymously accessing
and/or downloading information of interest to them from the Internet.
In addition to being unduly burdensome and unfair to Margaret Wenzek,
this request raises concerns of tremendous constitutional
significance, that should not be resolved lightly or without careful
analysis of their implications. The Supreme Court has repeatedly
reaffirmed the constitutional right to speak anonymously, see, e.g.,
MacIntyre v. Ohio Elections Commission, 514 U.S. 334, 342 (1995), and
at least one court has recognized the importance of protecting



**RECEIVED**

OCT 29 2010

Clerk, U.S. District and
Bankruptcy Courts

anonymous speech in the Internet context. See ACLU v. Miller, 977 F. Supp. 1228, 1231 (N.D. Ga. 1997).

**Conclusion**
The subpoena must be quashed because it has not been properly served, because it violates the geographic limitations of Rule 45, and because it impose an undue burden on Bresnan Communications and Margaret Wenzek that raises significant constitutional questions. More fundamentally, they must be dismissed because they are in aid of an underlying case that itself must be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and mootness. It is improper to impose on a third party the burden of any subpoena – particularly one that raises a host of thorny privacy issues – in aid of a case that does not belong in this Court in the first place.

Respectfully submitted,


/s/
MARGARET WENZEK

3626 5th Ave. So.
Great Falls, MT 59405

Dated: October 27, 2010

**Certificate of Service**
I hereby certify that on October 27, 2010, I caused true copies of the above document to be sent to counsel for Plaintiffs, by USPS.

_____
Margaret Wenzek

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the

District of Columbia

| Voltage Pictures, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:10-cv-00873-RMU |
| DOES 1-5,000 | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Bresnan Communications, LLC, Attn: Custodian of Records, One Manhattanville Road, Purchase, NY 10577
Fax: 914-641-3435

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place: Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 01/31/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/21/2010

*CLERK OF COURT*

OR _____ (Attorney's signature)

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiff__
Voltage Pictures, LLC _____, who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel. 877-223-7212, Fax: 866-874-5101, email: subpoena@dgwlegal.com