**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VOLTAGE PICTURES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00873-RMU** |
| | ) | |
| **DOES 1 – 5,000** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NOS. 15, 16]**

TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ......................................................................................................................2

      A. STANDARDS ON MOTIONS TO QUASH..................................................................3

      B. DOE DEFENDANTS' ARGUMENTS ARE MISPLACED..........................................5

           1. Even assuming Doe Defendants have standing to object to the service of the

           subpoenas, Doe Defendants' arguments are severely flawed .......................................5

           2. Doe Defendants have not, and cannot, demonstrate any undue burden on them ......9

           3. Doe Defendants have not, and cannot, demonstrate that the information sought is

           privileged ....................................................................................................................9

           4. The merits of Doe Defendants' defenses are not at issue on a motion to quash......11

III. CONCLUSION................................................................................................................12

TABLE OF AUTHORITIES

**Cases**

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) ...................................................4

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ..........................................10

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ...........................................10

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) ...................................13

Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278

      (D.S.D. Nov. 4, 2009) ........................................................................................................3

Flatow v. Islamic Republic of Iran, 196 F.R.D. 203 (D.D.C. 2000).............................................12

Fonovisa, Inc. v. Does 1-9, 2008 WL 919701 (W.D. Pa.)...................................................... 4-5, 12

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .................................................................................10

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017 (Fed. Cir. 1986) .................................4

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961)............................................4

Ice Corp. v. Hamilton Sundstrand Corp., 2007 WL 1364984 (D. Kan. May 9, 2007)....................8

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008).......................................10

Jett v. Penner, 2007 WL 127790 (E.D. Cal. January 12, 2007).......................................................8

Johnson v. Gmeinder, 191 F.R.D. 638 (D. Kan.2000) ................................................................ 3-4

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ..............................13

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .......13

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984).............................4

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007)........................................4

Premier Election Solutions, Inc. v. Systest Labs Inc.,

      2009 WL 3075597 (D. Colo. September 22, 2009)...........................................................7

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ........................10, 11

Thomas v. Marina Assocs., 202 F.R.D. 433 (E.D. Pa.2001) ...........................................................4

Tubar v. Clift, 2007 WL 214260 (W.D. Wash. January 25, 2007).................................................8

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) .........13

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) .................................13

U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17 (D. Maine 2010)...................................................8

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) ................................................................10

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979)......................................................4

U.S. v. Kennedy, 81 F. Supp. 2d 1103 (D. Kan. 2000) ................................................................10

Walker v. Center for Food Safety, 667 F.Supp.2d 133 (D.D.C. 2009) (Collyer, J.) .......................7

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)...................................13

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) ................................3

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) .....................4

Windsor v. Martindale, 175 F.R.D. 665 (D. Colo.1997) ..............................................................3

**Statutes**

Fed. R. Civ. P., Rule 26 ...............................................................................................................3

Fed. R. Civ. P., Rule 45 ........................................................................................................3, 6, 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff submits this opposition to two motions filed as purported motions to quash that

raise issues not previously presented by numerous other motions to quash/motions to dismiss, for

which Plaintiff has already filed an opposition.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who

have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the

"Movie"), over the Internet.  At this point, Plaintiff has only been able to identify the Doe

Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The

only way that Plaintiff can determine Defendants' actual names is from the Internet Service

Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet

access, as this information is readily available to the ISPs from documents they keep in the

regular course of business.

Plaintiff's complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants.

[Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f)

Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court

Minute Order of 6/25/10]  Thereafter, Plaintiff served approximately 30 subpoenas on the non-

party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff

identified an infringing IP address on the date and time of alleged infringement.  Various Doe

Defendants moved to quash the subpoenas and dismiss the case primarily based on lack of

personal jurisdiction and misjoinder.  [See Doc. Nos. 11, 12]  On October 18, 2010, Plaintiff

filed a consolidated opposition in response to the arguments raised by those moving Doe

Defendants.  [Doc. No. 13]

Subsequently, additional Doe Defendants have filed motions to quash claiming that the

subpoenas are invalid pursuant to Fed. R. Civ. P. Rule 45.  As of the filing of this opposition,

Plaintiff's counsel is aware of two such motions that have been filed and placed on the Court's

docket – Doc. No. 15 (motion to filed by Margaret Wenzek) and Doc. No. 16 (filed by Audrey

Kalblinger).[1]  Because the motions do not provide good cause for quashing the subpoenas,

Plaintiff requests that the motions and any similar future motions be denied in their entirety,

without the need for Plaintiff to file any additional opposition.


