UNITED STATES DISTRICT COURT

For the

District of Columbia
_____

| | |
|---|---|
| Voltage Pictures, LLC,<br>Plaintiff | § |
| | § |
| | § |
| V. | § |
| | § |
| Quest Customer (DOE XXXX) | § |
| 67.40.214.85 | § |
| Defendant. | § |

Civil Action No.

1:10-cv-00873-RUM

Motion to Quash Subpoena

*(signature)* Ricardo M. Urbina

*leave to file*
*GRANTED*
*10/26/10*

    NOW COMES the Defendant, by and moves this Court for an order to Quash Subpoena. In support thereof, the Plaintiff alleges the following:

    1. The Plaintiff has not informed the Defendant of any violations to which this subpoena was requested. From the information in the subpoena and information the Defendant has been able to obtain, the Plaintiff is alleging the Defendant has violated copyright materials over the internet.

    2. The Defendant advises the court, if the United States District Court for the District of Columbia takes jurisdiction, it will place an extreme financial burden on the Defendant. The Defendant will not be able to defend him/her self.

    3. The Defendant is ready to submit evidence, that on the date and time of the alleged act, occupants of the house were out of state, (original receipts with the date, location and name), and all others at a meeting where it is documented and witnessed by over 100 witnesses they were taking place in said meeting, (out of town).

    4. With the defendant's residence on the west coast of the United States, it is not financially feasible and the defendant would not be able to produce said witnesses in the District of Columbia.

    5. The defendant has no ties and/or business with the District of Columbia and could not travel with an attorney due to the extreme cost. This would prevent the defendant from lawfully attempting to recover attorney fees.

    6. The defendant argues the plaintiff is applying a shotgun effect where defendant does not have the legal right/ability to defend him/her self.

    7. The defendant did not give permission, participate, have knowledge or contribute to the allegations of violation of copyright material and denies all accusations and knowledge of.

    8. I have included a temporary mailing address and used my assigned unique Quest number for identification. This action was taken to prevent the Plaintiff from receiving the Defendants information by public disclosure prior to the Court issuing a ruling.

    WHEREFORE, the Defendant prays this Court that it issue an order Order to Quash the Subponea for Quest Customer 67.40.214.85.

This the 21st day of September, 2010.

Respectfully Submitted

Quest Customer 67.40.214.85

P.O. Box 1300
Milton, WA 98354

Craig Carter
Sr Security Specialist
1801 California Street, 11th Flr
Denver, Colorado
80202



It is our Company policy to notify our customer when we have received a subpoena requesting their records in civil matters.

Qwest has been legally served with a subpoena from Nicholas A Kurtz; regarding the civil case, **Voltage Pictures, LLC vs. Does 1 – 5,000 Defendants**. The subpoena requires Qwest to produce copies of any Internet traffic for **67.40.214.85 on 4/25/10 at 18:04:56 UTC.**

As required by law, to the extent we have these records; we will furnish the records on or before September 30, 2010.

If you have any objections to this request, then you will need to file them with the court prior to the date Qwest provides them. This case was filed in the United States District Court for the District of Columbia, and the case number is 1:10-cv-00873-RMU. I'm enclosing a copy of the subpoena.

**If you have any questions regarding this subpoena, you will need to direct your questions to Nicholas A Kurtz, Grubb & Weaver, PLLC at 877 223 7212, or by email to subpoena@dgwlegal.com..**

Very truly,

*Craig Carter* (signature)

Craig Carter

UNITED STATES DISTRICT COURT                          Civil Action No.

For the                                               1:10-cv-00873-RUM

District of Columbia

| | |
|---|---|
| Voltage Pictures, LLC, | § |
| Plaintiff | § |
| | § |
| V. | § |
| | § |
| Quest Customer (DOE XXXX) | § |
| 216.160.106.134 | § |
| Defendant. | § |

Motion to Quash Subpoena

*Ricardo M. Urbina*

*leave to file GRANTED*
*10/26/10*

NOW COMES the Defendant, by and moves this Court for an order to Quash Subpoena. In support thereof, the Plaintiff alleges the following:

1. The Defendant has now received two notices from his internet provider that said provider has been served with a second subpoena with a different IP Address regarding the above civil action.

2. The Defendant, as noted in the previous Motion to Quash Subpoena under line #3 and in this motion under line 5 was out of town when the alleged action took place.

3. The Defendant has not had any knowledge of how this copying procedure was done prior to being notified of the pending subpoena. Upon research, the Defendant was able to learn from a research article from the University of Washington, how it works and several different reasons for false identifications. See insert below.

   "Malware and open access points: There are other ways
   in which innocent users may be implicated for copyright
   infringement. For example, their computer might be running
   malware that downloads or hosts copyrighted content,
   or their home network might have an open wireless
   access point that someone else uses to share copyrighted
   content. We do not consider these further in this paper
   since, in these cases, the user's IP address is involved in
   the sharing of copyrighted content **(even if the user is innocent).**
   Our previous examples show how it is possible
   for a user's IP address to be incorrectly accused of copyright
   violation even if no computer using that IP address"
   is sharing copyrighted content at the time of observation."

4. The Defendant has now removed all wireless access points to prevent unauthorized use.

5. The Defendant argues his computer was used by unauthorized individual(s), while the Defendant was away.

6. The Plaintiff has not informed the Defendant of any violations to which this subpoena was requested. From the information in the subpoena and information the Defendant has been able to obtain, the Plaintiff is alleging the Defendant has violated copyright materials over the internet.

# UNITED STATES DISTRICT COURT

## FOR THE  DISTRICT OF COLUMBIA

| | |
|---|---|
| Voltage Pictures, LLC )<br><br>                    )<br>          Plaintiff, )<br>                    )<br> v.                 )<br>                    )<br> Does 1 - 5000      )<br>                _pro se_ )<br> John Doe #xxxx     )<br>  and multiple John Does )<br>                    )<br>          Defendants, ) | Civil Action No. (or Docket No.)<br><br> 1:10-cv-00873-RMU |

_Ricardo M. Urbina_

leave to file GRANTED
10/26/10

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

1

Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

3. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery.  See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies).  See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

4. Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack personal jurisdiction.  Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and

2

unfairness that the personal jurisdiction requirements exist to prevent. <u>See</u>
<u>International Shoe</u> at 311. <u>See also</u> <u>U.S. Const. amend. XIV.</u>

5. Allowing Plaintiff to proceed with their complaint against the defendant violates
due process as it offends "traditional notions of fair play and substantial justice"
as guaranteed by the U.S. Constitution. <u>See</u> <u>International Shoe Co. v.</u>
<u>Washington</u>, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R.
Civ. P. 20 which states:

   "Persons . . . maybe joined in one action as defendants if:

   (A) any right to relief is asserted against them jointly, severally, or in
   the alternative with respect to or arising out of the same
   transaction, occurrence, or series of transactions or occurrences;
   and

   (B) any question of law or fact common to all defendants will arise
   in the action."

