**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CA. 1:10-cv-00873-RMU |
| | ) |
| **DOES 1 – 5,000** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NO. 18] AND**

**REQUEST FOR SANCTIONS**

I. INTRODUCTION

    Plaintiff submits this opposition to numerous motions filed as purported motions to quash, motions to dismiss, and motions for protective orders. While most of these motions raise issues previously presented by numerous other motions to quash/motions to dismiss, for which Plaintiff has already filed oppositions, Plaintiff files this additional opposition to highlight the frivolousness of these motions.

    To briefly summarize Plaintiff's case again, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet

1

access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court Minute Order of 6/25/10] Thereafter, Plaintiff served approximately 30 subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Various Doe Defendants have moved to quash the subpoenas and/or dismiss the case, to which Plaintiff has filed oppositions. [See Doc. Nos. 11-13, 15-17]

Subsequently, Plaintiff's counsel received, via the Court's posting on its online docket, additional motions filed by Doe Defendants. [Doc. No. 18] Most of these motions are form motions that various Doe Defendants have purchased from an attorney and that fail to provide any justification for quashing the subpoenas or dismissing the Doe Defendants. [Doc. No. 18 at pp. 5-15, 17-32, 33-48, 49-62, 63-79, and 108-123] So as to not repeat its previous oppositions, Plaintiff will focus this opposition on the form motions.[1]

Accordingly, Plaintiff requests that the motions and any similar future motions be denied in their entirety, without the need for Plaintiff to file any additional oppositions, and that the Doe Defendants and the attorney selling the form motions be sanctioned.

---

[1] Plaintiff's previously filed oppositions [Doc. Nos. 13 and 17] cover every single argument made in these motions [Doc No. 18] as well as the prior motions. Plaintiff's counsel is willing to forward copies of its previous opposition to any current moving Doe Defendant who requests them.

II. ARGUMENT

    A.  THE FRIVOLOUSNESS OF THE FORM MOTIONS.

        1.  <u>Every form motion is procedurally defective.</u>

First, every single form motion is procedurally defective in that no Doe Defendant even attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[2]

Here, these form motions did not include a statement that any meet and confer discussion occurred because no Doe Defendant even attempted to meet and confer with Plaintiff's counsel. Had these Doe Defendants or their ghost-writing counsel met and conferred with Plaintiff's counsel, Plaintiff's counsel could have directed them to the filings and authorities showing that the motions are not justified.

Second, every single form motion is procedurally defective in that no Doe Defendant served the motions on Plaintiff's counsel. "Unless these rules provide otherwise, each of the following papers must be served on every party: … (D) a written motion, except one that may be heard ex parte." Fed. R. Civ. P., Rule 5(a)(1).

---

[2] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

Here, none of the form motions were ever served on Plaintiff's counsel. Rather, all of the form motions were filed with the Court in paper form. Accordingly, Plaintiff's counsel did not become aware of these form motions until the Court posted them on the online docket.[3]

### 2. The form motions for a protective order are completely inapplicable.

The most glaring evidence of the impropriety of the form motions are the form motions for protective orders. [See, e.g., Doc. No. 18 at pp. 14-15] These form motions purport to be pursuant to Fed. R. Civ. P., Rule 37. [See, e.g., Doc. No. 18 at p. 14] However, that rule does not provide justification for the Court to quash the subpoenas.

The subpoenas at issue here were issued pursuant to Fed. R. Civ. P., Rule 45. The provisions for the Court to act on these subpoenas are found in Fed. R. Civ. P., Rule 45(c) and Rule 26(c). Therefore, it is quite obvious that the moving Doe Defendants and the attorney selling these form motion for protective orders did no due diligence before filing the form.

### 3. The form motions to quash do not present a justified argument to quash the subpoenas.

The form motions to quash state that once Plaintiff obtains the identifying information from the ISPs, then "the undersigned will be added as a party to the case, causing an undue burden sufficient enough for this court to quash the subpoena at issue in this motion." [See e.g., Doc. No. 18 at pp. 12 (form motion to quash ¶ 8)] This personal jurisdiction argument is the only argument advanced in the form motions to quash.

---

[3] In fact, the only motions that Plaintiff's counsel did receive prior to the Court posting Doc. No. 18 on the electronic docket were pages 80-101 and 102-103.

However, such an argument severely misstates the analysis of undue burden on a motion to quash.  Clearly, the undue burden is the burden in responding to the subpoena.  Here, as previously stated in Plaintiff's oppositions, the Doe Defendants do not have any burden in responding to the subpoenas.  The subpoenas are issued to the ISPs, and the Doe Defendants do not have to do anything in responding to the subpoenas.

This circular argument, presented in the form motions to quash, highlights the problems with the form motions.  The motions attempt to use a *potential* lack of personal jurisdiction over a particular Doe Defendant as a present reason for quashing the subpoena.  However, the Court should not foreclose Plaintiff from doing discovery on the Doe Defendants at this time based on the Doe Defendants' assumptions of what Plaintiff will do and what that discovery will uncover.

