# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VOLTAGE PICTURES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  1:10-cv-00873-RMU |
| | ) | |
| v. | ) | |
| | ) | |
| DOES 1-5,000 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA

DARCIE DIKEMAN ("Dikeman") requests that this Court enter an order quashing the subpoena duces tecum served on VERIZON ONLINE by VOLTAGE PICTURES, LLC ("Voltage") on September 17, 2010.

### GROUNDS FOR RELIEF

The Subpoena in question should be quashed because, pursuant to Rules 45(c)(3)(A)(iii) and (iv), the subpoena calls for the disclosure of privileged or protected matter and is overbroad.

1.      On September 17, 2010, a subpoena duces tecum was served on Verizon Online by delivery to the Custodian of Records in care of Verizon Legal Process Compliance.  The subpoena was served by Voltage Pictures, LLC, the Plaintiff in this action.

2.      The subpoena requested the name, address, telephone numbers, e-mail addresses, and Media Access Control Addresses of 5,000 individuals whose IP addresses had been obtained by Voltage.

3.      Dikeman is a customer of Verizon Online.  Dikeman's IP address was one of the 5,000 obtained by Voltage.  Therefore, Voltage is seeking the disclosure of Dikeman's personal information set forth in ¶2.

4.      On Tuesday, November 23, 2010, counsel for the Defendant made a good faith attempt to confer with Plaintiff's counsel regarding this motion.  Plaintiff's counsel either would not or could not return Defendant's counsel's telephone call.  Upon information and belief, this Motion is being opposed.

5.      In connection with this dispute, Voltage has served an extremely broad subpoena calling for all sorts of private information that, in order to maintain the integrity of and public confidence in Verizon Online, it must be kept confidential from the public at large and from Voltage.  This information is, at the very best, only marginally relevant to the parties.  In contrast, public disclosure of this information works an incalculable hardship on Dikeman.  See Recording Industry of America v. Verizon Internet Services, 257 F. Supp. 2d 244, 258 (D.D.C. 2003).

6.      In its subpoena, Voltage has provided no prima facie evidence that Dikeman has directly infringed its copyright.  See Sieverding v. United States DOJ, 693 F. Supp. 2d 93, 104 (D.D.C. 2010) (A court does not abuse its discretion when it denies a discovery request that would amount to nothing more than a fishing expedition.).

### RECORD ON MOTION

This Motion is based on this document and certificate of service, and on whatever evidence and argument may be had at any hearing on this motion.

Respectfully submitted,


 /s/ Thomas Schaufelberger
Thomas Schaufelberger (DC 371934)
tshauf@saul.com
SAUL EWING LLP
2600 Virginia Avenue, NW, Suite 1000
Washington, D.C. 20037-1922
(202) 333-8800 (Telephone)
(202) 337-6065 (Fax)

~ and ~

Jason G. Shoemaker, Esq.
The Shoemaker Law Firm, PLLC
203 Archway Court, Suite C
Lynchburg, VA 24502
(434) 237-4891 - Telephone
(434) 237-4893 – (Fax)

*OF COUNSEL*

Attorneys for DARCIE DIKEMAN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 29th day of November, 2010, a true and correct copy of this **MOTION TO QUASH SUBPOENA** was sent by electronic filing to:

**Thomas Mansfield Dunlap**
DUNLAP, GRUBB & WEAVER, P.L.L.C.
1200 G Street, NW
Suite 800
Washington, DC 20005
(202) 316-8558
Fax: (202) 318-0242
Email: tdunlap@dglegal.com

**Nicholas A. Kurtz**
1200 G Street NW
Washington, DC 20005
202-316-8558
Email: nkurtz@dglegal.com

*/s/ Jennifer Hibner-Spencer*
Jennifer Hibner-Spencer, Paralegal