UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VOLTAGE PICTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-00873-RMU |
| | ) | |
| DOES 1 – 5,000 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS
DEFENDANTS' MOTION TO QUASH AND DISMISS SUBPOENA [DKT. 12]

COMES NOW, Mark Richards and the other Moving Defendants[1] in this notice to apprise the Court of two recent developments that bear on the Moving Defendants' motion to quash the subpoena served on the various Internet Service Providers by the plaintiff in this case. This case represents one of dozens nearly identically-styled copyright infringement lawsuits being litigated around the country, and there are recent developments both from this Court and from another federal court adjudicating parallel cases.

The first development was that Judge Collyer of this Court recently entered an order in two companion cases to this one that directed plaintiff to state affirmatively the Court's jurisdiction over the Doe defendants or else dismiss them. *See* Order, *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Dkt. No. 143 (D.D.C. Nov. 19, 2010); Order, *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Dkt. No. 58 (D.D.C. Nov. 19, 2010)

---

[1] The Moving defendants include: Mr. Richards, Mr. Salil Kadam, Mr. Blake Leverett, Ms. Mary Jo Elgie, Mr. Michael Carter, and three John/Jane Does: John Doe 97.120.111.248, John Doe 209.6.141.116, and Jane Doe 173.71.142.170. Each of the Moving Defendants have executed Declarations [Dkt. 12, Exhibit A; Other Docket #s currently not available on the CM/ECF System] that identify their IP address, city, state and ISP, as referenced by Plaintiff's subpoena.

(attached as Exhibit 1). Plaintiff's counsel in this case is the same as in those cases, and its response to these orders is quite telling. In *Achte/Neunte*, plaintiff's counsel filed an amended complaint that identified by name only one defendant over whom the Court has jurisdiction. In *West Bay One*, plaintiff's counsel filed an amended complaint that identified by name only two defendants over whom the Court has jurisdiction. Once pressed on jurisdiction, plaintiff's counsel dismissed over 5,300 Doe defendants in those two cases, representing 86% of the original "Doe" defendants named in the two actions. That response suggests that the court should dismiss the action against both the Moving Defendants and all other Defendants, and should compel quashing the subpoena requests served against the various ISPs, because plaintiff has established that the majority of the defendants brought in each of the above-listed actions are not located in this judicial district. Furthermore, plaintiff's counsel has been on affirmative notice since at least June, 2010 that at least one ISP, Time Warner Cable, has *no* subscribers in the Washington, D.C. area, and has been aware since at least October, 2010 that none of the Moving Defendants are located in this judicial district.

The second development we wish to share with this court is that the U.S. District Court for the Northern District of West Virginia recently issued orders in seven copyright cases that are identical in all material respects to the instant case. The court ordered dismissal of all but one John Doe defendant in each of the seven cases before it, on the ground that joinder of hundreds or thousands of unconnected defendants is improper. *See* Orders, *Third World Media, LLC v. Does 1,243*, No. 3:10-cv-00090-JPB, Dkt. No. 66 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-281*, No. 3:10-cv-00091-JPB, Dkt. No. 42 (Dec. 15, 2010); *Patrick Collins, Inc. v. Does 1-118*, No. 3:10-cv-00092-JPB, Dkt. No. 42 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-2,010*, No. 3:10-cv-00093-JPB, Dkt. No. 44 (Dec. 15, 2010); *West Coast Productions, Inc. v. Does 1-535*, No. 3:10-cv-00094-JPB, Dkt. No. 45 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-1,037*, No. 3:10-cv-00095-JPB, Dkt. No. 71 (Dec. 15, 2010); *Combat Zone, Inc. v. Does 1-245*, No. 3:10-cv-00096-JPB, Dkt.

No. 28 (Dec. 15, 2010) (attached as Exhibit 2). The Court also noted that any individually-filed actions could proceed "only against Does with IP addresses of computers located within" the jurisdiction. *Id*. at 5 n.2. The Court consequently quashed all outstanding subpoenas that did not relate to the one remaining Doe defendant. *Id*.

That reasoning has equal application to this case. As the Moving Defendants explained in their motion to quash and dismiss, the complaint in this case alleges only that different defendants, at different times and different locations, using different computers and different Internet Service Providers, each allegedly made available for distribution the same movie. As the West Virginia district court correctly held, Rule 20 does not permit joinder of defendants in such circumstances. Moreover, *none* of the Moving Defendants that have filed declarations with this court reside, do business in, or otherwise have sufficient jurisdictional ties to the District of Columbia, which would require the quashing the subpoenas issued against the Moving Defendants' ISPs under the reasoning of the West Virginia district court. Accordingly, the Moving Defendants respectfully submit that the West Virginia district court's rulings are correct, and requests that this Court consider those rulings as persuasive authority.

December 17, 2010                               Respectfully submitted,


/s/ Carey Lening
Carey Lening, Esq. (D.C. Bar No. 449284)
LAW OFFICE OF CAREY N. LENING
1325 G. ST. NW Ste. 500
Washington, DC 20005
(202) 709-4529
carey.lening@careylening.com

*Counsel for the Moving Defendants*

**CERTIFICATE OF SERVICE**

    I, Carey Lening, certify that on December 17, 2010, that I served the foregoing "NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE MOVING DEFNEDANTS MOTION TO QUASH AND DISMISS" along with the accompanying exhibits via the Court's CM/ECF system and that service will be accomplished by the CM/ECF system.

December 17, 2010                                       /s/ Carey Lening
                                                             Carey Lening, Esq.