UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**DOES 1 – 5,000** )<br>)<br>    **Defendants.** )<br>_____ ) | CA. 1:10-cv-00873-RMU |

# PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OMNIBUS DEFENDANTS' MOTION TO QUASH AND DISMISS SUBPOENA [DOC. NO. 24]

## TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT ................................................................................................................2

    A. STANDARDS ON MOTIONS TO QUASH................................................................2

    B. THE "DEVELOPMENTS" ARE MISPLACED AND MISLEADING.........................4

        1. Any personal jurisdiction argument a Doe Defendant might have does not justify quashing the subpoena ................................................................................................4

        2. The orders in the Northern District of West Virginia are severely flawed and contradict orders issued in similar cases in this Court ..................................................8

III. CONCLUSION............................................................................................................13

TABLE OF AUTHORITIES

**Cases**

Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8 (D.D.C. 2009) ...................................................4

Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480 (E.D.N.C. 2008) ............................................5

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1 (D.D.C. 2008) ................................. 3, 5, 8-9

Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008) ........................................9

Arista Records LLC v. Does 1-16, 2009 WL 414060 (N.D.N.Y February 18, 2009) .....................6

Arista Records, LLC v. Does 1-11,

No. 1:07-CV-2828, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008) .....................................9

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) .... 9-10

Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) .....................................14

Covad Commun'ns Co. v. Revonet, Inc.,

No. 09-MC-102, 2009 WL 3739278 (D.S.D. Nov. 4, 2009) ...............................................3

DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004) .............................................................9

Fonovisa, Inc. v. Does 1-9, No. 07-1515, 2008 WL 919701 (W.D. Pa. April 3, 2008) ..............3, 9

Guest v. Leis, 255 F.3d 325 (6th Cir. 2001) .....................................................................................5

Heat & Control, Inc. v. Hester Industries, Inc.,

785 F.2d 1017, 228 USPQ 926 (Fed. Cir. 1986) ................................................................3

Horizons Titanium Corp. v. Norton Co., 290 F.2d 421 (1st Cir. 1961) ...........................................3

Interscope Records v. Does 1-14, 558 F.Supp.2d 1176 (D. Kan. 2008) ..........................................5

Johnson v. Gmeinder, 191 F.R.D. 638 (D. Kan. 2000) ...................................................................4

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ...............................14

London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008) .....................................6

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .......14

MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004)......................................9

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)..............................3

Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389 (D.D.C. 2007)........................................4

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)..................5, 6, 9, 12

Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006)......................9

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) .........14

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ................................14

U.S. v. Hambrick, 55 F. Supp. 2d 504 (W.D. Va. 1999) ................................................................5

United States v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979) .......................................3

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)...................................14

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18 (D.D.C. 2005) ................................3

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) ................. 2-3

Windsor v. Martindale, 175 F.R.D. 665 (D. Colo.1997) ...............................................................4

**Statutes**

Fed. R. Civ. P. Rule 20 ...................................................................................................................9

Fed. R. Civ. P. Rule 26 ...................................................................................................................2

Fed. R. Civ. P. Rule 45 ...................................................................................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

Plaintiff submits this response to certain Doe Defendants' notice of supplemental authority filed in support of their motion to quash subpoenas. [Doc. No. 24][1]

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the "Movie"), over the Internet. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court Minute Order of 6/25/10] Thereafter, Plaintiff served subpoenas on the non-party ISPs, requesting various production dates.

Certain Doe Defendants filed a motion to quash certain of the subpoenas and/or dismiss the case, which motions are still pending. [See Doc. No. 12; see also Doc. No. 23 (joinder in omnibus motion)] These Doe Defendants now want this Court to consider proceedings in other cases that have no relevance to quashing any subpoena. Therefore, the Court should ignore the

---

[1] While the omnibus motion was titled as a motion to quash and motion to dismiss [Doc. No. 12], the notice of supplemental authority only applies to "the Moving Defendants' motion to quash." [Doc. No. 24 at p. 1]

1

supplemental authority and deny these Doe Defendants' motions in their entirety.

