UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CALL OF THE WILD MOVIE, LLC** <br> Plaintiff, <br> v. <br> **DOES 1 – 1,062** <br> Defendants. | ) ) ) ) ) ) | CA. 1:10-cv-00455-BAH |
| **MAVERICK ENTERTAINMENT GROUP, INC.**, <br> Plaintiff, <br> v. <br> **DOES 1 – 4,350** <br> Defendants. | ) ) ) ) ) ) ) ) | CA. 1:10-cv-00569-BAH |
| **VOLTAGE PICTURES, LLC** <br> Plaintiff, <br> v. <br> **DOES 1 – 5,000** <br> Defendants. | ) ) ) ) ) ) ) | CA. 1:10-cv-00873- BAH |
| **DONKEYBALL MOVIE, LLC** <br> Plaintiff, <br> v. <br> **DOES 1 – 171** <br> Defendants. | ) ) ) ) ) ) ) | CA. 1:10-cv-01520-BAH |

**CONSOLIDATED STATUS REPORT PURSUANT**

**TO THE COURT'S DIRECTION OF 3/1/11**

Counsel for the Plaintiffs, Call of the Wild Movie, LLC, Maverick Entertainment Group, Inc., Voltage Pictures, LLC, and Donkeyball Movie, LLC file this consolidated report, pursuant to the Court's direction of March 1, 2011, detailing the number of subscribers identified and how many of those individuals will be named as defendants in each case.

1

As a brief reminder, the Plaintiffs are the owners of the copyrights of certain motion pictures who filed these cases for copyright infringement against various individuals who allegedly illegally downloaded and distributed the movies over the Internet. When the suits were filed, Plaintiffs did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements. In order to discover the actual names of the Doe Defendants, Plaintiffs subpoenaed the Internet Service Providers ("ISPs") who provide service to the identified IP addresses.

In the Call of the Wild case, 1:10-cv-00455, Plaintiff Call of the Wild has received subpoena productions from all of the ISPs except Time Warner Cable, Inc. Plaintiff Call of the Wild has requested resolution of 224 IP addresses from TWC, and TWC's motion to quash the subpoena is still pending. Plaintiff Call of the Wild notes that identifying information has been withheld by the ISPs Comcast (13) and Cox (3) for certain IP addresses based on motions or additional time being needed by the ISP. Plaintiff Call of the Wild requests additional time to name and serve the 250 IP addresses for which Plaintiff Call of the Wild has yet to receive identifying information. At this time, Plaintiff Call of the Wild does not wish to name any of the IP addresses for which it has received identifying information as Defendants. Plaintiff Call of the Wild is willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of the date of this report. After the dismissal, Plaintiff Call of the Wild will continue its investigation and attempt to resolve the claims with those IP addresses and then pursue those claims as appropriate under the circumstances. Plaintiff Call of the Wild is not conceding that the Court does not have jurisdiction over the IP addresses it seeks to dismiss, only that Plaintiff Call of the Wild does not wish to pursue any of those IP addresses as named Defendants in this Court at this time.

In the Maverick Entertainment Group case, 1:10-cv-00569, Plaintiff Maverick has received complete subpoena productions from Charter (261 IPs requested) and Cox (359 IPs requested), partial productions from Comcast (114 out of 1,646 IPs requested) and Verizon (101 out of 345 IPs requested), and has yet to receive productions from AT&T (expected 3/23/11, 178 IPs requested), Qwest (expected 3/31/11, 63 IPs requested), and TWC (783 IPs requested, motion to quash pending).  Plaintiff Maverick notes that identifying information has been withheld by the ISPs Charter (8), Comcast (6), Cox (5), Optimum/Cablevision (1), and Verizon (2) for certain IP addresses based on motions or additional time being needed by the ISP.  Accordingly, Plaintiff Maverick has yet to receive identifying information for 2,822 IP addresses.  At this time, Plaintiff Maverick does not wish to name any of the IP addresses for which it has received identifying information as Defendants, but Plaintiff notes that it has not been able to process recent productions from Comcast (produced 3/1/11) and Verizon (produced 3/3/11).  Plaintiff Maverick anticipates receiving the productions from AT&T and Qwest by the Court's deadline to name and serve Defendants of June 13, 2011.  However, Plaintiff Maverick anticipates not receiving full production from Comcast or Verizon until after the Court's deadline to name and serve Defendants of June 13, 2011.  Plaintiff Maverick is willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of February 1, 2011.  After the dismissal, Plaintiff Maverick will continue its investigation and attempt to resolve the claims with those IP addresses and then pursue those claims as appropriate under the circumstances.  Plaintiff Maverick is not conceding that the Court does not have jurisdiction over the IP addresses it seeks to dismiss, only that Plaintiff Maverick does not wish to pursue any of those IP addresses as named Defendants in this Court at this time.

