**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VOLTAGE PICTURES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00873-BAH** |
| | ) | |
| **DOES 1 – 5,000** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 28-88]**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT ....................................................................................................................3

    A. STANDARDS ON MOTIONS TO QUASH ..................................................................3

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY

    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

    INFRINGE PLAINTIFF'S COPYRIGHTS .......................................................................4

    C. DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE ...............5

    D. QUASHING A SUBPOENA OR DISMISSING A PARTICULAR DOE

    DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE

    PREMATURE ...................................................................................................................6

    E. ANY ARGUMENT THAT A DOE DEFENDANT DID NOT ENGAGE IN THE

    ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH ......9

    F. DOE DEFENDANTS' ARGUMENTS RELATED TO JOINDER DO NOT JUSTIFY

    QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT AND ARE

    GENERALLY INAPPROPRIATE AT THIS STAGE OF THE PROCEEDINGS ..........10

    G. DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION

    REQUESTED IS PRIVILEGED OR CONFIDENTIAL ..................................................11

    H. DOE DEFENDANTS' ARGUMENTS RELATED TO SERVICE OF THE

    SUBPOENAS ARE MISPLACED .................................................................................14

III. CONCLUSION ..............................................................................................................17

<u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094,</u>

      CA No. 1:10-cv-00453-RMC (D.D.C.) ............................................................10

<u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094,</u>

      Case No. 10-453, 2010 WL 3522256 (D.D.C. Sept. 10, 2010) ................................... 11-12

<u>Arista Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480 (E.D.N.C. 2008) ..........................................12

<u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060 (N.D.N.Y February 18, 2009)....................7

<u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d 1 (D.D.C. 2008)................................4, 11, 12

<u>Caroline Records, Inc., et al. v. Does 1-175</u>, Case No. 04 2028 (D.D.C.) ....................................18

<u>Dendrite International v. Doe</u>, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001) ...........................12

<u>Donkeyball Movie LLC v. Does 1-171</u>, Case No. 10-1520, Order of January 14, 2011,

      Doc. No. 18 (D.D.C.) ........................................................................................12

<u>Flatow v. Islamic Republic of Iran</u>, 196 F.R.D. 203 (D.D.C. 2000).................................................9

<u>Fonovisa, Inc. v. Does 1-9</u>, 2008 WL 919701 (W.D. Pa.)........................................................4, 10

<u>G2 Productions, LLC v. Does 1-83</u>, Case No. 10-041, Order of May 3, 2010,

      Doc. No. 18 (D.D.C.) ........................................................................................12

<u>Guest v. Leis</u>, 255 F.3d 325 (6th Cir. 2001) ................................................................................11

<u>Heat & Control, Inc. v. Hester Indus., Inc.</u>, 785 F.2d 1017 (Fed. Cir. 1986) .................................3

<u>Horizons Titanium Corp. v. Norton Co.</u>, 290 F.2d 421 (1st Cir. 1961)...........................................3

<u>Ice Corp. v. Hamilton Sundstrand Corp.</u>, 2007 WL 1364984 (D. Kan. May 9, 2007).................17

<u>Interscope Records v. Does 1-14</u>, 558 F.Supp.2d 1176 (D. Kan. 2008).......................................11

<u>Jett v. Penner</u>, 2007 WL 127790 (E.D. Cal. January 12, 2007)....................................................17

Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) ...............................18

London-Sire Records, Inc. v. Doe 1, 542 F.Supp.2d 153 (D. Mass. 2008) ......................................7

Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) .......18

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)...............................3

Premier Election Solutions, Inc. v. Systest Labs Inc., 2009 WL 3075597

    (D. Colo. September 22, 2009) ........................................................................................16

Sinclair v. TubeSockTedD, 596 F. Supp. 2d 128 (D.D.C. 2009) ...................................................12

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ................... 7, 11-12

Tubar v. Clift, 2007 WL 214260 (W.D. Wash. January 25, 2007)................................................17

