**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VOLTAGE PICTURES, LLC,<br><br>          Plaintiff,<br><br>          v.<br><br>DOES 1-5,000<br><br>          Defendants. | Civil Action No. 10-0873(BAH)<br>Judge Beryl A. Howell |

## ORDER

On May 24, 2010, plaintiff Voltage Pictures, LCC filed a Complaint against unidentified individuals for illegally infringing plaintiff's copyright in the motion picture *The Hurt Locker* using a file-sharing protocol called BitTorrent. Compl. ¶ 3, ECF No. 1. At the time the case was initiated, the plaintiff did not know the names and addresses of the putative defendants, but stated that "discovery will lead to the identification of each Defendant's true name and permit the Plaintiff to amend [its] Complaint to state the same." Compl. ¶ 8.

On June 7, 2010, the plaintiff moved for leave to subpoena Internet Service Providers (ISPs) for identifying information associated with certain IP addresses that it alleges were used to illegally infringe plaintiff's copyright. Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conf., June 7, 2010, ECF No. 4. Plaintiff attached to its motion for expedited discovery, as Exhibit C, a ten-page list containing 687 IP addresses, reflecting the IP addresses for which it sought information. The Court granted plaintiff's motion, by Minute Order, on June 25, 2010.

Minute Order Granting Motion for Order, June 25, 2010 (Urbina, J.)("June 25, 2010 Expedited Discovery Order").

Under Federal Rule of Civil Procedure 4(m), the plaintiff was required to serve defendants by September 21, 2010, which is the date within 120 days of filing its Complaint. On September 24, 2010, the plaintiff requested additional time to name and serve the defendants because it had not received fully compliant responses from ISPs to the plaintiff's subpoenas.  Pl.'s Mot. for Extension of Time to Name and Serve, Sept. 24, 2010, ECF No. 10.  The Court granted the plaintiff a 180 day extension on September 28, 2010, which allowed the plaintiff to continue discovery until March 27, 2010. Minute Order, Sept. 28, 2010 (Urbina, J.).  On March 21, 2011, the plaintiff filed a motion for a 180 day extension of time to name and serve putative defendants. ECF No. 93.  This motion is pending before the Court.

Since plaintiff filed its Complaint, it has not named a single defendant in this action. Nevertheless, a number of "Interested Parties" have filed a total of 91 motions or letters to, *inter alia*, dismiss the allegations against them.  The plaintiff has not filed responses to 25 of the pending motions. *See* ECF Nos. 94-113, 115-119.

On March 1, 2011, the Court directed the plaintiff to file a status report detailing the status of plaintiff's discovery to obtain identifying information about the putative defendants.  The March 11, 2011 status report filed by the plaintiff in accordance with the Court's order raises two issues that prompt the instant order, in addition to the plaintiff's motion for additional time to name and serve defendants. First, the plaintiff states that it is "willing to voluntarily dismiss, without prejudice, all IP addresses for which it has received identifying information as of February 1, 2011." Pl.'s Status Report, Mar. 11, 2011, ECF No. 89, at 4. Yet, the plaintiff has

made no motion nor presented the Court with a proposed order to effectuate the dismissal of these putative defendants.  Among the putative defendants against whom the plaintiff does not intend to proceed in this jurisdiction, are presumably some, if not all, of the Interested Parties who have pending motions before this Court.

Second, the March 11, 2010 status report also reveals that the plaintiff construes the June 25, 2010 Expedited Discovery Order, which authorized plaintiff to issue subpoenas to ISPs, as not restricted to the 687 specific IP addresses listed in Exhibit C to the motion. Rather, plaintiff construes this order as granting plaintiff leave to "conduct discovery on all of the Doe Defendants it has been able to identify to date, as well as any other infringers that Plaintiff Voltage identifies during the course of this litigation, as Plaintiff Voltage's infringement monitoring efforts are on-going and continuing." Pl.'s Status Report, Mar. 11, 2011, ECF No. 89, at 4. The basis for this broad interpretation of the June 25, 2010 Expedited Discovery Order apparently stems from a footnote that the plaintiff included in its original motion. *See* Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conf., June 7, 2010, ECF No. 4, at 10-11 n.3. The broad subpoena authority sought by the plaintiff in a footnote in its motion filing, however, was not specifically addressed, let alone expressly sanctioned, in the June 25, 2010 Minute Order approving expedited discovery.  In short, the plaintiff's broad interpretation of the June 25, 2010 Expedited Discovery Order is incorrect.  The plaintiff has only been granted leave to seek identifying information for those IP addresses that have been specifically proffered as relevant to this action by being listed on Exhibit C of plaintiff's motion for expedited discovery. ECF No. 4.

Accordingly, having reviewed plaintiff's Motion for an Extension of Time to Name and Serve, ECF No. 93, and plaintiff's March 11, 2011 status report, it is hereby

**ORDERED** that the plaintiff's motion for an extension of time in which to name and serve defendants is GRANTED in part, until June 13, 2011, by which date the plaintiff shall file an Amended Complaint naming (1) as putative defendants those IP addresses identified in Exhibit C of ECF No. 4 for whom the plaintiff has no identifying information, but over whom plaintiff reasonably believes the Court has personal jurisdiction; and (2) as defendants, with full name and address, those individuals listed in Exhibit C of ECF No. 4 for whom plaintiff has obtained identifying information and whom plaintiff intends to sue for copyright infringement in this jurisdiction; and it is further

**ORDERED** that on or before April 15, 2011, the plaintiff shall file a proposed order dismissing by name and address, if available, and by IP address, each putative defendant whom the plaintiff does not intend to sue for copyright infringement in this jurisdiction, together with a statement whether any such dismissed putative defendant has filed a motion or other document as an Interested Party in this action, with the associated ECF docket number that relates to such motion or other document; and it is further

**ORDERED** that on or before April 15, 2011, the plaintiff shall file a response to the pending motions filed by any Interested Party whom plaintiff has named in the Amended Complaint as a defendant or as a putative defendant with an IP address. If plaintiff fails to timely respond to a pending motion to dismiss filed by an interested party, the Court may grant the motion as conceded, *see* LCvR 7(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."); *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004); and it is further

**ORDERED** that the plaintiff shall obtain leave of Court, upon a showing that justice so requires, *see* FED. R. CIV. P. 15(a)(2), in order to name in the Amended Complaint any named or putative defendant for whom an IP address was not listed in Exhibit C of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, ECF No. 4.

**SO ORDERED**.

April 4, 2011

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge