**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VOLTAGE PICTURES, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CA. 1:10-cv-00873-BAH** |
| | ) | |
| **DOES 1 – 5,000** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 94-113, 115-119, 121]**

TABLE OF CONTENTS

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT ...................................................................................................................3

    A. STANDARDS ON MOTIONS TO QUASH................................................................3

    B. PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY

    AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID

    INFRINGE PLAINTIFF'S COPYRIGHTS .......................................................................4

    C. DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE ...............5

    D. QUASHING A SUBPOENA OR DISMISSING A PARTICULAR DOE

    DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE

    PREMATURE .......................................................................................................................6

    E. ANY ARGUMENT THAT A DOE DEFENDANT DID NOT ENGAGE IN THE

    ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH.......9

    F. DOE DEFENDANTS' ARGUMENTS RELATED TO JOINDER DO NOT JUSTIFY

    QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT AND ARE

    GENERALLY INAPPROPRIATE AT THIS STAGE OF THE PROCEEDINGS..........10

    G. DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION

    REQUESTED IS PRIVILEGED OR CONFIDENTIAL ..................................................11

III. CONCLUSION...............................................................................................................13

<u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094</u>,

     CA No. 1:10-cv-00453-RMC (D.D.C.) .............................................................11

<u>Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094</u>,

     Case No. 10-453, 2010 WL 3522256 (D.D.C. Sept. 10, 2010) .........................12

<u>Arista Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480 (E.D.N.C. 2008) .........................12

<u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060 (N.D.N.Y February 18, 2009)....................7

<u>Arista Records LLC v. Does 1-19</u>, 551 F. Supp. 2d 1 (D.D.C. 2008).......................................4, 11

<u>Caroline Records, Inc., et al. v. Does 1-175</u>, Case No. 04 2028 (D.D.C.) ...................13

<u>Donkeyball Movie LLC v. Does 1-171</u>, Case No. 10-1520, Order of January 14, 2011,

     Doc. No. 18 (D.D.C.).........................................................................................12

<u>Flatow v. Islamic Republic of Iran</u>, 196 F.R.D. 203 (D.D.C. 2000).................................................9

<u>Fonovisa, Inc. v. Does 1-9</u>, 2008 WL 919701 (W.D. Pa.)..........................................................4, 10

<u>G2 Productions, LLC v. Does 1-83</u>, Case No. 10-041, Order of May 3, 2010,

     Doc. No. 18 (D.D.C.).........................................................................................12

<u>Guest v. Leis</u>, 255 F.3d 325 (6th Cir. 2001) .......................................................... 11-12

<u>Heat & Control, Inc. v. Hester Indus., Inc.</u>, 785 F.2d 1017 (Fed. Cir. 1986) .............................. 3-4

<u>Horizons Titanium Corp. v. Norton Co.</u>, 290 F.2d 421 (1st Cir. 1961)...........................................3

<u>Interscope Records v. Does 1-14</u>, 558 F.Supp.2d 1176 (D. Kan. 2008).........................................11

<u>Lions Gate Films, Inc., et al. v. Does 1-5</u>, Case No. 05-386 (EGS) (D.D.C.) ...............................13

<u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153 (D. Mass. 2008)......................................7

<u>Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10</u>, Case No. 04-2005 (JR) (D.D.C.) .......13

Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395 (D.C. Cir. 1984)...............................3

Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d 556 (S.D.N.Y. 2004)...................7, 10, 12

Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.).........13

UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) ................................13

U.S. v. Hambrick, 55 F.Supp.2d 504 (W.D. Va. 1999) ................................................................12

U.S. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97 (S.D.N.Y. 1979)......................................................3

Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1 (D.D.C. 2007)...................................13

West Bay One, Inc. v. Does 1-1,653, Case No. 10-481,

      2010 WL 3522265 (D.D.C. Sept. 10, 2010) ...................................................................8, 12

West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC (D.D.C.) ..................................11

Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762 (D.C. Cir. 1965) .....................3

