**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   CA. 1:10-cv-00873-BAH |
| | ) |
| **CLAUDIO VAZQUEZ;** | ) |
| **MODERN CLASSICS INC.;** | ) |
| **SERGIO SAPAJ; ROY MCLEESE;** | ) |
| **KELECHI LANE; SHYAM MADHAVAN** | ) |
| **SUSAN GLASS;** | ) |
| **DANIEL BREMER-WIRTIG;** | ) |
| **MICHAEL SEIN; ELENA DITRAGLIA;** | ) |
| **IRIDE CECCACCI;** | ) |
| **J BARRY HARRELSON;** | ) |
| **and DOES 1 – 24,583** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO PURPORTED MOTIONS**

**[DOC. NOS. 189-190]**

Plaintiff submits this opposition to a letter and one set of sealed motions filed as purported motions to quash, and Plaintiff requests that the Court deny the motions. [Doc. Nos. 189-190]

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *The Hurt Locker*, over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet

1

access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court Minute Order of 6/25/10] Thereafter, Plaintiff served subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Some of the individuals who received such notices have filed a variety of papers with the Court to quash the subpoenas and dismiss the case based on various arguments, including lack of personal jurisdiction and misjoinder. Many of those motions are form motions purchased on the internet and filed without any independent evaluation of their merits.[1]

The Court has continually denied the motions. [See e.g., Doc. Nos. 150, 151, and Minute Orders of 5/23/11 and 6/17/11] The only motions remaining, to which Plaintiff has not responded,[2] are Doc. Nos. 189-190. Because the set of motions docketed as Doc. No. 190 have been sealed, Plaintiff is unable to specifically address the arguments made therein or serve this opposition on that Doe Defendant. Notwithstanding, Doc. No. 190 appears to be a combination

---

[1] The most glaring evidence of the impropriety of the form motions are the form motions for protective orders. These form motions purport to be pursuant to Fed. R. Civ. P., Rule 37. However, that rule does not provide justification for the Court to quash the subpoenas. The subpoenas at issue here were issued pursuant to Fed. R. Civ. P., Rule 45. The provisions for the Court to act on these subpoenas are found in Fed. R. Civ. P., Rule 45(c) and Rule 26(c).

[2] Plaintiff's counsel was only ever served with Doc. No. 189 and, therefore, did not receive notice of the other set of purported motions (Doc. No. 190) until notice was posted on the electronic docket.

of the form motions that have previously been filed, and denied, and the motion to intervene filed in the similar case of Maverick Entertainment Group, Inc. v. Does, Case No. 10-569 (D.D.C.). In the Maverick case, this Court denied the motion to intervene (Doc. No. 139 in Maverick) via a Minute Order of June 17, 2011.  Accordingly, the Court should also deny Doc. No. 190 in this case.

The only ground advanced in the objection letter (Doc. No. 19) is that the practice of "leeching" should somehow change the Court's analysis of the joinder issue.  It must be noted that the Court thoroughly analyzed the issue of joinder in light of the allegations in this case and recognizing the authorities cited by this Doe Defendant.  [See generally Doc. No. 150 at pp. 10-19]  Therein, there is no requirement of an "allegation that defendants act in concert," as suggested by this Doe Defendant, and Plaintiff has made no such argument that the Doe Defendants "acted in concert" in this case.

Rather, Plaintiff has asserted that its claims against the Doe Defendants are logically related because each Doe Defendant is a possible source for Plaintiff's motion picture, and may be responsible for distributing this copyrighted work to the other Doe Defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work.  [See Doc. No. 150 at p. 14]  "While the putative defendants may be able to rebut these allegations at a later date, at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related."  Id.

For the reasons stated herein, and according to the authorities and analysis presented in Plaintiff's previously filed oppositions to several similar motions (see e.g., Doc. No. 144) and the

3

Court's Memorandum Opinion wherein the Court denied several similar motions (Doc. No. 150), Plaintiff respectfully requests that the Court deny the pending motions.

                                      Respectfully Submitted,

                                      VOLTAGE PICTURES, LLC

DATED:  July 21, 2011              By:/s/
                                      Thomas M. Dunlap (D.C. Bar # 471319)
                                      Nicholas A. Kurtz (D.C. Bar # 980091)
                                      DUNLAP, GRUBB & WEAVER, PLLC
                                      1200 G Street, NW Suite 800
                                      Washington, DC 20005
                                      Telephone: 202-316-8558
                                      Facsimile: 202-318-0242
                                      tdunlap@dglegal.com
                                      nkurtz@dglegal.com
                                      *Attorney for the Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 21, 2011, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO PURPORTED MOTIONS [DOC. NOS. 189-190] was sent via first-class mail to the following:

Ray J. Alvarez
8909 First Avenue
Silver Spring, MD 20910
*Moving Doe Defendant*

                                            /s/
                                          Nicholas A. Kurtz