# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| VOLTAGE PICTURES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 1:10-cv-00873-BAH |
| | ) | |
| CLAUDIO VAZQUEZ, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT OF VOLTAGE PICTURES, LLC

COMES NOW, through counsel, Defendant Susan Glass, and pursuant to Fed. R. Civ. P. 8 and 12, files this her Answer to the Complaint of Voltage Pictures, LLC, and in support thereof state the following:

### Jurisdiction and Venue

1.  Paragraph 1 is a summary paragraph and does not require an admission or denial. To the extent one is required, Defendant Denies Paragraph 1.

2.  Paragraph 2 is a summary paragraph and does not require an admission or denial. To the extent one is required, Defendant Denies Paragraph 2.

3.  Defendant is unaware of the facts necessary to admit or deny Paragraph 3 and therefore requires strict proof of same. Defendant Denies Paragraph 3.

4.  Defendant is unaware of the facts necessary to admit or deny Paragraph 4 and therefore requires strict proof of same. Defendant Denies Paragraph 4.

5.  Defendant Denies the assertions made in Paragraph 5. During all time periods relevant to the Complaint, Defendant was a resident of Waldorf, Maryland.

## Parties

6.    Defendant Denies Paragraph 6.

7.    Defendant Denies Paragraph 7.

8.    Defendant is unaware of the facts necessary to admit or deny Paragraph 8 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 8.

9.    Defendant is unaware of the facts necessary to admit or deny Paragraph 9 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 9.

10.    Defendant is unaware of the facts necessary to admit or deny Paragraph 10 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 10.

11.    Defendant is unaware of the facts necessary to admit or deny Paragraph 11 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 11.

12.    Defendant is unaware of the facts necessary to admit or deny Paragraph 12 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 12.

13.    Defendant is unaware of the facts necessary to admit or deny Paragraph 13 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 13.

14.    Defendant Denies the allegations in Paragraph 14. During all time periods relevant to the Complaint, Defendant was a resident of Waldorf, Maryland.

15. Defendant is unaware of the facts necessary to admit or deny Paragraph 15 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 15.

16. Defendant is unaware of the facts necessary to admit or deny Paragraph 16 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 16.

17. Defendant is unaware of the facts necessary to admit or deny Paragraph 17 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 17.

18. Defendant is unaware of the facts necessary to admit or deny Paragraph 18 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 18.

19. Defendant is unaware of the facts necessary to admit or deny Paragraph 19 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 19.

20. Defendant is unaware of the facts necessary to admit or deny Paragraph 20 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 20.

**Count I: Infringement of Copyrights**

21. Defendant is unaware of the facts necessary to admit or deny Paragraph 21 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies Paragraph 21.

22.     Defendant is unaware of the facts necessary to admit or deny Paragraph 22 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies the allegations of infringement in Paragraph 22.

23.     Defendant is unaware of the facts necessary to admit or deny Paragraph 23 and therefore requires strict proof of same. To the extent an admission or denial is required, Defendant Denies the allegations of infringement in Paragraph 23.

24.     Defendant Denies the allegations in Paragraph 24.

25.     Defendant Denies the allegations in Paragraph 25.

26.     Defendant incorporates and reasserts her Denials to Paragraphs 22, 23, 24 and 25. Defendant Denies the allegations in Paragraph 26.

27.     Defendant Denies the allegations in Paragraph 27.

28.     Defendant Denies the allegations in Paragraph 28.

### Prayer for Relief

Plaintiff's prayer for relief does not contain factual allegations and does not require a response from the Defendant. To the extent an admission or denial is required, Defendant Denies the allegations in Plaintiff's Prayer for Relief and requires strict proof thereof.

### Affirmative Defenses

1.     Defendant asserts that Plaintiff has failed to state a claim upon which relief may be granted.

2.     Defendant asserts that jurisdiction and venue are improper.

3.     Defendant asserts the affirmative defense of wrong party.

4.     Defendant asserts the affirmative defense of impossibility.

5. Defendant asserts the affirmative defense of mistake.

6. Defendant asserts the affirmative defense of intervening cause(s).

7. Defendant asserts the affirmative defense of superseding cause(s).

8. Defendant asserts the affirmative defense of payment and/or set off.

9. Defendant asserts the affirmative defense of exemption.

10. Defendant asserts the affirmative defense of waiver.

11. Defendant asserts the affirmative defense of laches.

12. Defendant asserts the affirmative defense of estoppel.

Dated: September 19, 2011        Respectfully Submitted,


　　　　　/s/ Brian V. Lee　　　
Brian V. Lee, Esq.
District of Columbia Bar No. 978834
Ackerman Legal, PLLC
Counsel for Defendant
1250 Connecticut Ave., NW, Suite 200
Washington, DC  20036
202.393.5428
202.355.6489 (fax)
brian.lee@ackerman-legal.com


**Certificate of Service**

**I Hereby Certify** that on this 19th day of September, 2011, a copy of this Defendant's Answer to Plaintiff's Complaint was sent to Thomas Dunlap, Nicholas Kurtz, and additional counsel of record via The U.S. District Court for the District of Columbia's Electronic Case Filing System (ECF).

By Counsel.

　　　　　/s/ Brian V. Lee　　　
Brian V. Lee, Esq.
District of Columbia Bar No. 978834