II. ARGUMENT

The Doe Defendants advance a number of arguments in their motions: (1) the subpoenas

are improper because they are beyond the geographical scope set forth in Fed. R. Civ. P. Rule 45,

(2) the subpoenas subject Doe Defendants to undue burden, (3) the subpoenas require disclosure

of privileged or protected matter, and (4) the Doe Defendants did not engage in the alleged

activity.[2]  However, all of these arguments are misplaced.

---

[1] Plaintiff has received additional motions to quash/motion to dismiss similar to the first set making personal jurisdiction and one motion to quash similar to the two at issue in this opposition, but these motions have not appeared on the Court's electronic docket.  As requested in Plaintiff's prior opposition, Plaintiff requests that the Court consider its opposition addressing these arguments apply to all pending and future similar motions.

[2] Ms. Kalblinger's motion [Doc. No. 16] does not actually present argument or analysis; rather, it merely cites the language of Fed. R. Civ. P. Rule 45(c)(3) as its grounds.

A.  STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule

26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c)

authorizes district courts, upon a showing of "good cause" by "a party or by the person from

whom discovery is sought" to "make any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3)

provides that the court may quash or modify the subpoena if it requires disclosure of privileged

or other protected matter, if no exception or waiver applies, or if it subjects a person to undue

burden.

"Ordinarily a party does not have standing to object to a subpoena served on a non-party,

but a party does have standing to object to a subpoena served upon a non-party which requires

the production of privileged information."  Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-

102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990

F. Supp. 1138, 1141 (E.D. Mo. 1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D.

18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should

generally be made by the person from whom the documents or things are requested." [citing 9A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the

grounds that it requires disclosure of information "privileged at common law or by statute or

rule" and not any other grounds.  See Windsor v. Martindale, 175 F.R.D. 665, 668 (D.

Colo.1997).  "The general rule is that a party has no standing to quash a subpoena served upon a

third party, except as to claims of privilege relating to the documents being sought."  Id. (citation

omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D. Kan.2000); Thomas v.

Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa.2001); Novak v. Capital Mgmt. & Dev. Corp.,

241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of

privilege the Defendants would have had to show some reason to believe that the subpoena

threatened the disclosure of information that was protected by a privilege that *these* Defendants

could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10

(D.D.C. 2009) (Facciola, J.) (holding that District of Columbia Department of Corrections had

no right to claim work product or attorney-client privilege with regard to United States

Attorney's Office's files relating to former corrections officer's criminal prosecution for

assaulting inmate, and thus did not have standing to object to subpoena served on USAO by

officer seeking files in connection with officer's civil rights action against Department).

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and

the "burden is particularly heavy to support a 'motion to quash as contrasted to some more

limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766

(D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus.

Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290

F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395,

403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought,

the requesting party's need, and the potential hardship to the party subject to the subpoena."

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing

Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a defendant's defenses are

not at issue.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f

4

Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the

appropriate time, any and all defenses, and may seek discovery in support of its defenses").

B.  DOE DEFENDANTS' ARGUMENTS ARE MISPLACED.

1.  Even assuming Doe Defendants have standing to object to the service of the

subpoenas, Doe Defendants' arguments are severely flawed.

Doe Defendants argue that the subpoenas are invalid.  Specifically, Ms. Wenzek argues

that "1. Margaret Wenzek lives in the state of Montana. Margaret Wenzek is not located within,

or operates any business within, the District of Columbia or within 100 miles of this Court…3.

The purported subpoena does not set forth a place for responding thereto that is within 100 miles

of the residence or place of business of Margaret Wenzek as required by Fed. R. Civ. P.

45(c)(3)(B)(iii)." [Doc. No. 15 at p. 1][3]  Additionally, Ms. Kalblinger cites Fed. R. Civ. P. Rule

45(c)(3)(A)(ii) as grounds for her motion.  [Doc. No. 16]

However, Doe Defendants' arguments are severely flawed.  First, Doe Defendants

misunderstand the basic premise of the subpoenas.  The subpoenas have been issued to the ISPs,

not the Doe Defendants.  Again, the only way that Plaintiff can obtain the information related to

the Doe Defendants, including name, address, and corresponding IP address, is from the ISPs.