7. Logically, many separate cases that would not be proper for joinder will share
questions of law, but by the very nature of the available defenses to this copyright
infringement, it follows that each defendant is likely to have different facts in
their defense, and therefore have different questions involving different areas of
law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged
transactions of copyright infringement. <u>See</u> <u>e.g.</u>, <u>LaFace Records, LLC v. Does 1-</u>

<u>38</u>, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of

violation does not allow for joinder of defendants); <u>BMG Music v. Does 1-4</u>,

2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed

defendants where only connection was they used the same ISP); <u>Interscope</u>

<u>Records v. Does 1-25</u>, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004)

(magistrate recommended severance of multiple defendants where they used the

same ISP and P2P network for copyright infringement); <u>Twentieth Century Fox</u>

<u>Film Corp., et al., v. Does 1-12</u>, No. C-04-04862 (N.D. Cal Nov. 16, 2004)

(copyright suit against twelve John Doe defendants, court permitted discovery of

first Doe defendant but stayed case as to remaining Does until plaintiff could

demonstrate proper joinder).

9.  Based on the available defenses of all defendants, and separate set of facts and
    law surrounding, each potential defendant, the Plaintiff has impermissibly joined
    multiple defendants in violation of Rule 20, Fed. R. Civ. P.


WHEREFORE, the undersigned Defendant prays that this honorable court

dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal

jurisdiction, or in the alternative, to remove the case from this court to a proper location,

and the undersigned moves for a severance of all Defendants, or in the alternative, the

undersigned moves for a severance of the case against him/her personally from the rest of

the Defendants.

The undersigned proposes an order similar in form to: "The case against "John

Doe #4000 (identity protected)" is hereby dismissed."

Dated this 1      day of   Septmber        , 2010          .

                                    Respectfully submitted,

                                     X _____, *pro se*

Name:                     Does 1 - 5000

Address Ln1:         1801 California Street

Address Ln2:

City, State, Zip:    Denver         CO         80202

Phone Number:      John Doe #xxxx

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Voltage Pictures, LLC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Does 1 - 5000 | ) |
| | ) |
| *pro se* | ) |
| John Doe #xxxx | ) |
| and multiple John Does | ) |
| | ) |
| Defendants, | ) |

Civil Action No. (or Docket No.)

1:10-cv-00873-RMU

*Ricardo M. Urbina*

*leave to file*
*GRANTED*
*10/26/10*

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on ___Qwest_____, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown.  See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3.  Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery.  See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies).  See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow

general jurisdiction in any federal court against any person across the country, or

the world, so long as the claim involved a John Doe defendant and internet use,

and such precedent violates due process as it offends "traditional notions of fair

play and substantial justice" as guaranteed by the U.S. Constitution. See

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the

subpoena requesting subscriber information relating to my IP address issued against the

Internet Service Provider in the instant case, and suspend discovery pursuant to the local

rules.

The undersigned would respectfully request an order protecting his identity,

ubstantially in the form of "The dubpoena seeking information from

regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this  1    day of    Septmber    , 20 10    .

Respectfully submitted,

X_____ , *pro se*

Name:                             Does 1 - 5000

Address Ln1:                      1801 California Street

Address Ln2:

City, State, Zip:     Denver          CO          80202

Phone Number:            John Doe #xxxx

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Voltage Pictures, LLC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Does 1 - 5000 | ) |
| | ) |
| John Doe #xxxx | ) |
| and multiple John Does | ) |
| | ) |
| Defendants, | ) |

Civil Action No. (or Docket No.)

1:10-cv-00873-RMU

*,pro se*

*Ricardo M. Urbina*
Leave to file GRANTED
10/26/10

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to

be issued in the above styled case, and files this motion not to make an appearance, but to

contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with

   the party failing to make disclosure or discovery, namely, his internet service

   provider, who provided notice of the underlying action and the expressed

   opportunity to file a motion to quash a subpoena.                                   .

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party,

   pursuant to Rule 37(2).

4.  The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5.  The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. See, International Shoe Co. v. Washington, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for  protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this 1     day of     Septmber     , 20 10          .

Respectfully submitted,

X _____ , pro se
Name:               Does 1 - 5000
Address Ln1:        1801 California Street
Address Ln2:
City, State, Zip:   Denver          CO          80202
Phone Number:       John Doe #xxxx

# United States District Court
## For the
### District of Columbia

RECEIVED

OCT 1 2 2010

Clerk, U.S. District and
Bankruptcy Courts

**Voltage Pictures, LLC**

**Vs.**                          **Civil Action No. 1:10-cv-00873-RMU**

**DOEs 1-5,000**

*leave to file*
*GRANTED*
*10/26/10*

## Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**An Original Subpoena was delivered to:  Qwest, c/o CT Corporation System, 1015 15th Street, NW, Suite 1000, Washington, DC  20005**

**The subpoena commands Qwest to provide electronic documents and records which are connected or associated with the IP Address 97.127.24.109 for the date 5/29/2010 at 02:13:22 UTC.**

I am respectfully requesting that this order be quashed and the records not be released to the plaintiff, Voltage Pictures, LLC due to the fact that my wireless internet system's security has been compromised and any one of dozens of my neighbors may have been downloading material through my IP address.  We are working to fix this problem with our internet security now that it has been detected and have noticed much activity on the system, even when our computers are turned off.  This is what has alerted us to the security problem.  New equipment configurations are expected during October, which should severely limit my neighbor's and passersby's ability to connect via our network.

Furthermore, we do not own or possess and have not owned any of the Plaintiff's films to the best of our knowledge and based upon the offerings that the Plaintiff lists on their website : Voltagepictures.com.

Sincerely,

**Louis R. Carpentier**                          **Oct. 5,2010**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Voltage Pictures, LLC, Plaintiff,

v.

DOES 1-5,000

*pro se*

and multiple John Does

Defendants,

Civil Action No. (or Docket No.)

1:10-cv-00873-RMU

*Recardo M. Urbina*

leave to file GRANTED

10/26/10

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

### Lack of Personal Jurisdiction

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

i

Plaintiff. See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

3. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

4. Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, and immediately the court will lack personal jurisdiction. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and

unfairness that the personal jurisdiction requirements exist to prevent. See

International Shoe at 311. See also U.S. Const. amend. XIV.

5. Allowing Plaintiff to proceed with their complaint against the defendant violates

due process as it offends "traditional notions of fair play and substantial justice"

as guaranteed by the U.S. Constitution. See International Shoe Co. v.

Washington, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R.

Civ. P. 20 which states:

"Persons . . . maybe joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in

the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences;

and

(B) any question of law or fact common to all defendants will arise

in the action."