Further, the form motions to quash are severely flawed in that they actually provide some of the information requested in the subpoenas – the name and address of the Doe Defendants.  In fact, all but one form motion includes the identifying information for the Doe Defendants, effectively mooting their motions to quash.[4]

    4.  <u>The form motions to dismiss for lack of personal jurisdiction are premature.</u>

As stated more fully in Plaintiff's opposition to the combined motions to quash/motions to dismiss [Doc. No. 13], the determination of the Court's jurisdiction over a particular Doe Defendant is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Defendants and has not yet named any Defendant.  The cases repeatedly cited by Plaintiff are directly analogous, and no moving Doe Defendant has presented any authority to

---

[4]  The one form motion to quash that did not identify the Doe Defendant by name did provide a mailing address.  [<u>See</u> Doc. No. 18 at pp 10-13]

contradict these similar cases. See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004) (stating that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."); see also London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claiming she was not a resident of the forum state was an insufficient basis to disallow discovery); see also Arista Records LLC v. Does 1-16, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Here, any claimed lack of personal jurisdiction simply does not provide adequate cause for quashing the subpoenas. Further, the moving Doe Defendants' motions to "dismiss" truly seek the same goal. The moving Doe Defendants are attempting to stop the production of their information from the ISPs to the Plaintiff. However, there is no legal basis for such an action.

B. THE DOE DEFENDANTS FILING THE FORM MOTIONS, AND THE ATTORNEY SELLING THE FORMS, SHOULD BE SANCTIONED.

"Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A showing of bad faith or willfulness is not required, and this provision may be used concurrently with other sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 49-50, 111 S. Ct. 2123, 2135-2136 (1991). Further, the courts have inherent power to punish for contempts, both for conduct before the courts and that beyond courts' confines, and such inherent power can be raised sua sponte.

See generally id. (holding that District Court acted within its discretion in assessing, as sanction, entire amount of opposing party's attorney fees).

Here, the number of unjustified filings has unnecessarily multiplied the proceedings in this case. The use of these form motions has placed unnecessary burdens on this Court, the ISPs, and on Plaintiff and Plaintiff's counsel. Accordingly, the Court should make a clear order that future form motions will not be accepted and will be summarily denied. Further, the Court should order that the Doe Defendants who have already used these form motions, and the attorney responsible for selling them, should reimburse Plaintiff and Plaintiff's counsel for the time and expense associated with opposing them. Plaintiff estimates that it will incur at least $5,000 in attorney's fees and other expenses related to these Doe Defendants, and, should the Court require, will submit evidence to support the fees and costs incurred.

Such sanctions are warranted for the inappropriate use of such forms to unnecessarily multiply the proceedings and for the callous disregard for this Court's and Plaintiff's time. First, the attorney selling the forms, Graham Syfert, Esq. of Affinity Law Firm, attempts to skirt responsibility by not representing the Doe Defendants who buy his forms. Rather, he takes the Doe Defendants' money and gives them just enough instruction so that the forms get filed. [See e.g., Doc. No. 18 at p. 79]

Unfortunately, the unsuspecting Doe Defendants rely on these forms and Mr. Syfert's instructions, believing them to include legitimate legal arguments. They do not, and it is obvious

that none of the Doe Defendants do their own due diligence before filing the forms.[5] As a consequence, the Court and the Plaintiff are subjected to unnecessary filings.[6]

Lastly, Mr. Syfert knows that these Doe Defendants will not do their own due diligence and will not comply with the proper rules and procedures for filing motions with the Court. Attached as Exhibit 1 hereto is a true and correct copy of an email from Mr. Syfert, wherein he admits that his form motions are a money-making scheme. The Court should not tolerate such actions.

III. CONCLUSION

Overall, Doe Defendants have not demonstrated any reason to quash the subpoenas or prevent the Plaintiff from continuing with the case at this time. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one. See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

---

[5] A person must "stop, think, investigate and research" before initiating a lawsuit or filing a paper. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987).

[6] Further justifying Plaintiff's case and the imposition of sanctions is the fact that some moving Doe Defendants have actually admitted to downloading Plaintiff's movie. [See Doc. No. 18 at p. 59 and p. 75]

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs. Therefore, the court should deny these motions and any similar future motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

                                          Respectfully Submitted,

                                          VOLTAGE PICTURES, LLC

**DATED**:  November 22, 2010

                             By:    /s/
                                          Thomas M. Dunlap (D.C. Bar # 471319)
                                          Nicholas A. Kurtz (D.C. Bar # 980091)
                                          DUNLAP, GRUBB & WEAVER, PLLC
                                          1200 G Street, NW Suite 800
                                          Washington, DC 20005
                                          Telephone: 202-316-8558
                                          Facsimile: 202-318-0242
                                          tdunlap@dglegal.com
                                          nkurtz@dglegal.com
                                          *Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 22, 2010, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS TO QUASH [DOC. NO. 18] AND REQUEST FOR SANCTIONS was sent via first-class mail as follows:

Carey N. Lening, Esq.
1325 G St. NW Ste 500
Washington, DC 20005
*Attorney for Omnibus Motion Defendants*

Patrick J. King, Esq.
47 Seaton Pl., NW
Washington, DC 20001
*Attorney for Moving Defendants*


PO Box 1300
Milton, WA 98354
*Anonymous Doe Defendant*

1801 California Street
Denver, CO 80202
*Anonymous Doe Defendant*

Nicole G. Lipson
3845 Lakeshore Dr. NE
Marietta, GA 30067
*Anonymous Doe Defendant*

Kenneth G. Kupke
5050 Jett Forest Trail NW
Atlanta, GA 30327
*Anonymous Doe Defendant*

Delmar R. Towler
760 E. Central Ave.
Sutherlin, OR 97477
*Anonymous Doe Defendant*

Richard L. Stelloh
1600 June Drive
Vancouver, WA 98661
*Anonymous Doe Defendant*

Jason Brittain
5612 Laura Dawn Ave.
Cheyenne, WY 82009
*Anonymous Doe Defendant*

Jonathan T. Payne
6 Mossdale Court
Columbus, GA 31909
*Anonymous Doe Defendant*

JaNeane Key
5920 320th St. E.
Eatonville, WA 98328
*Anonymous Doe Defendant*

/s/
Nicholas A. Kurtz