II. ARGUMENT

These Doe Defendants present two "developments" that they claims bear on their motion to quash. First, these Doe Defendants present an order from Judge Collyer to argue that the subpoenas should be quashed because other actions by other plaintiffs in other cases. Second, these Doe Defendants present orders from the Northern District of West Virginia to argue that the subpoenas should be quashed because joinder is improper. However, these arguments are misplaced on a motion to quash, and these Doe Defendants' characterizations of the "developments" are misleading.

### A. STANDARDS ON MOTIONS TO QUASH

The standards on a motion to quash bear repeating, as these Doe Defendants advance arguments that have nothing to do with the Court quashing the subpoenas. A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3). Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more

2

limited protection.'" Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984). The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue. See Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see also Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

Last, "[o]rdinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information." Covad Commun'ns Co. v. Revonet, Inc., No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing E.E.O.C. v. Danka Indus., Inc., 990 F. Supp. 1138, 1141 (E.D.Mo.1997)); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005) (Facciola, J.) ("A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested." [citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995)]).

However, that standing to object should limited to only challenging the subpoena on the grounds that it requires disclosure of information "privileged at common law or by statute or rule" and not any other grounds. See Windsor v. Martindale, 175 F.R.D. 665, 668 (D.Colo.1997). "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." Id. (citation omitted); see also Johnson v. Gmeinder, 191 F.R.D. 638, 639 n. 2 (D.Kan.2000); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D.Pa.2001); Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007) (Facciola, J.) (stating that "[t]o make a legitimate claim of privilege the Defendants would have had to show some reason to believe that the subpoena threatened the disclosure of information that was protected by a privilege that *these* Defendants could claim") (emphasis added); Amobi v. D.C. Dept. of Corrections, 257 F.R.D. 8, 9-10 (D.D.C. 2009) (Facciola, J.) (holding that District of Columbia Department of Corrections had no right to claim work product or attorney-client privilege with regard to United States Attorney's Office's files relating to former corrections officer's criminal prosecution for assaulting inmate, and thus did not have standing to object to subpoena served on USAO by officer seeking files in connection with officer's civil rights action against Department).

B.  THE "DEVELOPMENTS" ARE MISPLACED AND MISLEADING.

    1.  <u>Any personal jurisdiction argument a Doe Defendant might have does not justify quashing the subpoenas.</u>

The only analysis the Court should engage in for these Doe Defendants' motion to quash the subpoenas is whether the subpoenas require production of privileged information. Further, even as it relates to the subpoenaed party, the only analysis required by the Court is the balancing

4

test between the relevance of the discovery sought and the requesting party's need, on the one hand, and the potential hardship to the party subject to the subpoena, on the other hand.

Here, in granting Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, the Court has already determined that Plaintiff has met its threshold burden to obtain further information about the Doe Defendants because the identifying information is relevant to Plaintiff's claims against the Doe Defendants and because Plaintiff simply cannot proceed with this information.

Further, again, as detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F. Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

It appears that these Doe Defendants' first "development" again attempts to argue that the Court's supposed lack of personal jurisdiction of the Doe Defendants justifies quashing the

subpoenas. However, these Doe Defendants still have not shown any authority of how they have standing to assert personal jurisdiction arguments in the context of a motion to quash the subpoenas.

The issue of the Court's personal jurisdiction over the Doe Defendants is completely irrelevant on a motion to quash the subpoenas. In a similar case, <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[2] The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants." <u>Id.</u> at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature." <u>Id.</u>; <u>see</u> <u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); <u>see</u> <u>also</u> <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Additionally, these Doe Defendants' characterization of this "development" is seriously

---

[2] Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d at 567, fn. 8.