In the Voltage Pictures case, 1:10-cv-00873, Plaintiff Voltage has received complete subpoena productions from Alltel (4 IPs resolved), Earthlink (75 IPs resolved), Frontier (287 IPs resolved), Hughes (45 IPs resolved), Knology (6 IPs resolved), Qwest (1,949 IPs resolved), RCN (519 IPs requested), Suddenlink (544 IPs requested); WideOpenWest (541 IPs resolved). Plaintiff is receiving rolling productions from Atlantic Broadband, Charter, Insight, Mediacom, Verizon, Wave, and Windstream.  Plaintiff Voltage notes that no particular set of IP addresses were stated in its Complaint and that its motion for discovery requested leave to conduct discovery on all of the Doe Defendants it has been able to identify to date, as well as any other infringers that Plaintiff Voltage identifies during the course of this litigation, as Plaintiff Voltage's infringement monitoring efforts are on-going and continuing.  [See Doc. No. 4, pp. 16-17, fn. 3]  Plaintiff Voltage also notes that identifying information has been withheld by the ISPs for at least 70 IP addresses based on motions.  Lastly, Plaintiff Voltage notes that the Court's imposed deadline to name and serve Defendants is March 23, 2011.  [See Minute Order of 9/28/10]  Plaintiff Voltage requests additional time to name and serve the IP addresses for which Plaintiff Voltage has yet to receive identifying information.  At this time, Plaintiff Voltage does not wish to name any of the IP addresses for which it has received identifying information as Defendants.  Plaintiff Voltage is willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of February 1, 2011.  After the dismissal, Plaintiff Voltage will continue its investigation and attempt to resolve the claims with those IP addresses and then pursue those claims as appropriate under the circumstances.  Plaintiff Voltage is not conceding that the Court does not have jurisdiction over the IP addresses it seeks to dismiss, only that Plaintiff Voltage does not wish to pursue any of those IP addresses as named Defendants in this Court at this time.

In the Donkeyball case, 1:10-cv-01520, Plaintiff Donkeyball has received subpoena productions from all of the ISPs except Clearwire, Comcast, and TWC.  The subpoena productions received by Plaintiff Donkeyball have resulted in 48 IP address resolutions.  Plaintiff Donkeyball anticipates receiving the productions from Clearwire (3 IPs requested) and Comcast (29 IPs requested) by the Court's deadline to name and serve Defendants of June 13, 2011.  Plaintiff Donkeyball has requested resolution of 21 IP addresses from TWC, and TWC's motion to quash the subpoena is still pending.  Plaintiff Donkeyball notes that identifying information has been withheld by Charter for one (1) IP address based on a motion.  Plaintiff Donkeyball is willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of February 1, 2011.  After the dismissal, Plaintiff Donkeyball will continue its investigation and attempt to resolve the claims with those IP addresses and then pursue those claims as appropriate under the circumstances.  Plaintiff Donkeyball is not conceding that the Court does not have jurisdiction over the IP addresses it seeks to dismiss, only that Plaintiff Donkeyball does not wish to pursue any of those IP addresses as named Defendants in this Court at this time.

|  |  |
|---|---|
| DATED:  March 11, 2011 | Respectfully submitted,<br>Call of the Wild Movie, LLC, Maverick Entertainment Group, Inc., Voltage Pictures, LLC, and Donkeyball Movie, LLC<br><br>By:   /s/<br>Thomas M. Dunlap (D.C. Bar # 471319)<br>Nicholas A. Kurtz (D.C. Bar # 980091)<br>DUNLAP, GRUBB & WEAVER, PLLC<br>1200 G Street, NW Suite 800<br>Washington, DC 20005<br>Telephone: 202-316-8558<br>Facsimile: 202-318-0242<br>tdunlap@dglegal.com<br>nkurtz@dglegal.com<br>*Attorneys for the Plaintiffs* |