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) .........18

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) .................................18

U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17 (D. Maine 2010)........................................... 16-17

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) ................................................................12

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979).......................................................3

Walker v. Center for Food Safety, 667 F.Supp.2d 133 (D.D.C. 2009) ..........................................16

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)....................................18

West Bay One, Inc. v. Does 1-1,653, Case No. 10-481,

    2010 WL 3522265 (D.D.C. Sept. 10, 2010) ...................................................................7, 12

West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC (D.D.C.) ...................................10

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) ......................3

Worldwide Film Entertainment, LLC v. Does 1-749, Case No. 10-0038, Orders of May 13, 2010,

    May 17, 2010, and May 20, 2010, Doc. Nos. 21-26 (D.D.C.)..........................................12

**Statutes**

Fed. R. Civ. P., Rule 5 ................................................................................................6

Fed. R. Civ. P., Rule 26 ........................................................................................2, 3, 6

Fed. R. Civ. P., Rule 37 ........................................................................................ passim

Fed. R. Civ. P., Rule 45 .................................................................................. 2, 3, 14-15

LCvR Rule 7 ................................................................................................... 5-6

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I. INTRODUCTION

Plaintiff submits this opposition to a variety of motions and letters filed as purported

motions to quash, motions to dismiss, and motions for protective orders and requests that the

Court deny the motions and all similar motions already filed and that will be filed in the future.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who

have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the

"Movie"), over the Internet.  At this point, Plaintiff has only been able to identify the Doe

Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement.  The

only way that Plaintiff can determine Defendants' actual names is from the Internet Service

Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet

access, as this information is readily available to the ISPs from documents they keep in the

regular course of business.

Plaintiff's Complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants.

[Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f)

Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court

Minute Order of 6/25/10]  Thereafter, Plaintiff served subpoenas on the non-party ISPs,

requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff

identified an infringing IP address on the date and time of alleged infringement.  Various

individuals who received such notices have moved to quash the subpoenas and/or dismiss the

case based on lack of personal jurisdiction and misjoinder, some of those motions being form

motions purchased on the internet and filed without any independent evaluation of their merits.

1

Plaintiff files this consolidated opposition to address all of the arguments made by the various Doe Defendants.[1]  Plaintiff notes that it previously filed an opposition (Doc. No. 19) to the recently filed Doc. Nos. 28-30, which were included in the previously filed Doc. No. 18, and to the recently filed Doc. No. 88, which was previously filed as Doc. No. 12 (opposition at Doc. No. 13).  While Plaintiff's counsel has been unable to view the sealed motions (Doc. Nos. 56-60, 62, 64-68, and 73-86), Plaintiff believes these motions to be form motions purchased on the internet.[2]

Because none of the motions provide good cause for quashing the subpoenas, Plaintiff requests that the motions be denied in their entirety.[3]  Additionally, because the motions present nearly identical arguments as previously filed motions and motions presented in a number of similar cases pending in this Court, Plaintiff requests that any similar future motions be denied in their entirety without Plaintiff having to file a separate opposition.[4]  To the extent the Court

---

[1] Plaintiff's counsel was never served with a majority of these motions, and did not receive notice that the motions were officially filed for those that were served on Plaintiff's counsel, until they were posted on the Court's docket on March 2-3, 2011.  Accordingly, Plaintiff is filing this opposition as soon as reasonably possible after receiving notice of the motions.

[2] Because Plaintiff's counsel does not have any identifying information for these Doe Defendants, Plaintiff is unable to serve this opposition on them and requests that the Court forward this opposition to the relevant Doe Defendants whose identifying information is currently under seal.

[3] The most glaring evidence of the impropriety of the form motions are the form motions for protective orders.  These form motions purport to be pursuant to Fed. R. Civ. P., Rule 37.  However, that rule does not provide justification for the Court to quash the subpoenas.  The subpoenas at issue here were issued pursuant to Fed. R. Civ. P., Rule 45.  The provisions for the Court to act on these subpoenas are found in Fed. R. Civ. P., Rule 45(c) and Rule 26(c).