Worldwide Film Entertainment, LLC v. Does 1-749, Case No. 10-0038, Orders of May 13, 2010,

      May 17, 2010, and May 20, 2010, Doc. Nos. 21-26 (D.D.C.)..........................................12


**Statutes**

Fed. R. Civ. P., Rule 5 ....................................................................................................................6

Fed. R. Civ. P., Rule 26 ............................................................................................................2, 3, 6

Fed. R. Civ. P., Rule 37 ....................................................................................................... passim

Fed. R. Civ. P., Rule 45 ...............................................................................................................2, 3

LCvR Rule 7 ................................................................................................................................5-6

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I. INTRODUCTION

Plaintiff submits this opposition to various motions, letters, and objections filed as purported motions to quash, motions to dismiss, and motions for protective orders, and Plaintiff requests that the Court deny the motions and all similar motions already filed and that will be filed in the future.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *The Hurt Locker*, over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court Minute Order of 6/25/10] Thereafter, Plaintiff served subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Some of the individuals who received such notices have moved filed a variety of papers with the Court to quash the subpoenas and dismiss the case based on various arguments, including lack of personal

jurisdiction and misjoinder.  Many of those motions are form motions purchased on the internet and filed without any independent evaluation of their merits.[1]

Plaintiff's counsel is aware of the following motions still pending for which Plaintiff has not filed an opposition: Doc. Nos. 94-113, 115-119, 121.[2]  In the Court's April 4, 2011 Order, the Court noted a total of 91 motions filed by "Interested Parties."  [See Doc. No. 120 at p. 2] Plaintiff notes that according to Plaintiff's counsel's records, the following are all pending motions filed by "Interested Parties": 11, 12 (multiple Doe Defendants), 15, 16, 18 (multiple motions), 23, 28-81, 94-113, 115-119, 121; and, the following are all oppositions filed by Plaintiff: Doc. Nos. 13, 17, 19, 25, 90-92.

While Plaintiff's counsel has been unable to view the sealed motions (Doc. Nos. 94-99, 108, 119, 121), Plaintiff believes these motions to be form motions purchased on the internet.[3] To the extent the Court would like further briefing to address any issues in the sealed motions, Plaintiff's counsel welcomes the opportunity to submit further argument.

Because the motions do not provide good cause for quashing the subpoenas or dismissing a particular Doe Defendant, Plaintiff requests that the motions be denied in their entirety.

---

[1]  The most glaring evidence of the impropriety of the form motions are the form motions for protective orders.  These form motions purport to be pursuant to Fed. R. Civ. P., Rule 37. However, that rule does not provide justification for the Court to quash the subpoenas.  The subpoenas at issue here were issued pursuant to Fed. R. Civ. P., Rule 45.  The provisions for the Court to act on these subpoenas are found in Fed. R. Civ. P., Rule 45(c) and Rule 26(c).

[2] Plaintiff notes that the motion filed as Doc. No. 113 is related to and should have been filed in the case of *Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, and the motion filed as Doc. No. 115 is related to and should have been filed in the case of *Call of the Wild Movie, LLC v. Does 1-1,062*, Case No. 10-455.

[3]  Because Plaintiff's counsel does not have any identifying information for these Doe Defendants, or some of the other Doe Defendants who have filed papers, Plaintiff is unable to serve this opposition on them and requests that the Court forward this opposition to the relevant Doe Defendants whose identifying information is currently under seal.

Additionally, because the motions present nearly identical arguments as previously filed motions and motions presented in a number of similar cases pending in this Court, and because these arguments have now been squarely rejected by this Court, Plaintiff requests that any similar future motions be denied in their entirety without Plaintiff having to file a separate opposition.

II. ARGUMENT

    A.  STANDARDS ON MOTIONS TO QUASH

    A person served a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3).  Rule 26(c) authorizes district courts, upon a showing of "good cause" by "a party or by the person from whom discovery is sought" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Rule 45(c)(3) provides that the court may quash or modify the subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if it subjects a person to undue burden.