The ISPs are the ones that have to produce documents and information in response to the

subpoena, not the Doe Defendants.  Accordingly, the entities with standing to object on service

grounds – the ISPs – have not done so.  The Doe Defendants do not have standing to object to

the form of the subpoena, only whether it requires production of documents or information for

which the Doe Defendants have a privileged interest.

---

[3]  Ms. Kalblinger also cites Fed. R. Civ. P. Rule 45(c)(3)(B)(iii) as grounds for her motion.
[Doc. No. 16]

Even assuming the Doe Defendants somehow have standing to object to how the subpoenas were served on the ISPs, the Doe Defendants' arguments are severely flawed. The two provisions of Rule 45 cited by the Doe Defendants for quashing the subpoenas on service grounds only apply to subpoenas that require a witness to *travel* more than 100 miles. The provisions relevant to the topic here are:

> *When Required.* On timely motion, the issuing court must quash or modify a subpoena that: … (ii) requires a person who is neither a party nor a party's officer *to travel more than 100 miles* from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Rule 45(c)(3)(A)(ii) (emphasis added).

> When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: … (iii) a person who is neither a party nor a party's officer to incur substantial expense *to travel more than 100 miles* to attend trial.

Rule 45(c)(3)(B)(iii) (emphasis added).

First, again, the subpoenas at issue here were directed and sent to the ISPs.[4] The subpoenas do not require any action from the Doe Defendants and definitely do not require the Doe Defendants to travel anywhere. Overall, it is completely irrelevant where the Doe Defendants live in relation to where the subpoena was served or where the documents are to be produced.

Second, because the subpoenas only request the production of documents, and not the personal appearance of anyone for deposition or trial, no one is required to travel anywhere. While Rule 45 does not prescribe an exact method by which a subpoenaed witness must produce

---

[4]  Doe Defendants have merely received a copy of the subpoena along with notice from their ISPs that their information is being subpoenaed by Plaintiff.

documents, it does state that the witness need not actually appear at the place requested for

production:

> Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

Rule 45(c)(2)(A).  Therefore, neither Rule 45(c)(3)(A)(ii) nor Rule 45(c)(3)(B)(iii) justify

quashing the subpoenas because no travel is required – the documents and information can be

produced by mail, fax, or email.

Lastly, courts have continually enforced subpoenas served outside of the issuing district

court and beyond 100 miles from the place called for production.  As stated in this Court:

> Counsel's argument that the subpoena is invalid because it requires CFS to produce documents at a location "well over the 100 mile limit set forth in Rule 45(c)(3)(A)(ii)" also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents "need not appear in person at the place of production or inspection." See Fed.R.Civ.P. 45(c)(2)(A). The subpoena can be enforced.

Walker v. Center for Food Safety, 667 F.Supp.2d 133, 138 (D.D.C. 2009) (Collyer, J.).

Similarly, in Premier Election Solutions, Inc. v. Systest Labs Inc., 2009 WL 3075597 (D.

Colo. September 22, 2009), that court stated:

> [t]he court finds Rule 45(c)(3)(A)(ii)'s 100-mile range limitation inapplicable to the case at bar. First, as stated in the subpoena itself, '[a] person commanded to produce documents ... need not appear in person at the place of production ... unless also commanded to appear for a deposition, hearing, or trial.' Fed.R.Civ.P. 45(c)(2)(A). Nonparty iBeta has not been commanded to appear for a deposition, hearing or trial in this matter, but only to produce documents. Furthermore, iBeta's production of documents thus far in response to SysTest's subpoena has been by email and regular mail (Resp., Ex. 20, Attach.A), and there is no indication that iBeta intends to travel anywhere to produce any other documents. Since the subpoena does not require any representative of iBeta to travel anywhere, much less beyond Rule 45's 100-mile limitation, iBeta is not excused from obeying the subpoena on this basis.

Id., 2009 WL 3075597, *3.