7. Logically, many separate cases that would not be proper for joinder will share

questions of law, but by the very nature of the available defenses to this copyright

infringement, it follows that each defendant is likely to have different facts in

their defense, and therefore have different questions involving different areas of

law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged

transactions of copyright infringement. See e.g., LaFace Records, LLC v. Does 1-

38, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); BMG Music v. Does 1-4, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); Interscope Records v. Does 1-25, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.


WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

4

**UNITED STATES DISTRICT COURT**

**FOR THE  DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Voltage Pictures, LLC, Plaintiff, )<br>)<br>)<br>)<br>)<br>v.  )<br>)<br>Does 1-5,000 )<br>,pro se  )<br>)<br>and multiple John Does  )<br>)<br>Defendants,  ) | Civil Action No. (or Docket No.)<br><br>1:10-CV-00873- RMU<br><br>*Ricardo M. Urbina*<br>leave to file GRANTED<br>10/26/10 |

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

**Filed Under Penalty of Perjury**

I,  Nicole G. Lipson , the Affiant, am making and filing this affidavit solely in support of disputing jurisdiction in the above styled matter. However, in the event that jurisdiction is found proper, and proper service is effected on the undersigned, and if no supplementary answer is filed by the Defendant within 30 days of service, the intent of this affidavit shall be changed to be considered to be a verified response to the Plaintiff's complaint, negatively averring all claims, and setting forth affirmative defenses. I hereby certify that the following statements are true, and upon being first duly sworn on oath and before a person authorized to take swear and accept such oath, I, the Affiant, sayeth that:

*Personal Jurisdiction*

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in     *Marietta, GA*

3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

## *General Defenses/Affirmative Defenses*

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

```
                                )
                                )
                                )
  Voltage Pictures   Plaintiff, )
         LLC                    )          Civil Action No. (or Docket No.)
                                )
v.                              )          1:10-cv-00873-RMU
      Does 1-5,000              )
                                )
                                )
                       ,pro se  )
                                )
and multiple John Does          )
                                )
                   Defendants,  )
```

### MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on _9/10/2010_____, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2.  The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown.  See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3.  Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4.  After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5.  Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geolocation technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the local rules.

The undersigned would respectfully request an order protecting his identity, ubstantially in the form of "The dubpoena seeking information from regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this 17 day of September, 20 10 .

Respectfully submitted,

_Nicole Glipson_, pro se

Name: NICOLE GLIPSON

Address Ln1: 3845 LAKE Shore Dr. NE

Address Ln2:

City, State, Zip: Marietta, GA 30067

Phone Number: 770 951 7950

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Voltage Pictures, LLC Plaintiff, )<br><br>v.<br>Does 1-5,000 )<br><br>,pro se )<br><br>and multiple John Does )<br><br>Defendants, ) | Civil Action No. (or Docket No.)<br>1:10-cv-00873-RMU<br><br>Ricardo M. Urbina<br>leave to file<br>GRANTED<br>10/26/10 |

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to be issued in the above styled case, and files this motion not to make an appearance, but to contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with the party failing to make disclosure or discovery, namely, his internet service provider, who provided notice of the underlying action and the expressed opportunity to file a motion to quash a subpoena.                  .

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party, pursuant to Rule 37(2).

4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. <u>See</u>, <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for  protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this *17* day of *September*, 20 *10* .

Respectfully submitted,

*Nicole G Lipson* pro se

Name:

Address Ln1:

Address Ln2:

City, State, Zip:

Phone Number:

NICOLE  G. LIPSON

3845 LAke Shore Dr. NE

Marietta, GA 30067

770 951 7950

Dated this 17 day of September, 20 10 .

Respectfully submitted,

X _Nicole Lipson_ pro se

Name: NICOLE G. LIPSON

Address Ln1: 3845 LAKeShore, Dr. NE

Address Ln2:

City, State, Zip: Marietta, GA 30067

Phone Number: 770 951 7950

☐ Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant. Through this malicious software, a user, other than the Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs an operating system (e.g. Linux, Windows Server, etc.) which would allow a bittorent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement. A user, other than the Affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs a Virtual Private Network, Proxy Server, or other such internet traffic re-routing server, and had such system open to multiple users at the time of the alleged infringement. A user, other than the affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **without** security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range. Affiant has no knowledge of the alleged infringement.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection). Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range. Affiant has no knowledge of the alleged infringement.

☐ Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

☐ Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

☐ Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

☑ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection). Affiant has knowledge of the alleged infringement,
but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of
perjury under the laws of the United States of America, that the foregoing is true and
correct. Dated    _9_ / _17_ /20_10_

X _Nicole Gipson_ pro se

Print Name:

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true
before me on this _17th_ day, of _September_, 2010, by _Nicole G Lipson_,
who is personally known to me or who produced a valid state driver's license as
identification and who did take an oath.

**Notary Public - State of** _Georgia_
Printed Name: _Tonya Price_
My Commission No.:
My Commission Expires: _6 / 19 / 2011_

Dated this _17th_ day of _September_, 20 _10_   .

[Notary seal: TONYA PRICE, COMMISSION EXPIRES JUNE 19 2011, (notary seal), COBB CO. GEORGIA, NOTARY PUBLIC]

Respectfully submitted,

X _Nicole Gipson_ , pro se

Name:         _NICOLE G. LIPSON_
Address Ln1:  _3845 LAKEshore DR. NE_
Address Ln2:
City, State, Zip: _Marietta, GA 30067_
Phone Number:  _770 951 7950_

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Voltage Pictures, LLC <br><br> Plaintiff, <br><br> v. <br><br> Kenneth G. Kupke <br> 404 851 1776 *,pro se* <br> and multiple John Does <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. (or Docket No.) <br> ) <br> ) 1:10--cv-00873-RMU <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

*Ricardo M. Urbina*

leave to file GRANTED

10/26/10

## **MOTION FOR PROTECTIVE ORDER**

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to be issued in the above styled case, and files this motion not to make an appearance, but to contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with the party failing to make disclosure or discovery, namely, his internet service provider, who provided notice of the underlying action and the expressed opportunity to file a motion to quash a subpoena.

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party, pursuant to Rule 37(2).

4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. See, International Shoe Co. v. Washington, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this 15    day of    September    , 20 10    .