6

misleading. These Doe Defendants claim that Judge Collyer's order "directed plaintiff to state affirmatively the Court's jurisdiction over the Doe defendants or else dismiss them." [Doc. No. 24 at p. 1] Judge Collyer's order actually just gave those plaintiffs a deadline to identify "Defendants over whom it reasonably believes the Court has personal jurisdiction *and whom it wants to sue*." [Doc. No. 24-1 at p. 2 (emphasis added)] The plaintiffs' actions in those cases, identifying those defendants they want to sue and dismissing a number of Doe Defendants, does not somehow concede the Court lacks jurisdiction over any Doe Defendant, especially not in this case, or that the subpoenas should be quashed for that reason.

In fact, it is more telling that these Doe Defendants have presented this Court with only a glimpse of the developments in the *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC and *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC cases. In those cases, Judge Collyer specifically noted the same argument advanced by non-party Time Warner Cable that it does not have any customers in this jurisdiction, but she then ruled that this argument did not justify quashing the subpoena and that any arguments on personal jurisdiction grounds were premature. [See Ex. 1 hereto (transcript of hearing) at pp. 44:23-45:7] Further, these Doe Defendants failed to apprise this Court that the plaintiffs in those cases are proceeding against certain named defendants and Doe Defendants who are Time Warner Cable subscribers but who have not yet been identified by Time Warner Cable.

Therefore, the Court should disregard these Doe Defendants' proposed supplemental authority and arguments related to the personal jurisdiction. These arguments are simply irrelevant on a motion to quash and are premature in the overall course of these proceedings.

2. <u>The orders in the Northern District of West Virginia are severely flawed and contradict orders issued in similar cases in this Court.</u>

These Doe Defendants ask this Court to consider orders from the Northern District of West Virginia issued in response to a doe defendant's motion to dismiss to justify quashing the subpoenas in this case. Not only is this argument misplaced, but the orders from the Northern District of West Virginia are severely flawed. Further, the orders from the Northern District of West Virginia contradict previous orders issued by Judge Collyer in this Court, where those orders present the better position.

First, Judge Bailey's orders fail to address a number of issues. Judge Bailey's orders improperly restrict the nature of the allegations. Judge Bailey's orders state that "plaintiff appears to allege that joinder is based upon the Does' use of some of the same ISPs and some of the same peer-to-peer ("P2P") networks to infringe the same copyright." [Doc. No. 24-2 at p. 2] However, Judge Bailey's orders failed to consider the allegations concerning the nature of the infringing activity via torrent services involved.

Because of the nature of the swarm downloads alleged, every infringer (Doe Defendant) is simultaneously stealing copyrighted material through collaboration from many other infringers, through a number of ISPs, in numerous jurisdictions around the country. The file-focused nature of these torrent services illustrates that it is highly likely that all of the alleged Doe Defendants have been involved with the same infringing file (a plaintiff's movie) from the time of its initial seeding up to and including the present day, thus constituting the same series of transactions and occurrences.

Further, Judge Bailey's orders fail to address directly contradictory authority, including Judge Collyer's orders and <u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d 1 (D.D.C. 2008)

8

(Kollar-Kotelly, C.); Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d 240 (D. Me. 2008); Arista Records LLC v. Does 1-16, Civ. No. 1:08-CV-765 (GTS/RFT), 2009 WL 414060 (N.D.N.Y. Feb. 18, 2009), Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004); MyMail, Ltd. v. America Online, Inc., 223 F.R.D. 455 (D.C. Tex. 2004); Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 233 F.R.D. 615 (D. Kan. 2006); DIRECTV, Inc. v. Barrett, 220 F.R.D. 630 (D. Kan. 2004).

In fact, in many of the similar music download cases, the plaintiffs submitted a list of over three hundred court orders that have apparently approved joinder in similar cases. See, e.g., Arista Records, LLC v. Does 1-27, 584 F. Supp. 2d at 251.[3] On the other hand, the cases relied upon by Judge Bailey are opinions or orders (all of which are not published in the Federal Register) that provide very little analysis and generally rely on conclusory assertions in concluding that those cases suffered from misjoinder.