[4] The only documents providing distinct arguments are Doc. No. 52 (notice of military active duty) and Doc. No. 55 (notice of bankruptcy proceedings).  However, these filings similarly do not show good cause to quash the subpoenas for these Doe Defendants, even if they do present arguments as to why Plaintiff cannot pursue those individuals as named Defendants at this time.

would like further briefing to address any issues in the sealed motions or for arguments not addressed, Plaintiff's counsel welcomes the opportunity to submit further argument.

## II. ARGUMENT

### A.  STANDARDS ON MOTIONS TO QUASH

A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'"  Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

3

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical

arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see

also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008)

(holding that if the individual or entity whose identifying information was sought by a subpoena

served on an ISP "believes that it has been improperly identified by the ISP, [the individual or

entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in

support of its defenses").


   B.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY
       AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID
       INFRINGE PLAINTIFF'S COPYRIGHTS.

   The Court has already determined that Plaintiff has met its threshold burden to obtain

further information about the Doe Defendants by identifying the Doe Defendants with sufficient

specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set

out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See

Doc. No. 4 and Court Minute Order of 6/25/10], Plaintiff identified the unique IP address for

each Defendant, along with the date and time of alleged infringement and ISP that provided

Internet access to each Defendant and assigned the unique IP address to the Defendant, from

information provided to it by Guardaley, Limited.  This information was obtained by

Guardaley's proprietary tracing software program to trace the IP address for each Defendant, as

detailed in the declarations of Benjamin Perino and Patrick Achache.  However, Plaintiff is

unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-

party ISPs, and the Defendants must be identified before this suit can progress further. Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's Movie on a specific date and time. Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems. See Achache Declaration (filed as Exhibit B to Plaintiff's Motion for Leave to Take Discovery [Doc. No. 4-2]) ¶ 4. Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's Movie for unlawful transfer or distribution. See id. at ¶ 8. In fact, Guardaley actually downloaded Plaintiff's Movie from the IP address assigned to these Defendants, just as it does with all Doe Defendants. See id. at ¶ 9. Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's Movie by watching both and comparing them. Id. at ¶¶ 16-17.


C.  DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE.

First, these Doe Defendants' motions are procedurally defective in that these Doe Defendants never attempted to meet and confer with Plaintiff's counsel.[5]

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

---

[5]  The only pre-filing meet and confer was with the attorney for the omnibus filing Doe Defendants.  [Doc. No. 88]

LCvR Rule 7(m).[6]

Here, these Doe Defendants' motions did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had these Doe Defendants met and conferred with Plaintiff's counsel, Plaintiff's counsel could have directed these Doe Defendants to the filings and authorities showing that the motions are not justified.

Second, a majority of the motions are procedurally defective for insufficient service. "Unless these rules provide otherwise, each of the following papers must be served on every party: … (D) a written motion, except one that may be heard ex parte."  Fed. R. Civ. P., Rule 5(a)(1).

Here, a majority of the motions were never served on Plaintiff's counsel.  Rather, they were filed with the Court in paper form.  Accordingly, Plaintiff's counsel did not become aware of those motions until the Court posted them on the online docket.

D. QUASHING A SUBPOENA OR DISMISSING A PARTICULAR DOE
DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE
PREMATURE.

Many of the Doe Defendants argue that the subpoenas should be quashed and/or they should be dismissed because the Court does not have personal jurisdiction over them.  However, the determination of the Court's jurisdiction over a particular Doe Defendant is not appropriate on a motion to quash a subpoena and is premature at this time, when Plaintiff is still conducting

---

[6] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

discovery to ascertain the identities of the Doe Defendants and has not yet named a particular Doe Defendant.