    The burden of persuasion in a motion to quash a subpoena is borne by the movant, and the "burden is particularly heavy to support a 'motion to quash as contrasted to some more limited protection.'"  Westinghouse Electric Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965) (denying a motion to quash supported by two affidavits); US. v. Int'l Bus. Mach. Corp., 83 F.R.D. 97, 104 (S.D.N.Y. 1979); Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403-04 (D.C. Cir. 1984).  The district court must balance "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."

Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing

Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 560, 564 (7th Cir. 1984)).

Additionally, on a motion to quash a subpoena, the merits of a case are not at issue.  See

Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("factual and technical

arguments . . . are unrelated to any appropriate inquiry associated with a motion to quash"); see

also Fonovisa, Inc. v. Does 1-19, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. April 3, 2008)

(holding that if the individual or entity whose identifying information was sought by a subpoena

served on an ISP "believes that it has been improperly identified by the ISP, [the individual or

entity] may raise, at the appropriate time, any and all defenses, and may seek discovery in

support of its defenses").


   B.  PLAINTIFF HAS ALREADY SHOWN GOOD CAUSE TO OBTAIN DISCOVERY
       AND HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID
       INFRINGE PLAINTIFF'S COPYRIGHTS.

The Court has already determined that Plaintiff has met its threshold burden to obtain

further information about the Doe Defendants by identifying the Doe Defendants with sufficient

specificity and showing that Plaintiff's suit can withstand a motion to dismiss.  As more fully set

out in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [See

Doc. No. 4], Plaintiff identified the unique IP address for each Defendant, along with the date

and time of alleged infringement and ISP that provided Internet access to each Defendant and

assigned the unique IP address to the Defendant, from information provided to it by Guardaley,

Limited.  This information was obtained by Guardaley's proprietary tracing software program to

trace the IP address for each Defendant, as detailed in the declarations of Benjamin Perino and

Patrick Achache.  However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further.  Therefore, Plaintiff has already demonstrated good cause for the requested information.

Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs did make an unlawful download of Plaintiff's movies on a specific date and time.  Again, Plaintiff utilized proprietary technology developed and instituted by Guardaley that detects the unauthorized distribution of movies and other audiovisual content and files over online media distribution systems.  See Achache Declaration [Doc. No. 4-2] ¶ 4.  Accordingly, Defendants' IP addresses at the time of the alleged infringement were included in this case because they were offering files corresponding to Plaintiff's movies for unlawful transfer or distribution.  See id. at ¶ 8.  In fact, Guardaley actually downloaded Plaintiff's movies from the IP address assigned to these Defendants, just as it does with all Doe Defendants.  See id. at ¶ 9.  Lastly, Guardaley confirmed that the files that Defendants distributed were actually Plaintiff's movies by watching both and comparing them. Id. at ¶¶ 16-17.

### C.  DOE DEFENDANTS' MOTIONS ARE PROCEDURALLY DEFECTIVE.

First, these Doe Defendants' motions are procedurally defective in that these Doe Defendants never attempted to meet and confer with Plaintiff's counsel.

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a goodfaith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. … A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.

LCvR Rule 7(m).[4]

Here, most of these Doe Defendants' motions did not include statements that any meet and confer discussions occurred because no such discussions have occurred.  Had these Doe Defendants met and conferred with Plaintiff's counsel, Plaintiff's counsel could have directed these Doe Defendants to the filings and authorities showing that the motions are not justified.

Second, most of the motions are procedurally defective for insufficient service.  "Unless these rules provide otherwise, each of the following papers must be served on every party: … (D) a written motion, except one that may be heard ex parte."  Fed. R. Civ. P., Rule 5(a)(1).

Here, most of the motions were never served on Plaintiff's counsel.[5]  Rather, they were filed with the Court in paper form.  Accordingly, Plaintiff's counsel did not become aware of these motions until the Court posted them on the online docket.