Finally, in <u>U.S. Bank Nat. Ass'n v. James</u>, 264 F.R.D. 17, 19-20 (D. Maine 2010), that court stated:

> Finally, the defendant invokes Fed.R.Civ.P. 45(b)(2)(B) as the basis for quashing the subpoena directed to 'a financial institution in Cambridge, Massachusetts which is more than 100 miles outside the district [of Maine].' Motion at [3]. But, that subsection of the rule only provides that a subpoena may be served 'outside that district but within 100 miles of the place specified for the ... production[.]' The subsection of the rule applicable to a motion to quash provides that a subpoena may be quashed if it requires a person to travel more than 100 miles from where he or she is employed, resides, or regularly transacts business in person. Fed.R.Civ.P. 45(c)(3)(A)(ii). By contrast, the subpoenas at issue only require the production of documents, and those documents can be 'produced' at the specified address in Portland, Maine, by mail. Indeed, Rule 45(c)(2)(A) specifically provides that a person commanded to produce documents 'need not appear in person at the place of production.' [¶] Even assuming that the defendant has standing to raise this objection to the subpoena, a majority of the courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced.

<u>Id.</u>, 264 F.R.D. at 19-20 (citations omitted); <u>see also</u> <u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, 2007 WL 1364984, at *3 (D. Kan. May 9, 2007) (quoting <u>Stewart v. Mitchell Transport</u>, 2002 WL 1558210, at *3 (D. Kan. July 8, 2002) (declining to quash the subpoena at issue because the subpoenas did not require any of the entities served to travel in violation of Rule 45's 100-mile limitation)); <u>Tubar v. Clift</u>, 2007 WL 214260 (W.D. Wash. January 25, 2007) (holding that even though Rule 45(b)(2) requires service within 100 miles of the place of production or copying of records, a subpoena served in New Jersey for the production of documents in Washington nonetheless was enforced because, pursuant to Rule 45(c)(2)(A), no individual was required to escort the requested records personally); <u>Jett v. Penner</u>, 2007 WL 127790 (E.D. Cal. January 12, 2007) (a request for a file was not quashed, although the file was located more than 100 miles away because the request was only for the file itself and there was no requirement that a nonparty travel more than 100 miles in order to supply it).

2. <u>Doe Defendants have not, and cannot, demonstrate any undue burden on them.</u>

Doe Defendants argue that the subpoenas impose an undue burden upon them.  However, this argument is also misplaced.  Again, the subpoenas are not directed to them and do not require them to do anything in response to them.

Here, Plaintiff has already demonstrated good cause for the subpoena in that the information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by issuing subpoenas to the ISPs.  Therefore, Plaintiff's need for the identifying information is great, as the information is critical to the prosecution of this lawsuit.

In contrast, the burden on the moving Doe Defendants is slight, if there is any at all.  The moving Doe Defendants have not shown any annoyance, embarrassment, oppression, or any undue burden or hardship they would incur if the information is divulged to Plaintiff.  Additionally, Doe Defendants cannot claim that the subpoena is unreasonable or oppressive, because they are not the ones responding to the subpoenas.  Lastly, Doe Defendants have not shown why quashing the subpoenas is necessary when other, more limited methods are available to address any concerns.

3. <u>Doe Defendants have not, and cannot, demonstrate that the information sought is privileged.</u>

Doe Defendants argue that the subpoenas request privileged or confidential information and that Doe Defendants have the constitutional right to speak anonymously.  However, such an argument has no basis in law or in fact for this case.  First, it must be noted that these two

9

moving Doe Defendants have actually divulged the very information they seek to keep private –

their names and addresses.  Therefore, they have waived any argument that this information is

privileged or private.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the

Internet to distribute or download copyrighted music without authorization is not entitled to have

their identity protected from disclosure under the First Amendment. See Interscope Records v.

Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-

19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue

was that doe defendant's alleged infringement of copyrights and that "courts have routinely held

that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is

the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001)

("computer users do not have a legitimate expectation of privacy in their subscriber information

because they have conveyed it to another person—the system operator"); Sony Music Entm't,

Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); Arista

Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000); U.S. v. Kennedy, 81 F.

Supp. 2d 1103, 1110 (D. Kan. 2000) (stating that defendant's Fourth Amendment rights were not

violated when an ISP turned over his subscriber information, as there is no expectation of

privacy in information provided to third parties).