                                                     Respectfully submitted,

                                          _Kenneth G. Kupke_ , *pro se*
                    Name:                 Kenneth G. Kupke
                    Address Ln1:          5050 Jett Forest Trail NW
                    Address Ln2:
                    City, State, Zip:     Atlanta          GA          30327
                    Phone Number:         404 851 1776

# UNITED STATES DISTRICT COURT

## FOR THE  DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Voltage Pictures, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. (or Docket No.) |
| | ) | |
| v. | ) | 1:10--cv-00873-RMU |
| | ) | |
| | ) | |
| Kenneth G. Kupke | ) | |
| ,*pro se* | ) | |
| 404 851 1776 | ) | |
| and multiple John Does | ) | |
| | ) | |
| Defendants, | ) | |

*Ricardo M. Urbina*

*Leave to file*
*GRANTED*
*10/26/10*

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

### Filed Under Penalty of Perjury

I, Kenneth G. Kupke           , the Affiant, am making and filing this affidavit

solely in support of disputing jurisdiction in the above styled matter. However, in the

event that jurisdiction is found proper, and proper service is effected on the undersigned,

and if no supplementary answer is filed by the Defendant within 30 days of service, the

intent of this affidavit shall be changed to be considered to be a verified response to the

Plaintiff's complaint, negatively averring all claims, and setting forth affirmative

defenses. I hereby certify that the following statements are true, and upon being first

duly sworn on oath and before a person authorized to take swear and accept such oath, I,

the Affiant, sayeth that:

*Personal Jurisdiction*

1

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in  Atlanta            GA          30327

3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

*General Defenses/Affirmative Defenses*

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

2

☐   Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant.  Through this malicious software, a user, other than the Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of the alleged infringement.

☐   Affiant runs an operating system (e.g. Linux, Windows Server, etc.) which would allow a bittorent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement.  A user, other than the Affiant, could have committed the alleged infringement.  Affiant has no knowledge of the alleged infringement.

☐   Affiant runs a Virtual Private Network, Proxy Server, or other such internet traffic re-routing server, and had such system open to multiple users at the time of the alleged infringement.  A user, other than the affiant, could have committed the alleged infringement.  Affiant has no knowledge of the alleged infringement.

☐   Affiant has a wireless router **without** security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range.  Affiant has no knowledge of the alleged infringement.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection).  Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range.  Affiant has no knowledge of the alleged infringement.

☐ Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

☐ Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

☐ Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

☑ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection).  Affiant has knowledge of the alleged infringement *by a minor*

but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of

perjury under the laws of the United States of America, that the foregoing is true and

correct.  Dated        09      / 15      /20 10

Print Name:        *Kenneth G. Kupke* , *pro se*
Kenneth G. Kupke

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true
before me on this 15th day, of September , 2010, by Kenneth Kupke
who is personally known to me or who produced a valid state driver's license as
identification and who did take an oath.

Notary Public - State of Georgia
Printed Name: Denise Halfe - Lunsway
My Commission No.: N/A
My Commission Expires: 10/15/13

Dated this 15   day of   September   , 2010       .

Respectfully submitted,

*Kenneth G. Kupke* , *pro se*
Kenneth G. Kupke

Name:
Address Ln1:        5050 Jett Forest Trail NW
Address Ln2:
City, State, Zip:    Atlanta        GA        30327
Phone Number:        404 851 1776

5

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Voltage Pictures, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. (or Docket No.) |
| | ) | |
| v. | ) | 1:10--cv-00873-RMU |
| | ) | |
| Kenneth G. Kupke | ) | |
| | ) *pro se* | |
| 404 851 1776 | ) | |
| and multiple John Does | ) | |
| | ) | |
| Defendants, | ) | |

*Ricardo M. Urbina*

*leave to file GRANTED*

*10/26/10*

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on Earthlink_____, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel. <u>See</u> <u>Smith v. Midland Brake, Inc.</u>, 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown. <u>See generally</u>, <u>Plant v. Does</u>, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3. Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena. the plaintiff must amend the complaint to name the defendant and effect service of process. <u>Slaughter v. City of Unadilla</u>, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts. <u>See</u> <u>GTE New Media Servs. v. BellSouth Corp.</u>, 199 F.3d 1343, 1347 (D.C. Cir. 2000). <u>See</u> also <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff. <u>See</u> <u>GTE New Media Servs. v. BellSouth Corp.</u>, 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing <u>Bensusan Restaurant Corp v. King</u>, 126 F. 3d 25, 29 (2d Cir. 1997); <u>Mink v. AAAA Development, LLC</u>, 190 F.3d 333, 336-37 (5th

Cir. 1999); <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 419-420 (9th Cir. 1997).

6.  Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. <u>See</u> <u>e.g.</u>, <u>16 Alb. L.J. Sci. & Tech. 343</u>, 356 (discussing IP geo-location technologies). See also <u>Universal City Studios Productions LLLP v. Franklin</u>, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7.  Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8.  Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow general jurisdiction in any federal court against any person across the country, or the world, so long as the claim involved a John Doe defendant and internet use, and such precedent violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the subpoena requesting subscriber information relating to my IP address issued against the Internet Service Provider in the instant case, and suspend discovery pursuant to the local rules.

The undersigned would respectfully request an order protecting his identity, ubstantially in the form of "The dubpoena seeking information from regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this 15 day of September , 20 10 .

Respectfully submitted,

_, pro se_

Name:                    Kenneth G. Kupke

Address Ln1:             5050 Jett Forest Trail NW

Address Ln2:

City, State, Zip:        Atlanta            GA            30327

Phone Number:            404 851 1776

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Voltage Pictures, LLC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Kenneth G. Kupke | ) |
| | ) |
| 404 851 1776 | *,pro se* ) |
| and multiple John Does | ) |
| | ) |
| Defendants, | ) |

Civil Action No. (or Docket No.)

1:10--cv-00873-RMU

*[signature]*

*Leave to file GRANTED*

10/26/10

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

1

Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-

49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29

(2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir.

1997).

3.  Plaintiff is fully aware of this court's lack of personal jurisdiction of the

undersigned, and is simply using this court to obtain information to subject the

undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be

located geographically to determine the proper jurisdiction without such John Doe

discovery.  See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-

location technologies).  See also Universal City Studios Productions LLLP v.

Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006)

(plaintiff's memorandum of law seeking default judgment for copyright

infringement over the internet, discussing geolocation of an ISP and claiming that

statutory damages were reasonably related to the hiring of MediaSentry,

whereupon investigation of the location of the ISP, they would file a John Doe

suit in the jurisdiction where the ISP is located in order to serve discovery).

4.  Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the

John Doe identity will be established and the case will immediately be amended,

and the undersigned will be added as a party to the case, and immediately the

court will lack personal jurisdiction.  Requiring individuals from across the

country to litigate in this district creates exactly the sort of hardship and

unfairness that the personal jurisdiction requirements exist to prevent. See International Shoe at 311. See also U.S. Const. amend. XIV.

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. See International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

"Persons . . . maybe joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement. See e.g., LaFace Records, LLC v. Does 1-

3

38, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); BMG Music v. Does 1-4, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); Interscope Records v. Does 1-25, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9.  Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.

WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

4

Dated this 15    day of    September        , 2010           .