For example, the reliance on BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) is unpersuasive. First, the analysis in that case was quite sparse and unclear. The predominate reasoning for the court's conclusion of improper joinder seemed to be its finding that "[e]ach claim involves different property, facts, and defenses.…[g]iven this panoply of facts, law, and defenses…[j]oinder is improper." The court seemed to conclude that the allegations did not satisfy the second prong of Rule 20(a)(2) and lacked the requirement of "*any* question of law or fact common to all defendants will arise in the action." Rule 20(a)(2)(B) (emphasis added). However, the court never considered the initial common question of law of whether all defendants infringed the plaintiffs' copyrights or the initial common question of fact

---

[3] Plaintiff acknowledges that the use of this list has been criticized by at least two courts. See Arista Records, LLC v. Does 1-11, No. 1:07-CV-2828, 2008 WL 4823160, at *6 fn. 7 (N.D. Ohio Nov. 3, 2008); Fonovisa, Inc. v. Does 1-9, Civil Action No. 07-1515, 2008 WL 919701, at *5 fn. 10 (W.D. Pa. Apr. 3, 2008).

of whether all defendants used a file sharing service over the internet. Either of these questions was common to all defendants and would seem to satisfy the requirement of *any* common question of law or fact.

Further, Judge Bailey's orders do not consider the part of that court's analysis that provides a clear factual distinction. There, the court found that each claim of copyright infringement involved separate and distinct copyrights held by multiple plaintiffs:

> John Doe 104, for example, is alleged to have infringed nine works held by five Plaintiffs. John Doe 113 is alleged to have infringed ten works owned by a different (sometimes overlapping) group of Plaintiffs, with only one copyright identical to John Doe 104 ("Guilty Conscience," by the popular rap lyricist Eminem). John Doe 199, meanwhile, is alleged to have infringed seven works, none of them the same as John Doe 58. Plaintiffs' Complaint, Exh. A. In other words, in addition to the individual acts of infringement encompassing separate transactions and occurrences, the actual property at issue is different for each Defendant.

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888 at *1.

In the cases in front of Judge Bailey, as with this case, the allegations relate to the infringement of only one copyright held by only one plaintiff. Accordingly, a question of law and fact is common to all Doe Defendants – whether each Doe Defendant did unlawfully copy and/or distribute each plaintiff's movie. Again, to satisfy the requirement that a question of law or fact common to all defendants will arise in the action, a plaintiff need to only allege that *any* question of law or fact is common to all Doe Defendants. Just because certain Doe Defendants might present different defenses, and just because *some* facts related to the Doe Defendants might be different, does not defeat a plaintiff's initial showing under this second prong of Rule 20(a)(2).

If a plaintiff had to show that every single fact and legal argument was the same for every defendant in a case, joinder of defendants could never exist. There will always be some level of

different facts or legal theories amongst co-defendants, even where their liabilities arise out of the same transaction or series of transactions. That is precisely why the second prong of Rule 20(a)(2) only requires that *any* question of law or fact be common to all Doe Defendants.

All of these arguments and issues were advanced in front of Judge Collyer in the *Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC and *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC cases. Therein, Judge Collyer ruled that "the numerous Doe Defendants are not severed due to misjoinder." [*Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-4,577*, No. 1:10-cv-00453-RMC, Doc. No. 34; *West Bay One, Inc. v. Does 1-1,653*, No. 1:10-cv-00481-RMC, Doc. No. 25 (attached as Exhibit 2 hereto; a nearly identical order was issued in the *Achte/Neunte* case)] Judge Collyer stated at the hearing that she would not quash the subpoena to Time Warner Cable "because we don't know who the end users are and even though I trust the representation that none of those persons is in the District of Columbia as a residence, we don't know where their actions were taken that were offensive to the copyright interest of the plaintiff." [Ex. 1 hereto at p. 45:2-7]

Second, Judge Bailey's orders do not provide any authority that any "amended complaints shall proceed only against Does with IP addresses of computers located within the State of West Virginia." [Doc. No. 24-2 at p. 5 fn. 2] It appears that Judge Bailey is making a *sua sponte* determination of the personal jurisdiction over the doe defendants in those cases. There is simply no authority for such an order.[4] As stated by Judge Collyer, such an argument does not provide grounds for quashing the subpoenas.