In a similar case, <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[7]  The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants."  <u>Id.</u> at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature."  <u>Id.</u>; <u>see</u> <u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); <u>see</u> <u>also</u> <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").[8]

---

[7]  Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d at 567, fn. 8.

[8]  Judge Collyer has ruled in a similar case pending in this Court that arguments related to personal jurisdiction and joinder are premature until Plaintiff actually names any Defendants.  [<u>West Bay One, Inc. v. Does 1-1,653</u>, Case No. 10-481, Doc. No. 36 at p. 5, fn. 2 (D.D.C.) (Collyer, J.) (also available at 2010 WL 3522265) ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

Here, quashing the subpoena or dismissing a particular Doe Defendant based on personal jurisdiction would likewise be premature. Plaintiff has not yet received any of the information sought from the ISP for these Doe Defendants and has not received information sought from other ISPs for other Doe Defendants. Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the IP address associated with each Doe Defendant's ISP account. As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas. Because Plaintiff would otherwise be entitled to discovery to challenge each Doe Defendant's statements about personal jurisdiction and because identifying discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify each Doe Defendant's statements.

Second, the information sought from the ISPs gives more information than simply the name and address of the Doe Defendants. As requested in the subpoenas, some ISPs are able to provide the Doe Defendants' modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case.

It must be noted that the Doe Defendants are not able to cite a single legal basis or authority where a motion to dismiss a Doe defendant was granted before the plaintiff actually specifically named that Doe defendant. While the Doe Defendants may generally state that they does not reside in the jurisdiction, even if such statements are accepted as true, they do not conclusively establish that the Court lacks personal jurisdiction over a particular Doe Defendant. The Court could still have jurisdiction over any Doe Defendant.

For example, these Doe Defendants could have specifically directed the alleged infringing activities to the District of Columbia by downloading or uploading Plaintiff's copyrighted work with another Defendant residing in the District of Columbia or because the Doe Defendant committed the infringing activities while visiting the jurisdiction.  Therefore, because Plaintiff has not received all of the identifying information from all of the Does, it is premature to dismiss any Doe Defendant at this time simply because that Doe Defendant may reside outside of the jurisdiction and especially as no Doe Defendant has been named to the lawsuit yet.

## E.  ANY ARGUMENT THAT A DOE DEFENDANT DID NOT ENGAGE IN THE ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH.

Another argument presented by most of the motions can be summarized as claims of innocence for the alleged infringement.  However, these statements amount to nothing more than each Doe Defendant's potential defenses in this case.

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.  The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is an "undue burden."  Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As shown herein, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical.

Overall, even though these Doe Defendants may have defenses to this suit, such defenses are not at issue at this stage of the proceedings.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").

F.  DOE DEFENDANTS' ARGUMENTS RELATED TO JOINDER DO NOT JUSTIFY QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT AND ARE GENERALLY INAPPROPRIATE AT THIS STAGE OF THE PROCEEDINGS.

Some of the Doe Defendants argue that the joinder of the Defendants is improper in this case.  However, joinder is proper at this time.

In two similar pending cases in front of Judge Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder…." [West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC (D.D.C.), Doc. No. 25; Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, CA No. 1:10-cv-00453-RMC (D.D.C.), Doc. No. 34]  For the convenience of the Court and the parties, Plaintiff previously attached the Statement of Good Cause filed in the West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC [Doc. No. 20][9] as Exhibit 1 to Plaintiff's opposition to

---

[9]  A nearly identical Statement of Good Cause was also filed in Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, CA No. 1:10-cv-00453-RMC [Doc. No. 39].

similar motions.  [Doc. No. 13-1]  Plaintiff hereby incorporates those arguments and authorities in opposition to the Doe Defendants' arguments related to joinder for these motions.

To summarize the argument in opposition to the joinder argument, any consideration of joinder is premature and inappropriate at this stage.  See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 568 (stating that "discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, see Fed.R.Civ.P. 21, and not the quashing of the subpoena at issue here").