D.  QUASHING A SUBPOENA OR DISMISSING A PARTICULAR DOE DEFENDANT BASED ON PERSONAL JURISDICTION GROUNDS WOULD BE PREMATURE.

The primary basis for most of the motions is that the Court does not have personal jurisdiction over the particular Doe Defendant.  However, the determination of the Court's jurisdiction over a particular Doe Defendant is not appropriate on a motion to quash a subpoena and is premature at this time, when Plaintiff is still conducting discovery to ascertain the identities of the Doe Defendants and has not yet named a particular Doe Defendant.

---

[4] Further, a motion for a protective order under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

[5] The only motions served on Plaintiffs' counsel were Doc. Nos. 105 and 117.

In a similar case, <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 567-568 (S.D.N.Y. 2004), that court rejected a similar argument to quash a subpoena based on personal jurisdiction, holding that such a determination was premature.[6] The court stated that it had discretion to allow discovery to determine the basis for personal jurisdiction and that without the identifying information sought by the plaintiffs in the subpoena to an ISP, "it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants." <u>Id.</u> at 567. The court stated that such an analysis would require more of "an evaluation of the contacts between the various defendants and the forum state" and concluded by "holding at this stage that personal jurisdiction is lacking would be premature." <u>Id.</u>; <u>see</u> <u>London-Sire Records, Inc. v. Doe 1</u>, 542 F.Supp.2d 153, 180-181 (D. Mass. 2008) (stating that affidavit of doe defendant claim she was not a resident of the forum state was an insufficient basis to disallow discovery); <u>see</u> <u>also</u> <u>Arista Records LLC v. Does 1-16</u>, 2009 WL 414060, *7 (N.D.N.Y February 18, 2009) (denying argument that court lacked personal jurisdiction over doe defendants, stating that "[w]ithout the identifying information, an assessment of personal jurisdiction would be idle speculation").

Further, this Court recently addressed the issue of personal jurisdiction. Therein, the Court stated that "[g]iven that the defendants have yet to be identified, the Court believes that evaluating the defendants' jurisdictional defenses at this procedural juncture is premature." [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 13] The Court further stated that "[w]hen the defendants are named, they will have the opportunity to file appropriate motions challenging the Court's jurisdiction and that will be the appropriate time

---

[6] Though the court's decision primarily responded to arguments advanced by amicus organizations, the court did recognize that a letter to the Court from an attorney for a Jane Doe joined the arguments in the amici's filing, including an objection to the subpoena based on lack of personal jurisdiction, and a letter from the Jane Doe explicitly contested personal jurisdiction. <u>Sony Music Entm't, Inc. v. Does 1–40</u>, 326 F.Supp.2d at 567, fn. 8.

to consider this issue." [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 18][7]

Here, quashing the subpoena or dismissing a particular Doe Defendant based on personal jurisdiction would likewise be premature. Plaintiff has not yet received any of the information sought from the ISP for these Doe Defendants and has not received information sought from other ISPs for other Doe Defendants. Allowing Plaintiff to obtain the information from the ISPs is important for numerous reasons.

First, obtaining the information from the ISPs gives Plaintiff verification of the IP address and physical address associated with each Doe Defendant's ISP account. As the ISPs are the only ones that can verify the link between a particular IP address on a given date and time with one of its customers, Plaintiff's only method to obtain this verified evidence is from the ISPs in response to the subpoenas. Because Plaintiff would otherwise be entitled to discovery to challenge each Doe Defendant's statements about personal jurisdiction, and because identifying discovery is already in progress, Plaintiff should at least be entitled to complete its discovery to independently verify each Doe Defendant's statements. This also holds true for Doe Defendants who have identified themselves in their Court filings, as Plaintiff still needs the verifying information directly from the ISP.