While some courts have held that the anonymous downloading and distribution of music

over the Internet constitutes protected First Amendment speech, the protection afforded such

speech is limited and gives way in the face of a *prima facie* showing of copyright infringement.

10

"Defendants' First Amendment right to remain anonymous must give way to the plaintiffs' right

to use the judicial process to pursue what appear to be meritorious copyright infringement

claims." Sony Music Entm't, Inc. v. Does 1-40, *supra*, 326 F. Supp. 2d at 567.

Here, Plaintiff has made a *prima facie* case of copyright infringement in this case, and

Plaintiff's need for disclosure outweighs the First Amendment privacy interests here. See

Complaint, ¶¶ 9-12; Sony Music Entm't, Inc. v. Does 1-40, *supra*, 326 F. Supp. 2d at 565

(stating that plaintiffs made concrete showing of a prima facie claim of copyright infringement

by alleging valid ownership of copyrights and "that each defendant, without plaintiffs' consent,

'used, and continues to use an online media distribution system to download, distribute to the

public, and/or make available for distribution to others' certain of the copyrighted recordings").

Further, Plaintiff has already demonstrated good cause for the subpoena in that the

information is absolutely necessary in this case so that Plaintiff can ascertain the true identities of

the alleged infringing Doe Defendants and that Plaintiff can only obtain the information by

issuing subpoenas to the ISPs.  Additionally, Plaintiff is only seeking limited information

sufficient to identify each Doe Defendant, and Plaintiff will only use that information in this

lawsuit.  Therefore, the Doe Defendants are protected from any improper disclosure or use of

their information.

4.   The merits of Doe Defendants' defenses are not at issue on a motion to quash.

Some Doe Defendants state that they never downloaded Plaintiff's copyrighted movie or

provide some other defense why they should not be held liable for the alleged infringement.

Other Doe Defendants, even if not expressly stated, make this implication that they did not

engage in the infringing activity.  However, these statements amount to nothing more than these

Doe Defendants' potential defenses in this case.

The merits of this case are not relevant to the issue of whether the subpoena is valid and

enforceable.  The court typically only examines the relevance, the need of the party for the

documents, the breadth of the document request, the time period covered by it, the particularity

with which the documents are described, and the burden imposed to determine whether there is

an "undue burden."  Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000),

*vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As

shown below, there is no burden on the Doe Defendants, and Plaintiff's need for the documents

is critical.

Further, as stated above, the Doe Defendants only have standing to quash the subpoenas

to the extent they require disclosure of privileged or other protected matter.  To the extent Doe

Defendants' arguments infer that as a ground for quashing the subpoenas, it is addressed herein.

Overall, even though the Doe Defendants may have valid defenses to this suit, such defenses are

not at issue at this stage of the proceedings.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701,

*8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the

ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in

support of its defenses").


III. CONCLUSION

Overall, Doe Defendants have not demonstrated any reason to quash the subpoenas.  As

fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court,

courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to

12

this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005

(JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No.

04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-

386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093

(CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04

2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d

1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants

from the non-party ISPs, especially when considering that these ISPs typically retain user

activity logs containing the information sought for only a limited period of time before erasing

the data.  Therefore, the court should deny these motions and any similar future motions and at

least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the

copyright infringement and irreparable harm in this case.

                        Respectfully Submitted,

                        VOLTAGE PICTURES, LLC

**DATED**:  November 9, 2010

                 By:    /s/
                        Thomas M. Dunlap (D.C. Bar # 471319)
                        Nicholas A. Kurtz (D.C. Bar # 980091)
                        DUNLAP, GRUBB & WEAVER, PLLC
                        1200 G Street, NW Suite 800
                        Washington, DC 20005
                        Telephone: 202-316-8558
                        Facsimile: 202-318-0242
                        tdunlap@dglegal.com
                        nkurtz@dglegal.com
                        *Attorney for the Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NOS. 15, 16] was sent via first-class mail as follows:

Margaret Wenzek
3626 5th Ave. So.
Great Falls, MT 59405
*Doe Defendant*

Audrey Kalblinger
15006 North Freya St.
Mead, WA 99021
*Doe Defendant*

/s/
Nicholas A. Kurtz