Respectfully submitted,

_, pro se_

Name:              Kenneth G. Kupke

Address Ln1:        5050 Jett Forest Trail NW

Address Ln2:

City, State, Zip:   Atlanta              GA              30327

Phone Number:        404 851 1776

5

UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Voltage Pictures, LLC<br>                            Plaintiff,<br><br>v.<br><br>*DELMAR R. TOWER*   ,pro se<br><br>DOES 1-5000<br>                            Defendants, | Civil Action No. (or Docket No.)<br><br>1:10-cv-00873-RMU |

*Ricardo M. Urbina*
*leave to file GRANTED*
10/26/10

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. RAR, Inc., v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

1

Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-

49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29

(2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir.

1997).

3.  Plaintiff is fully aware of this court's lack of personal jurisdiction of the

undersigned, and is simply using this court to obtain information to subject the

undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be

located geographically to determine the proper jurisdiction without such John Doe

discovery.  See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-

location technologies).  See also Universal City Studios Productions LLLP v.

Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006)

(plaintiff's memorandum of law seeking default judgment for copyright

infringement over the internet, discussing geolocation of an ISP and claiming that

statutory damages were reasonably related to the hiring of MediaSentry,

whereupon investigation of the location of the ISP, they would file a John Doe

suit in the jurisdiction where the ISP is located in order to serve discovery).

4.  Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the

John Doe identity will be established and the case will immediately be amended,

and the undersigned will be added as a party to the case, and immediately the

court will lack personal jurisdiction.  Requiring individuals from across the

country to litigate in this district creates exactly the sort of hardship and

unfairness that the personal jurisdiction requirements exist to prevent. <u>See</u> <u>International Shoe</u> at 311. <u>See</u> <u>also</u> <u>U.S. Const. amend. XIV.</u>

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. <u>See</u> <u>International Shoe Co. v.</u> <u>Washington</u>, 326 U.S. 310, 316 (1945).

*Impermissive Joinder*

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

   "Persons . . . maybe joined in one action as defendants if:

   > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

   > (B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement. <u>See</u> <u>e.g.,</u> <u>LaFace Records, LLC v. Does 1-</u>

3

Dated this 16    day of   September      , 2010      .

Respectfully submitted,

X _Delmar R. Towler_, pro se
DELMAR R. TOWLER

Name:

Address Ln1:          760 E. Central Ave

Address Ln2:

City, State, Zip:     Sutherlin, Or  97479

Phone Number:

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Voltage Pictures, LLC | ) ) ) ) | |
| | Plaintiff, ) | Civil Action No. (or Docket No.) |
| | ) ) | |
| v. | ) | 1:10-cv-00873-RMU |
| | ) ) | |
| _DELMAR A. TOWLER_ | ,pro se ) ) | |
| DOES 1-5000 | ) ) | |
| | Defendants, ) | |

_Ricardo M. [signature]_
leave to file GRANTED
10/26/10

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on  Qwest, communications , the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2. The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown.  See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3. Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4. After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. <u>See</u> <u>e.g.</u>, <u>16 Alb. L.J. Sci. & Tech. 343</u>, 356 (discussing IP geo-location technologies). See also <u>Universal City Studios Productions LLLP v. Franklin</u>, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9.  Allowing Plaintiff to proceed without quashing this subpoena would allow

general jurisdiction in any federal court against any person across the country, or

the world, so long as the claim involved a John Doe defendant and internet use,

and such precedent violates due process as it offends "traditional notions of fair

play and substantial justice" as guaranteed by the U.S. Constitution. See

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).


WHEREFORE the undersigned Defendant prays this honorable court quash the

subpoena requesting subscriber information relating to my IP address issued against the

Internet Service Provider in the instant case, and suspend discovery pursuant to the local

rules.

The undersigned would respectfully request an order protecting his identity,

ubstantially in the form of "The dubpoena seeking information from

regarding John Doe #XXXX (identity protected), is hereby quashed."


Dated this 16 day of September , 20 10    .

Respectfully submitted,

X _Delmar R Taylor_ , pro se
DELMAR R. TAYLOR

Name:

Address Ln1:           760 E. Central Ave

Address Ln2:

City, State, Zip:      Sutherlin, Or 97479

Phone Number:          541 459-2823

# UNITED STATES DISTRICT COURT

# FOR THE  DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Voltage Pictures, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. (or Docket No.) |
| | ) | |
| v. | ) | 1:10-cv-00873-RMU |
| | ) | |
| Delmar R Towler | ) | |
| ,*pro se* | ) | |
| | ) | |
| Does 1-5000 | ) | |
| | ) | |
| Defendants, | ) | |

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

### Filed Under Penalty of Perjury

I,  Delmar R Towler          , the Affiant, am making and filing this affidavit solely in support of disputing jurisdiction in the above styled matter. However, in the event that jurisdiction is found proper, and proper service is effected on the undersigned, and if no supplementary answer is filed by the Defendant within 30 days of service, the intent of this affidavit shall be changed to be considered to be a verified response to the Plaintiff's complaint, negatively averring all claims, and setting forth affirmative defenses.  I hereby certify that the following statements are true, and upon being first duly sworn on oath and before a person authorized to take swear and accept such oath, I, the Affiant, sayeth that:

*Personal Jurisdiction*

1

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in  Sutherlin, Or  97477

3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

### General Defenses/Affirmative Defenses

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection). Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range. Affiant has no knowledge of the alleged infringement.

☑ Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

☐ Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

☐ Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection).  Affiant has knowledge of the alleged infringement,

but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of

perjury under the laws of the United States of America, that the foregoing is true and

correct. Dated     09     / 16     /20 10

X _Delmar R. Towler_, pro se

Print Name:  DELMAR   R.  TowLER

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true

before  me on this  _16_  day, of _SEPTEMBER_ , 2010, by _DELMAR R Towler_

who is personally known to me or who produced a valid state driver's license as

identification and who did take an oath.

_Susan P Johnson_

**Notary Public - State of** _OREGON_

Printed Name:  _SuSAN  P  JOHNSON_

My Commission No.:  _433917_

My Commission Expires: _12-29-12_

OFFICIAL SEAL
SUSAN P JOHNSON
NOTARY PUBLIC - OREGON
COMMISSION NO. 433917
MY COMMISSION EXPIRES DECEMBER 29, 2012

(notary  seal)

Dated this 16   day of   September      , 20 10        .

Respectfully submitted,

X _Delmar R. Towler_, pro se

Name:

_DELMAR   R.  TowLER_

Address Ln1:           760 E. Central Ave

Address Ln2:

City, State, Zip:     Sutherlin, Or 97479

Phone Number:  _541-459-2823_

4

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Voltage Pictures, LLC | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. (or Docket No.) |
| v. | ) ) ) | 1:10-cv-00873-RMU |
| DELMAR R. TOWLER ,pro se | ) ) ) | *Ricardo M. Urbina* |
| DOES 1-5000 | ) ) | Leave to file GRANTED |
| Defendants, | ) ) | 10/26/10 |

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to be issued in the above styled case, and files this motion not to make an appearance, but to contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with the party failing to make disclosure or discovery, namely, his internet service provider, who provided notice of the underlying action and the expressed opportunity to file a motion to quash a subpoena.