---

[4] It is important to note that Judge Bailey sealed the filings in those cases from public access on Pacer. However, Judge Bailey never provided any authority for the sealing of the court's records.

It appears that Judge Bailey made this determination based on non-party Time Warner Cable's argument that "there is a publicly-available website that allows the plaintiff to determine the physical location of each Doe's computer at the time of the alleged copyright infringements." [Doc. No. 24-2 at p. 5 fn. 2]  Judge Bailey seemingly did not consider that most ISPs assign dynamic IP addresses that change over time, so no publicly-available website determines the location of an IP address at the time of the alleged infringement, only at the time of the website search.

More importantly, Judge Bailey seemingly did not consider that the exact same argument and technique was specifically rejected in <u>Sony v. Does 1-40</u>.  There, the plaintiffs opposed this technique and stated that "the geographical designations fall 'far short' of 100 percent accuracy and are 'often extremely inaccurate.'"  326 F. Supp. 2d at 567.  The court went on to state that "[a]ssuming personal jurisdiction were proper to consider at this juncture, the techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located outside of New York.  This, however, does not resolve whether personal jurisdiction would be proper."  <u>Id.</u> at 567-568.

Also as shown by Judge Collyer at the hearing, just because Time Warner Cable does not have any subscribers in this district and just because a Doe Defendant's residence is not in this district does not mean the Court lacks jurisdiction over them.  Judge Bailey's orders fail to consider that an infringing act could have occurred by a Doe Defendant while visiting this jurisdiction or that the Court might have general personal jurisdiction over a Doe Defendant who has the requisite minimum contacts.  As shown by Judge Collyer's orders and the cases cited herein, any determination of personal jurisdiction is simply premature until a Doe Defendant has been identified and named.

It is important to note that Judge Bailey made his ruling with no real opposition briefing from the plaintiffs in regard to the joinder and personal jurisdiction issues and without himself conducting any hearing.[5]  On the other hand, Judge Collyer made her rulings after full briefing and a hearing on the joinder and personal jurisdiction issues.  Overall, Judge Collyer's decision to not sever the Doe Defendants for misjoinder at such an early stage of the case is the better position.

Lastly, these Doe Defendants' characterization of this "development" is not only misleading, it is blatantly false.  These Doe Defendants state that the Northern District of West Virginia "ordered *dismissal* of all but one John Doe defendant in each of the seven cases before it."  [Doc. No. 24 at p. 2 (emphasis added)]  The Northern District of West Virginia's orders are clear – the motion to dismiss was denied.  [See Doc. No. 24-2 at pp. 3-4]  Rather, the Northern District of West Virginia severed all but one doe defendant.

Therefore, the Court should disregard these Doe Defendants' proposed supplemental authority and arguments related to joinder and personal jurisdiction.  Again, these arguments are simply irrelevant to a motion to quash and are premature in the overall course of these proceedings.

III. CONCLUSION

Overall, these Doe Defendants have not demonstrated any reason to quash the subpoenas.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost

---

[5] While a hearing was held, that hearing was with the magistrate judge.  It is unclear from the record, but it does not appear that the magistrate judge made any recommendation or report to Judge Bailey concerning the joinder issue in those cases.

13

identical to this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants. On the other hand, these Doe Defendants have not established any privacy right or other authority to require quashing of the subpoena.  Neither of the two "developments" has changed the analysis.  Therefore, the Court should disregard these Doe Defendants' supplemental authority and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully Submitted,

VOLTAGE PICTURES, LLC

DATED:  December 27, 2010

By:   /s/
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*