G.  DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Another argument advanced by the motions is that the subpoenas request privileged or confidential information.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment.  See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); <u>Arista</u>

<u>Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480, 481 (E.D.N.C. 2008); <u>U.S. v. Hambrick</u>, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

    As this Court has recently noted in denying similar motions to quash, "Internet

subscribers do not have an expectation of privacy in their subscriber information as they already

have conveyed such information to their Internet Service Providers." <u>Achte/Neunte Boll Kino</u>

<u>Beteiligungs GMBH & Co. KG v. Does 1-2,094</u>, Case No. 10-453, 2010 WL 3522256, at *3

(D.D.C. Sept. 10, 2010) (Collyer, J.) (citations omitted) [Doc. Nos. 44-45]; <u>West Bay One, Inc.</u>

<u>v. Does 1-1,653</u>, Case No. 10-481, 2010 WL 3522265 (D.D.C. Sept. 10, 2010) (Collyer, J.)

[Doc. Nos. 36-37]; <u>see also</u> Doc. No. 17; <u>Donkeyball Movie LLC v. Does 1-171</u>, Case No. 10-

1520, Order of January 14, 2011, Doc. No. 18 (D.D.C.) (Sullivan, J.).[10]

    Should a Doe Defendant attempt to rely upon the five-part balancing test of <u>Dendrite</u>

<u>International v. Doe</u>, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001), as applied in <u>Sinclair v.</u>

<u>TubeSockTedD</u>, 596 F. Supp. 2d 128 (D.D.C. 2009), that reliance is inapplicable.  As noted by

this Court, when the "speech" at issue is the defendant's alleged infringement of copyrights, such

as this case, the Court will not adopt a test used for claims involving "actual speech," such as the

defamation claim in <u>Dendrite</u> and <u>Sinclair</u>.  <u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d at

8-9.  There, the Court simply weighed the plaintiffs' need for the disclosure against the

"exceedingly small" First Amendment privacy interest of the doe defendant.  <u>See id.</u>

    Here, Plaintiff has demonstrated an absolute need for the disclosure, as it cannot

prosecute its case without it.  Further, Plaintiff has shown good cause for obtaining information

---

[10]  <u>See also</u> <u>G2 Productions, LLC v. Does 1-83</u>, Case No. 10-041, Order of May 3, 2010, Doc.
No. 18 (D.D.C.) (Kollar-Kotelly, J.) (denying Doe Defendant motion to quash); <u>Worldwide Film</u>
<u>Entertainment, LLC v. Does 1-749</u>, Case No. 10-0038, Orders of May 13, 2010, May 17, 2010,
and May 20, 2010, Doc. Nos. 21-26 (D.D.C.) (Robinson, J.) (same).

related to all of the Doe Defendants from the non-party ISPs, including these Doe Defendants, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.

Additionally, Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, and Plaintiff will only use that information in this lawsuit.  Therefore, the Doe Defendants are protected from any improper disclosure or use of his/her information.  Overall, the Doe Defendants' exceedingly small First Amendment privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.

Notwithstanding, the subpoena does comply with the requirements set out in <u>Dendrite</u>. The Doe Defendants have received notice of the subpoenas before any information was divulged to Plaintiff, allowing them to file their motions.  Plaintiff's First Amended Complaint provides the exact allegations of the alleged infringement associated with the Doe Defendants, including the date, time, and associated IP address.  [<u>See</u> Doc. No. 9-1 (Ex. A to First Amended Complaint); <u>see generally</u> Doc. No. 9 (First Amended Complaint)]  The Court has already reviewed Plaintiff's allegations and declarations submitted in support of Plaintiff's motion for discovery and found good cause for the subpoenas.  [<u>See</u> Doc. Nos. 7 and 11]  Further, as stated above, Plaintiff has already established a prima facie case of infringement against every Doe Defendant.  Lastly, again, the need for the information is great in that the Doe Defendants must be identified before this suit can progress further.