Second, the information sought from the ISPs sometimes gives more information than simply the name and address of the Doe Defendants. As requested in the subpoenas, some ISPs

---

[7]  Judge Collyer has ruled in a similar case pending in this Court that arguments related to personal jurisdiction and joinder are premature until Plaintiff actually names any Defendants. [West Bay One, Inc. v. Does 1-1,653, Case No. 10-481, Doc. No. 36 at p. 5, fn. 2 (D.D.C.) (Collyer, J.) (also available at 2010 WL 3522265) ("John Doe #2 also asserts that the Court lacks personal jurisdiction over him and that joinder of the numerous Doe defendants here is improper. Mr. Doe #2 may raise these issues with the Court when he has been identified and Plaintiff names him as a defendant in this case.")]

are able to provide the Doe Defendants' modem's Media Access Control (MAC) number, which provides Plaintiff with further evidence to substantiate its case.

It must be noted that the Doe Defendants are not able to cite a single legal basis or authority where a motion to dismiss a Doe defendant was granted before the plaintiff actually specifically named that Doe defendant.  Additionally, while the Doe Defendants may generally state that they does not reside in the jurisdiction, even if such statements are accepted as true, they do not conclusively establish that the Court lacks personal jurisdiction over a particular Doe Defendant.  Therefore, because Plaintiff has not received the ISP productions for the moving Doe Defendants and has not named any Doe Defendant, it is premature to dismiss any Doe Defendant at this time based on a lack of personal jurisdiction.

E.   ANY ARGUMENT THAT A DOE DEFENDANT DID NOT ENGAGE IN THE
     ALLEGED INFRINGEMENT IS INAPPROPRIATE ON A MOTION TO QUASH.

Another argument presented by many of the motions can be summarized as claims of innocence for the alleged infringement.  However, these statements amount to nothing more than each Doe Defendant's potential defenses in this case.

The merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable.  The court typically only examines the relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed to determine whether there is an "undue burden."  Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 206 (D.D.C. 2000), *vacated in part and affirmed in part on other grounds*, 305 F.3d 1249 (D.C. Cir. 2002).  As

shown herein, there is no burden on these Doe Defendants, and Plaintiff's need for the documents is critical.

Overall, even though these Doe Defendants may have defenses to this suit, such defenses are not at issue at this stage of the proceedings.  See Fonovisa, Inc. v. Does 1-9, 2008 WL 919701, *8 (W.D. Pa.) (stating that "[i]f Doe # 3 believes that it has been improperly identified by the ISP, Doe # 3 may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses").


F.   DOE DEFENDANTS' ARGUMENTS RELATED TO JOINDER DO NOT
     JUSTIFY QUASHING THE SUBPOENA OR DISMISSING A DOE DEFENDANT
     AND ARE GENERALLY INAPPROPRIATE AT THIS STAGE OF THE
     PROCEEDINGS.

Many of the Doe Defendants argue that the joinder of the Defendants is improper in this case.  However, joinder is proper at this time.  To summarize the argument in opposition to the joinder argument, any consideration of joinder is premature and inappropriate at this stage.  See Sony Music Entm't, Inc. v. Does 1–40, 326 F.Supp.2d at 568 (stating that "discussion of joinder is not germane to the motions to quash before the Court, as the remedy for improper joinder is severance, see Fed.R.Civ.P. 21, and not the quashing of the subpoena at issue here").

Recently, this Court issued a detailed analysis of the joinder issue.  Therein, the Court concluded that "the plaintiffs' allegations against the putative defendants in each case meet the requirements for permissive joinder."  [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 6]  Further, the Court stated that the Doe Defendants may raise the argument that they are improperly joined when they are identified and named in the

case, but severance for misjoinder is premature at this stage of the proceedings.  [*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at pp. 6-7][8]

Therefore, the Doe Defendants' arguments related to joinder do not justify quashing any of the subpoenas or dismissing any particular Doe Defendant at this stage of the case.


G.  DOE DEFENDANTS HAVE NOT SHOWN THAT THE INFORMATION
     REQUESTED IS PRIVILEGED OR CONFIDENTIAL.

Another argument advanced by some of the motions is that the subpoenas request privileged or confidential information.  However, such an argument has no basis in law or in fact for this case.