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party, pursuant to Rule 37(2).

4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. <u>See, International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for  protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this 16    day of    September    , 20 10        .

Respectfully submitted,

X _Delmar R. Trowler_, pro se

Name:                     DELMAR  R.  TROWLER

Address Ln1:              760 E. Central Ave

Address Ln2:

City, State, Zip:         Sutherlin, Or 97479

Phone Number:             541- 459- 7823

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

)
*Voltage Pictures LLC* )
)
                    Plaintiff, )
)                               Civil Action No. (or Docket No.)
)
v. )                            *1:10-cv-00873-RMU*
)
*Does 1-5,000* )
*Richard L. Stelka* *pro se* )
)
and multiple John Does )
)
                    Defendants, )

*leave to file*
*GRANTED*
*10/26/10*

## MOTION TO QUASH AND/OR VACATE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of contesting jurisdiction, for an order quashing the subpoena served on ___*8-3-2010*___, the internet service provider (ISP) of the undersigned, seeking information relating to subscriber information of a certain IP address, and states that:

1. The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above named Internet Service Provider (ISP), but has standing to file this motion to quash pursuant to the personal right and privilege of protection of information, identity, rights of jurisdiction, and undue

burden of travel.  See Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995).

2.  The purpose of the subpoena issued to the undersigned is to disclose my identity as a listed "Doe" in the above styled case, a placeholder name used when a defendant's true identity is unknown.  See generally, Plant v. Does, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998).

3.  Once the Plaintiff has ascertained the name of the Defendant through the process of discovery, or in the instant case, through their subpoena, the plaintiff must amend the complaint to name the defendant and effect service of process. Slaughter v. City of Unadilla, 2008 U.S. Dist. LEXIS 8350 (M.D. Ga. 2008).

4.  After amending the Plaintiff's complaint to reflect the disclosed identity, the undersigned would be subjected to the personal jurisdiction of a lawsuit filed in the District Court for the District of Columbia, without transacting any business in the District of Columbia, and without any other sufficient minimum contacts.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000).  See also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

5.  Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the Plaintiff.  See GTE New Media Servs. v. BellSouth Corp., 199 F.3d 1343, 1348-49 (D.C. Cir. 2000) (citing Bensusan Restaurant Corp v. King, 126 F. 3d 25, 29 (2d Cir. 1997); Mink v. AAAA Development, LLC, 190 F.3d 333, 336-37 (5th

Cir. 1999); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-420 (9th Cir. 1997).

6. Plaintiff is fully aware of this court's lack of personal jurisdiction of the undersigned, and is simply using this court to obtain information to subject the undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be located geographically to determine the proper jurisdiction without such John Doe discovery. See e.g., 16 Alb. L.J. Sci. & Tech. 343, 356 (discussing IP geo-location technologies). See also Universal City Studios Productions LLLP v. Franklin, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006) (plaintiff's memorandum of law seeking default judgment for copyright infringement over the internet, discussing geolocation of an ISP and claiming that statutory damages were reasonably related to the hiring of MediaSentry, whereupon investigation of the location of the ISP, they would file a John Doe suit in the jurisdiction where the ISP is located in order to serve discovery).

7. Further, the undersigned contests the personal jurisdiction of this court over the ISP on which the subpoena was served and demands strict proof thereof.

8. Upon compliance from the ISP with the information requested, the John Doe identity will be established and the case will immediately be amended, and the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion. Requiring individuals from across the country to litigate in this district creates exactly the sort of hardship and unfairness that the personal jurisdiction requirements exist to prevent.

9. Allowing Plaintiff to proceed without quashing this subpoena would allow
   general jurisdiction in any federal court against any person across the country, or
   the world, so long as the claim involved a John Doe defendant and internet use,
   and such precedent violates due process as it offends "traditional notions of fair
   play and substantial justice" as guaranteed by the U.S. Constitution. See
   International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

WHEREFORE the undersigned Defendant prays this honorable court quash the
subpoena requesting subscriber information relating to my IP address issued against the
Internet Service Provider in the instant case, and suspend discovery pursuant to the local
rules.

The undersigned would respectfully request an order protecting his identity,
ubstantially in the form of "The dubpoena seeking information from
regarding John Doe #XXXX (identity protected), is hereby quashed."

Dated this *14* day of *Ctober* , 20 *10* .

Respectfully submitted,

X *Ri Stel* , *pro se*

Name: *Richard L. Stelloh*
Address Ln1: *1600 June Drive*
Address Ln2:
City, State, Zip: *Vancouver WA. 98661*
Phone Number: *360 - 798 - 4152*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

)
*Voltage Pictures LLC* )
)
Plaintiff, )
)    Civil Action No. (or Docket No.)
)
v. )    *1:10-cv-00873-RMU*
)
*DOES 1-5,000* )
*Richard L. Stelloh*  ,pro se )
)
and multiple John Does )
)
Defendants, )

*[signature] Ricardo M. Urbina*

*leave to file*
**GRANTED**
*10/26/10*

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

THE UNDERSIGNED, pro se, moves the court, pursuant to Fed. R. Civ. P. 12(b)(2), and limits his appearance for the purposes of contesting jurisdiction, for an order dismissing the above case against the undersigned, and states that:

*Lack of Personal Jurisdiction*

1. The Plaintiff bears the burden of demonstrating personal jurisdiction. <u>RAR, Inc., v. Turner Diesel, Ltd.</u>, 107 F.3d 1272, 1276 (7th Cir. 1997).

2. Federal cases with personal jurisdiction analysis under internet activity have repeatedly dismissed complaints for want of personal jurisdiction unless a contractual relationship exists with a party located within the state to establish sufficient minimum contacts, and no such relationship has been plead by the

1

Plaintiff. <u>See</u> <u>GTE New Media Servs. v. BellSouth Corp.</u>, 199 F.3d 1343, 1348-

49 (D.C. Cir. 2000) (citing <u>Bensusan Restaurant Corp v. King</u>, 126 F. 3d 25, 29

(2d Cir. 1997); <u>Mink v. AAAA Development, LLC</u>, 190 F.3d 333, 336-37 (5th

Cir. 1999); <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 419-420 (9th Cir.

1997).

3.  Plaintiff is fully aware of this court's lack of personal jurisdiction of the

undersigned, and is simply using this court to obtain information to subject the

undersigned to this jurisdiction, as the Plaintiff is aware that IP addresses may be

located geographically to determine the proper jurisdiction without such John Doe

discovery. <u>See</u> e.g., <u>16 Alb. L.J. Sci. & Tech. 343</u>, 356 (discussing IP geo-

location technologies).  See also <u>Universal City Studios Productions LLLP v.</u>

<u>Franklin</u>, 2006 U.S. Dist. Ct. Motions 748729, 9, n4 (N.D. Ind. Sept. 26, 2006)

(plaintiff's memorandum of law seeking default judgment for copyright

infringement over the internet, discussing geolocation of an ISP and claiming that

statutory damages were reasonably related to the hiring of MediaSentry,

whereupon investigation of the location of the ISP, they would file a John Doe

suit in the jurisdiction where the ISP is located in order to serve discovery).