## H.  DOE DEFENDANTS' ARGUMENTS RELATED TO SERVICE OF THE SUBPOENAS ARE MISPLACED.

Lastly, an additional argument has been made that the subpoenas are invalid pursuant to Fed. R. Civ. P., Rule 45.  [See e.g., Doc. No. 28]  For example, Doe Defendant Brittain appears to argue that the subpoena was not properly served on him.  See id.  However, this argument is severely flawed.

First, the Doe Defendants advancing such arguments misunderstand the basic premise of the subpoenas.  The subpoenas have been issued to the ISPs, not the Doe Defendants.  Again, the only way that Plaintiff can obtain the information related to the Doe Defendants, including name, address, and corresponding IP address, is from the ISPs.  The ISPs are the ones that have to produce documents and information in response to the subpoena, not the Doe Defendants.  Accordingly, the entities with standing to object on service grounds – the ISPs – have not done so.  The Doe Defendants do not have standing to object to the form of the subpoena, only whether it requires production of documents or information for which the Doe Defendants have a privileged interest.

Even assuming the Doe Defendants somehow have standing to object to how the subpoenas were served on the ISPs, the Doe Defendants' arguments are severely flawed.  The provisions of Rule 45 relied upon by the Doe Defendants for quashing the subpoenas on service grounds only apply to subpoenas that require a witness to *travel* more than 100 miles.  The provisions relevant to the topic here are:

> *When Required*. On timely motion, the issuing court must quash or modify a subpoena that: … (ii) requires a person who is neither a party nor a party's officer *to travel more than 100 miles* from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

Rule 45(c)(3)(A)(ii) (emphasis added).

> When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: … (iii) a person who is neither a party nor a party's officer to incur substantial expense *to travel more than 100 miles* to attend trial.

Rule 45(c)(3)(B)(iii) (emphasis added).

Again, the subpoenas at issue here were directed and sent to the ISPs.[11] The subpoenas do not require any action from the Doe Defendants and definitely do not require the Doe Defendants to travel anywhere. Overall, it is completely irrelevant where the Doe Defendants live in relation to where the subpoena was served or where the documents are to be produced.

Second, because the subpoenas only request the production of documents, and not the personal appearance of anyone for deposition or trial, no one is required to travel anywhere. While Rule 45 does not prescribe an exact method by which a subpoenaed witness must produce documents, it does state that the witness need not actually appear at the place requested for production:

> Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

Rule 45(c)(2)(A). Therefore, neither Rule 45(c)(3)(A)(ii) nor Rule 45(c)(3)(B)(iii) justify quashing the subpoenas because no travel is required – the documents and information can be produced by mail, fax, or email.

Lastly, courts have continually enforced subpoenas served outside of the issuing district court and beyond 100 miles from the place called for production. As stated in this Court:

---

[11] Doe Defendants have merely received a copy of the subpoenas along with notice from their ISPs that their information is being subpoenaed by Plaintiff.

Counsel's argument that the subpoena is invalid because it requires CFS to produce documents at a location "well over the 100 mile limit set forth in Rule 45(c)(3)(A)(ii)" also is flawed; the 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents "need not appear in person at the place of production or inspection." See Fed.R.Civ.P. 45(c)(2)(A). The subpoena can be enforced.

Walker v. Center for Food Safety, 667 F.Supp.2d 133, 138 (D.D.C. 2009) (Collyer, J.).

Similarly, in Premier Election Solutions, Inc. v. Systest Labs Inc., 2009 WL 3075597 (D.