As further detailed in Plaintiff's motion for discovery [Doc No. 4], a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment.  See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008); see also Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008) (Kollar-Kotelly, C.) (finding that the "speech" at issue was that doe defendant's alleged infringement of copyrights and that "courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights"); Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information

---

[8] In two similar pending cases in front of Judge Collyer, an order to show cause hearing was conducted wherein Judge Collyer ruled that joinder was proper at this stage of the proceedings and "that, at this juncture, the numerous Doe Defendants are not severed due to misjoinder…." [West Bay One, Inc. v. Does 1-1,653, CA. 1:10-cv-00481-RMC (D.D.C.), Doc. No. 25; Achte/Neunte Boll Kino Beteiligungs GMBH & Co. KG v. Does 1-2,094, CA No. 1:10-cv-00453-RMC (D.D.C.), Doc. No. 34]

because they have conveyed it to another person—the system operator"); <u>Sony Music Entm't,</u>

<u>Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation

of privacy in downloading and distributing copyrighted songs without permission"); <u>Arista</u>

<u>Records, LLC v. Doe No. 1</u>, 254 F.R.D. 480, 481 (E.D.N.C. 2008); <u>U.S. v. Hambrick</u>, 55 F.

Supp. 2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000).

     As this Court has recently noted in denying similar motions to quash, "Internet

subscribers do not have an expectation of privacy in their subscriber information as they already

have conveyed such information to their Internet Service Providers." <u>Achte/Neunte Boll Kino</u>

<u>Beteiligungs GMBH & Co. KG v. Does 1-2,094</u>, Case No. 10-453, 2010 WL 3522256, at *3

(D.D.C. Sept. 10, 2010) (Collyer, J.) (citations omitted) [Doc. Nos. 44-45]; <u>West Bay One, Inc.</u>

<u>v. Does 1-1,653</u>, Case No. 10-481, 2010 WL 3522265 (D.D.C. Sept. 10, 2010) (Collyer, J.)

[Doc. Nos. 36-37]; <u>see also</u> Doc. No. 17; <u>Donkeyball Movie LLC v. Does 1-171</u>, Case No. 10-

1520, Order of January 14, 2011, Doc. No. 18 (D.D.C.) (Sullivan, J.).[9]

     Additionally, this Court also recently provided a Memorandum Opinion with a thorough

analysis of the Doe Defendants' First Amendment right to anonymity. The Court concluded:

> Upon balancing the putative defendants' First Amendment rights to
> anonymity and the plaintiffs' need for the identifying information, the Court finds
> that the plaintiffs' need overrides the putative defendants' right to use BitTorrent
> anonymously. The putative defendants' asserted First Amendment right to
> anonymity in this context does not shield them from allegations of copyright
> infringement. The plaintiffs therefore may obtain from ISPs information
> identifying the putative defendants.

[*Maverick Entertainment Group, Inc. v. Does 1-4,350*, Case No. 10-569, Doc. No. 48 at p. 27]

---

[9]  <u>See also</u> <u>G2 Productions, LLC v. Does 1-83</u>, Case No. 10-041, Order of May 3, 2010, Doc.
No. 18 (D.D.C.) (Kollar-Kotelly, J.) (denying Doe Defendant motion to quash); <u>Worldwide Film</u>
<u>Entertainment, LLC v. Does 1-749</u>, Case No. 10-0038, Orders of May 13, 2010, May 17, 2010,
and May 20, 2010, Doc. Nos. 21-26 (D.D.C.) (Robinson, J.) (same).

Again, here, Plaintiff has demonstrated an absolute need for the disclosure, as it cannot prosecute its case without it.  Further, Plaintiff has shown good cause for obtaining information related to all of the Doe Defendants from the non-party ISPs, including these Doe Defendants, especially considering that the ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data.