4.  Upon compliance from the ISP with the subpoena of the Plaintiff in this case, the

John Doe identity will be established and the case will immediately be amended,

and the undersigned will be added as a party to the case, and immediately the

court will lack personal jurisdiction.  Requiring individuals from across the

country to litigate in this district creates exactly the sort of hardship and

2

unfairness that the personal jurisdiction requirements exist to prevent. <u>See</u> <u>International Shoe</u> at 311. <u>See</u> <u>also</u> <u>U.S. Const. amend. XIV.</u>

5. Allowing Plaintiff to proceed with their complaint against the defendant violates due process as it offends "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution. <u>See</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

<em>Impermissive Joinder</em>

6. Plaintiff has joined many multiple defendants in this action, pursuant to Fed. R. Civ. P. 20 which states:

    "Persons . . . maybe joined in one action as defendants if:

    > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    > (B) any question of law or fact common to all defendants will arise in the action."

7. Logically, many separate cases that would not be proper for joinder will share questions of law, but by the very nature of the available defenses to this copyright infringement, it follows that each defendant is likely to have different facts in their defense, and therefore have different questions involving different areas of law, each having their own alleged separate behavior.

8. The courts have ordered severance of lawsuits involving similar alleged transactions of copyright infringement. <u>See</u> <u>e.g.,</u> <u>LaFace Records, LLC v. Does 1-</u>

3

38, 2008 WL 544992 (E.D.N.C. Feb 27, 2008) (stating that the same type of violation does not allow for joinder of defendants); BMG Music v. Does 1-4, 2006 U.S. Dist. Lexis 53237, at 5-6 (N.D. Cal. July 31, 2006) (court severed defendants where only connection was they used the same ISP); Interscope Records v. Does 1-25, 2004 U.S. Dist LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended severance of multiple defendants where they used the same ISP and P2P network for copyright infringement); Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (copyright suit against twelve John Doe defendants, court permitted discovery of first Doe defendant but stayed case as to remaining Does until plaintiff could demonstrate proper joinder).

9. Based on the available defenses of all defendants, and separate set of facts and law surrounding, each potential defendant, the Plaintiff has impermissibly joined multiple defendants in violation of Rule 20, Fed. R. Civ. P.


WHEREFORE, the undersigned Defendant prays that this honorable court dismiss the Plaintiff's complaint as it pertains to the undersigned for lack of personal jurisdiction, or in the alternative, to remove the case from this court to a proper location, and the undersigned moves for a severance of all Defendants, or in the alternative, the undersigned moves for a severance of the case against him/her personally from the rest of the Defendants.

The undersigned proposes an order similar in form to: "The case against "John Doe #4000 (identity protected)" is hereby dismissed."

4

Dated this *14* day of *October* , 20 *10* .

Respectfully submitted,

X _____ , *pro se*

Name: *Richard L. Stellch*

Address Ln1: *1600 June Drive*

Address Ln2:

City, State, Zip: *Vancouver WA 98661*

Phone Number: *360-798-4152*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *Voltage Pictures LLC*<br>Plaintiff,<br><br>v.<br><br>*DOES 1 - 5,000*<br>*Richard L Stellch* ,pro se<br>and multiple John Does<br>Defendants, | Civil Action No. (or Docket No.)<br><br>*1:10-cv-00873-RMU*<br><br>*Ricardo m. Urbina*<br><br>*leave to file*<br>*GRANTED*<br>*10/26/10* |

## AFFIDAVIT IN SUPPORT OF MOTIONS TO DISMISS, MOTION TO QUASH, AND GENERAL DEFENSES

### Filed Under Penalty of Perjury

I, *Richard L. Stellch* , the Affiant, am making and filing this affidavit

solely in support of disputing jurisdiction in the above styled matter. However, in the

event that jurisdiction is found proper, and proper service is effected on the undersigned,

and if no supplementary answer is filed by the Defendant within 30 days of service, the

intent of this affidavit shall be changed to be considered to be a verified response to the

Plaintiff's complaint, negatively averring all claims, and setting forth affirmative

defenses.  I hereby certify that the following statements are true, and upon being first

duly sworn on oath and before a person authorized to take swear and accept such oath, I,

the Affiant, sayeth that:

*Personal Jurisdiction*

1. Affiant has had no contact and done no business with the Plaintiff, and has not entered into any agreements with the Plaintiff that is the subject of this claim and relief sought.

2. Affiant does not reside within the state or district in which the above styled case was filed, and instead resides in

3. Affiant has not caused tortuous injury within the state or district in which the above styled case was filed.

4. Affiant does not regularly solicit business within the state or district in which the above styled case was filed.

5. Affiant does not engage in any other persistent course of conduct within the state or district in which the above styled case was filed.

6. Affiant does not derive substantial revenue from goods used or consumed, or services rendered, within the state or district in which the above case was filed.

7. I have taken no action, and had no contacts, which would reasonably allow me to anticipate being haled into court within the state or district in which the above case was filed.

8. I am unaware of any defenses that I have taken that are similar in nature to the other Defendants in this case, and I am unaware of any reasonable connection between myself and the cases of the other Defendants.

### *General Defenses/Affirmative Defenses*

Affiant, by virtue of selection by mark of the below affirmative defenses, adopts the statements as true within this affidavit:

☐ Affiant had their computer, and other internet devices, inspected by a technician and found an infection of malicious software installed without consent of Affiant. Through this malicious software, a user, other than the Affiant, could have routed peer-to-peer traffic through the computer of Affiant, and making it appear to the Plaintiff as if the Affiant had committed an act of infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs an operating system (e.g. Linux, Windows Server, etc.) which would allow a bittorent client to be operated by a remote user, and had such system open to multiple users at the time of alleged infringement. A user, other than the Affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant runs a Virtual Private Network, Proxy Server, or other such internet traffic re-routing server, and had such system open to multiple users at the time of the alleged infringement. A user, other than the affiant, could have committed the alleged infringement. Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **without** security enabled (e.g. WEP, WPA, WPA2) and the internet address responsible for the alleged infringement was available for use to the general public within range. Affiant has no knowledge of the alleged infringement.

3

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP address (internet connection).  Affiant has no knowledge of the alleged infringement.

☐ Affiant has a wireless router **with** only WEP security enabled, and therefore the internet address responsible for the alleged infringement was susceptible to use to by the general public within range.  Affiant has no knowledge of the alleged infringement.