Colo. September 22, 2009), that court stated:

[t]he court finds Rule 45(c)(3)(A)(ii)'s 100-mile range limitation inapplicable to the case at bar. First, as stated in the subpoena itself, '[a] person commanded to produce documents ... need not appear in person at the place of production ... unless also commanded to appear for a deposition, hearing, or trial.' Fed.R.Civ.P. 45(c)(2)(A). Nonparty iBeta has not been commanded to appear for a deposition, hearing or trial in this matter, but only to produce documents. Furthermore, iBeta's production of documents thus far in response to SysTest's subpoena has been by email and regular mail (Resp., Ex. 20, Attach.A), and there is no indication that iBeta intends to travel anywhere to produce any other documents. Since the subpoena does not require any representative of iBeta to travel anywhere, much less beyond Rule 45's 100-mile limitation, iBeta is not excused from obeying the subpoena on this basis.

Id., 2009 WL 3075597, *3.

Finally, in U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17, 19-20 (D. Maine 2010), that

court stated:

Finally, the defendant invokes Fed.R.Civ.P. 45(b)(2)(B) as the basis for quashing the subpoena directed to 'a financial institution in Cambridge, Massachusetts which is more than 100 miles outside the district [of Maine].' Motion at [3]. But, that subsection of the rule only provides that a subpoena may be served 'outside that district but within 100 miles of the place specified for the ... production[.]' The subsection of the rule applicable to a motion to quash provides that a subpoena may be quashed if it requires a person to travel more than 100 miles from where he or she is employed, resides, or regularly transacts business in person. Fed.R.Civ.P. 45(c)(3)(A)(ii). By contrast, the subpoenas at issue only require the production of documents, and those documents can be 'produced' at the specified address in Portland, Maine, by mail. Indeed, Rule 45(c)(2)(A) specifically provides that a person commanded to produce documents 'need not appear in person at the place of production.' [¶] Even assuming that the defendant has standing to raise this objection to the subpoena, a majority of the

16

courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced.

Id., 264 F.R.D. at 19-20 (citations omitted); see also Ice Corp. v. Hamilton Sundstrand Corp., 2007 WL 1364984, at *3 (D. Kan. May 9, 2007) (quoting Stewart v. Mitchell Transport, 2002 WL 1558210, at *3 (D. Kan. July 8, 2002) (declining to quash the subpoena at issue because the subpoenas did not require any of the entities served to travel in violation of Rule 45's 100-mile limitation)); Tubar v. Clift, 2007 WL 214260 (W.D. Wash. January 25, 2007) (holding that even though Rule 45(b)(2) requires service within 100 miles of the place of production or copying of records, a subpoena served in New Jersey for the production of documents in Washington nonetheless was enforced because, pursuant to Rule 45(c)(2)(A), no individual was required to escort the requested records personally); Jett v. Penner, 2007 WL 127790 (E.D. Cal. January 12, 2007) (a request for a file was not quashed, although the file was located more than 100 miles away because the request was only for the file itself and there was no requirement that a nonparty travel more than 100 miles in order to supply it).

 Overall, Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, and the moving Doe Defendants have not shown any justified reason to quash any subpoena or dismiss a particular Doe Defendant at this time.  Therefore, the Court should deny these motions and any similar future motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.


III. CONCLUSION

Overall, these Doe Defendants have not demonstrated any reason to quash the subpoenas. As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the

17

Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

Plaintiff has shown good cause for obtaining information related to the Doe Defendants from the non-party ISPs, especially when considering that these ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.  Therefore, the Court should deny these motions and any similar future motions and at least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the copyright infringement and irreparable harm in this case.