Additionally, Plaintiff is only seeking limited information sufficient to identify the Doe Defendants, and Plaintiff will only use that information in this lawsuit.  Therefore, the Doe Defendants are protected from any improper disclosure or use of his/her information.  Overall, the Doe Defendants' exceedingly small First Amendment privacy interests are greatly outweighed by Plaintiff's need for the information to prosecute its case and protects it copyrights.


III. CONCLUSION

Overall, these Doe Defendants have not demonstrated any reason to quash the subpoenas or dismiss a particular Doe Defendant at this time.  As fully laid out in Plaintiff's Motion for Leave to Take Discovery, which was granted by the Court, courts have routinely allowed discovery to identify "Doe" defendants in cases almost identical to this one.  See, e.g., Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corp., et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); see also Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007).

13

Plaintiff has shown good cause for obtaining information related to the Doe Defendants

from the non-party ISPs, especially when considering that these ISPs typically retain user

activity logs containing the information sought for only a limited period of time before erasing

the data.  Therefore, the Court should deny these motions and any similar future motions and at

least allow Plaintiff the opportunity to conduct discovery and obtain evidence to prove the

copyright infringement and irreparable harm in this case.

Respectfully Submitted,

VOLTAGE PICTURES, LLC

DATED:  April 14, 2011

By:     /s/_____
               Thomas M. Dunlap (D.C. Bar # 471319)
               Nicholas A. Kurtz (D.C. Bar # 980091)
               DUNLAP, GRUBB & WEAVER, PLLC
               1200 G Street, NW Suite 800
               Washington, DC 20005
               Telephone: 202-316-8558
               Facsimile: 202-318-0242
               tdunlap@dglegal.com
               nkurtz@dglegal.com
               *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2011, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 50-56, 58, 60, 62-70, 76-85] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carey N. Lening, Esq.
1325 G St. NW Ste 500
Washington, DC 20005
carey.lening@careylening.com
*Attorney for Doe Defendant (Doc. No. 115, 116)*

Eric J. Menhart
CyberLaw P.C.
1200 G St. NW, Suite 800
Washington, DC 20005
eric.menhart@cyberlaw.pro
*Attorney for Doe Defendant (Doc. No. 102)*


I hereby certify that on April 14, 2011, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO MOTIONS [DOC. NOS. 50-56, 58, 60, 62-70, 76-85] was sent via first-class mail as follows:

Michael S. Lee
3660 Wilshire Blvd., Suite 400
Los Angeles, CA 90010
*Attorney for Doe Defendant (Doc. No. 101)*

Charles Ellsworth
118 Battlefield Ln
Ringgold, GA 30736
*Doe Defendant (Doc. No. 100)*

Khaled Hamed
100 Kelleytown Woods Dr.
McDonough, GA 30252
*Doe Defendant (Doc. No. 103)*

Anita M. Dorrance
410 E. Washington Ave., Apt. #6
Madison, WI 53703
*Doe Defendant (Doc. No. 104)*

Syed Mobeen
171 Pleasant St
East Longmeadow, MA 01028-2410
*Doe Defendant (Doc. No. 105)*

Chelsea Reitzner
37 Olde Paltzer Ln.
Appleton, WI 54913
*Doe Defendant (Doc. No. 106)*

Alan Stowers
6333 Pheasant Lane #93
Middleton, WI 53562
*Doe Defendant (Doc. No. 107)*

Darryl Godfrey
2665 Pipers Court
Shiloh, IL 62221
*Doe Defendant (Doc. No. 109)*

Michael B. Parker
PO Box 492
Jefferson City, TN 37760
*Doe Defendant (Doc. No. 110)*

Jeff Sherer
5408 Nothern Lights Dr
Fort Collins, CO 80528
*Doe Defendant (Doc. No. 111)*

Justin Solem
714 1/2 Bluff St.
Red Wing, MN 55066
*Doe Defendant (Doc. No. 112)*

Adam Ceschin
2219 29th Ave.
Kenosha, WI 53140-1711
*Doe Defendant (Doc. No. 117)*

/s/ Nick Kurtz
Nicholas A. Kurtz