☒ Affiant downloaded the movie, but such movie was intended to be used or used for non-profit educational purposes.

☐ Affiant, under penalty of perjury, certifies to this court, that they have no knowledge of the alleged infringement.

☐ Affiant owned a DVD of the movie during the alleged infringement and downloaded the movie in an effort to make a backup copy of the film on their computer.

☐ Affiant has multiple computers in their residence used by multiple users (family members, roommates, friends, visitors, etc.), that all share the same IP

address (internet connection).  Affiant has knowledge of the alleged infringement,

but did not commit the alleged infringement.

FURTHER, AFFIANT SAYETH NAUGHT.

BY SIGNING BELOW, I hereby declare, certify, verify, and state, under penalty of

perjury under the laws of the United States of America, that the foregoing is true and

correct.  Dated    *10* / *14* /20 *10*

X _____, pro se

Print Name:  *Richard L. Stelloh*

**THE FOREGOING FACTS** were sworn to, subscribed and acknowledged as true

before me on this *14th* day, of *October*, 2010, by *Richard Stelloh*,

who is personally known to me or who produced a valid state driver's license as

identification and who did take an oath.

*Sharon Lee Kazangian*

**Notary Public - State of** *Washington*

Printed Name: *Sharon Lee Kazangian*

My Commission No.:

My Commission Expires: *12-1-12*                              (notary seal)

Dated this *14th* day of *October*, 20 *10*  .

Respectfully submitted,

X _____, pro se

Name:  *Richard L. Stelloh*

Address Ln1: *1600 June Drive*

Address Ln2:

City, State, Zip: *Vancouver WA. 98661*

Phone Number: *360-798-4158*

5

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

)
)
*Voltage Pictures LLC* )
)
          Plaintiff, )
)      Civil Action No. (or Docket No.)
)
v. )      *1:10-cv-00873-RMU*
)
*Does 1-5,000* )
)
*Richard L. Stellak*  .pro se )
)
and multiple John Does )
)
          Defendants, )

*Ricardo M. Urbina*

*leave to file*
*GRANTED*
*10/26/10*

## MOTION FOR PROTECTIVE ORDER

This motion is pursuant to Rule 37, F. R. Civ. Pr., and is for a protective order to be issued in the above styled case, and files this motion not to make an appearance, but to contest personal jurisdiction, and is made by the undersigned who states that:

1. The undersigned has complied with Rule 37(1) in that he has conferred with the party failing to make disclosure or discovery, namely, his internet service provider, who provided notice of the underlying action and the expressed opportunity to file a motion to quash a subpoena.                                .

2. Notice is not required to all parties under the rule.

3. This is filed in the court where the discovery is to be taken on a non-party, pursuant to Rule 37(2).

4. The purpose of the various filings by the undersigned is to protect his identity from being disclosed to the Plaintiff and automatically subjecting himself to the jurisdiction of this court.

5. The authority of this motion is based on principles higher than statutory authority, that of personal jurisdiction guaranteed by the constitution. <u>See,</u> <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

WHEREFORE, the undersigned would respectfully request an order protecting his identity, substantially in the form of "John Doe #XXXX (identity protected) has filed motion for  protective order in this case, and all filings shall be redacted to eliminate personal information when electronically docketed."

Dated this *14* day of *October* , 20*10* .

Respectfully submitted,

X _____ , *pro se*

Name: *Richard L. Stelleh*
Address Ln1: *1600 June Price*
Address Ln2:
City, State, Zip: *Vancouver WA, 98661*
Phone Number: *360 - 798 - 4158*

INSTRUCTIONS

This form is not a joke.  While I might have a sense of humor, the first document is filed **UNDER PENALTY OF PERJURY.**
**READ ENTIRE FORM COMPLETELY**

**How to Notarize Affidavit:** Do not sign affidavit until in front of a notary public.
Print and sign same day.
Send ONE copy and ONE ORIGINAL

**How to Send:** To proper clerk of court address USPS Mail or other delivery, tracking if desired, 1 copy your records. **WRITE "DOCUMENTS PROTECTIVE ORDER" ON THE ENVELOPE AND INCLUDE THE CASE NUMBER.**

Enter Information Into The Forms Below

Legal Name First M. Last:  *Richard L. Stellch*

City, State (e.g. FL), ZIP:  *Vancover WA, 98661*

Street Address:  *1600 June Drive*

Phone Number:  *360-798-4158*

Plaintiff's Name:  *Voltage Pictures LLC*

Case Number/Docket Number:  *1:10-cv-00873-RMU*

Internet Service Povider:  *Qwest*

Today's Date Numerically (MM/DD/YY):  *10 / 14 /2010*

Today's Month Spelled Out:  *October*

**REVIEW ENTIRE FORM**
MAKE SURE ALL STATEMENTS ARE TRUE BEFORE FILING ANY DOCUMENT WITH ANY COURT.

The subpoena portion, (1st Document) of contains checkboxes



v.1.2

*Ricardo M. Urbina* (signature)

leave to file GRANTED
10/26/10

5920 320th St. E.
Eatonville, WA 98328
10/2/10

United States District Court for District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RE: Case # 1:10-cv-00873-RMU
    IP address 168.103.168.117 on 5/4/10
    Voltage Pictures, LLC v. DOES 1-5,000

To Whom it May Concern:

    I would like the Court to Quash the order for my records in this civil matter. I have never downloaded an illegal movie. The address above is where I reside and my telephone is 253-847-8782. I own a residence at 24907 52nd Ave. E. in Graham, WA 98338. The telephone # is 253-847-7722. I do not reside there, but the telephone is in my name. I don't believe I should be held responsible for any activity at that address.

    I contacted Craig Carter, Qwest Security Specialist & the attorneys listed without much information from either.

Enclosed is a copy of the subpoena. Please quash this request of my records.

Thank you,

Ja?leane Key

AO 88B  (Rev  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | | |
|---|---|---|
| Voltage Pictures, LLC | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:10-cv-00873-RMU |
| DOES 1-5,000 | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Qwest, c/o CT Corporation System, 1015 15th Street, NW, Suite 1000, Washington, DC 20005; 202-572-3100

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Pursuant to the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all individuals whose IP addresses are listed in the attached spreadsheet.

| Place:  Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC 1200 G Street, NW Suite 800, Washington, DC 20005 | Date and Time: 10/04/2010 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____08/03/2010____

CLERK OF COURT

OR   _/s/_ _____

Signature of Clerk or Deputy Clerk           Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_     Plaintiff
Voltage Pictures, LLC _____ , who issues or requests this subpoena, are:
Nicholas A. Kurtz, Dunlap, Grubb & Weaver, PLLC, 1200 G Street, NW Suite 800, Washington, DC 20005
Tel: 877-223-7212, Fax: 866-874-5101, email: subpoena@dglegal.com