Respectfully Submitted,

VOLTAGE PICTURES, LLC

DATED:  March 14, 2011

By: /s/_____
     Thomas M. Dunlap (D.C. Bar # 471319)
     Nicholas A. Kurtz (D.C. Bar # 980091)
     DUNLAP, GRUBB & WEAVER, PLLC
     1200 G Street, NW Suite 800
     Washington, DC 20005
     Telephone: 202-316-8558
     Facsimile: 202-318-0242
     tdunlap@dglegal.com
     nkurtz@dglegal.com
     *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2011, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 28-88] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carey N. Lening, Esq.
1325 G St. NW Ste 500
Washington, DC 20005
*Attorney for Omnibus Motion Defendants*

I hereby certify that on March 14, 2011, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 28-88] was sent via first-class mail as follows:

Jason Brittain
5612 Laura Dawn Ave.
Cheyenne, WY 82009
*Doe Defendant*

Michael B. Parker
PO Box 492
Jefferson City, TN 37760
*Doe Defendant*

James Kane
107 Mission Creek Rd
Cashmere, WA 98815
*Doe Defendant*

Jay and Durene Frydenlund
2126 13th Ave. NW
East Grand Forks, MN 56721
*Doe Defendant*

Debora L. Andrews
1731 E Isaacs Avenue
Walla Walla, WA 99362
*Doe Defendant*

Jan H. Slater
300 Resevoir Road
Sequim, WA 98382
*Doe Defendant*

Millwee Holler-Kanaga
14808 W. Thorpe Road
Medical Lake, WA 99022
*Doe Defendant*

Sara Sherwood
621 Seven Oaks Drive
Mount Carmel, TN 37645
*Doe Defendant*

Ben Hatch
1146 W. 1640 N
Clinton, UT 84015
*Doe Defendant*

Sandra Dockery
1563 Airport-Rhodhiss Rd, Lot #1
Hickory, NC 28601
*Doe Defendant*

Colin Quennell
1140 Montalban St Apt 8
San Luis Obispo, CA 93405
*Doe Defendant*

William C. Cook, Sr.
145 Hawthorn Lane
Bozeman, MT 59715-1790
*Doe Defendant*

Raghbir Singh
23836 125th Place SE
Kent, WA 98031
*Doe Defendant*

Corbin Swan
1040 Windemere Dr., NW
Salem, OR 97304-2724
*Doe Defendant*

Arthur B. Cutting
8908 E. Kalil Dr.
Scottsdale, AZ 85260
*Doe Defendant*

A. Turner
11804 NE 29th St.
Vancouver, WA 98682
*Doe Defendant*

LaMarr M. Jones
25108 Anna St.
Taylor, MI 48180
*Doe Defendant*

Richard Dehart
7155 Mathews Road
Colorado Springs, CO 80908
*Doe Defendant*

Byron Lee
271 Rosemont Ave.
Pasadena, CA 91103
*Doe Defendant*

Adam Delgado
80 Hannahs Rd.
Stamford, CT 06903-3427
*Doe Defendant*

Karen Eiriz
1000 Bluff View Dr., Unit #79
Washington, UT 84780
*Doe Defendant*

Christopher Ryan Williams
3322 Duff Avenue #4
Cheyenne, WY 82001
*Doe Defendant*

Daniel Paul Pfanstiel
7243 6th St., #09
Hill Air Force Base, UT 84056
*Doe Defendant*

Lucy A. Marsh
3052 S. Florence Ct.
Denver, CO 80231
*Doe Defendant*

Michael Koenig
2505 Solano Dr.
Flower Mound, TX 75022
*Doe Defendant*

Jonathan D. Coleman
3205 Stonehenge Dr.
St. Charles, MO 63303
*Doe Defendant*

Judy Collins
8505 NE 124th Ave.
Vancouver, WA 98682
*Doe Defendant*

Kenneth Kantorowicz
641 Oasis Drive
Billings, MT 59105
*Doe Defendant*

Aran Bedarian
1615 Whitefireld Rd.
Pasadena, CA 91104
*Doe Defendant*

James Verdin
1444 Snowmass Court
Boulder, CO 80305
*Doe Defendant*

Todd D. Merrifield
4741 E. Wyoming Place
Denver, CO 80222
*Doe Defendant*

Susan Bloom
1854 Independence Square
Atlanta, GA 30338
*Attorneys for Doe Defendant, Derek Good*

/s/ Nick Kurtz
Nicholas A. Kurtz

22