UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **VOLTAGE PICTURES, LLC**     ) | |
| )   | |
| Plaintiff,                   ) | |
| )   | |
| v.                              ) | CA. 1:10-cv-00873-BAH |
| )   | |
| **CLAUDIO VAZQUEZ;**            ) | |
| **MODERN CLASSICS INC.;**       ) | |
| **SERGIO SAPAJ; ROY MCLEESE;**  ) | |
| **KELECHI LANE; SHYAM MADHAVAN** ) | |
| **SUSAN GLASS;**                ) | |
| **DANIEL BREMER-WIRTIG;**       ) | |
| **MICHAEL SEIN; ELENA DITRAGLIA;** ) | |
| **IRIDE CECCACCI;**             ) | |
| **J BARRY HARRELSON;**          ) | |
| **and DOES 1 – 24,583**         ) | |
| )   | |
| Defendants.                  ) | |

## PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME TO NAME AND SERVE CERTAIN DEFENDANTS

I. INTRODUCTION

To briefly summarize Plaintiff's case again, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *"The Hurt Locker"* (the "Movie"), over the Internet. When the suit was filed, Plaintiff did not know the names of the alleged infringers but had identified the Internet Protocol ("IP") addresses of the computers associated with the infringements. In order to discover the actual names of the Doe Defendants, Plaintiff sought leave to subpoena the Internet Service Providers ("ISPs") who provide service to the identified IP addresses.

More specifically, Plaintiff's Complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1]  Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court via a Minute Order on June 25, 2010.  [See Doc. No. 4]  In its May 31, 2011 Minute Order, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint and for Further Discovery (Doc. No. 143) and stated that Plaintiff has 120 days to name and serve the Defendants listed in the First Amended Complaint.  Plaintiff's First Amended Complaint includes twelve named Defendants and 24,583 Doe Defendants.  [See Doc. No. 172]

Plaintiff has dismissed Defendants Vazquez, McLeese, and Ceccacci.  [See Doc. Nos. 194, 229, and 251]  Plaintiff has served Defendant Glass, who has filed an answer.  [See Doc. No. 258]  Plaintiff has served Defendant Harrelson, whose responsive pleading deadline has been extended to November 7, 2011. [See Minute Order of 9/8/11]  Plaintiff has served Defendants Lane and Modern Classics, Inc. and plans to file a request for default on those Defendants.  [See Doc. Nos. 254 and 255]

Plaintiff has been unable to serve Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sein, and Sapaj.  Further, Plaintiff has not received identifying information for 2,278 IP addresses.  Therefore, Plaintiff requests that the Court extend the time by which Plaintiff must serve Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sapaj, and Sein and to name and serve the remaining Doe Defendants in this case for an additional 60 days.

II. ARGUMENT

    A.    UPON A SHOWING OF GOOD CAUSE, THE COURT MUST EXTEND THE TIME FOR SERVICE ON DEFENDANTS.

Pursuant to Federal Rule of Civil Procedure, a defendant must be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "the court *must* extend the time for service for an appropriate period." Id. (emphasis added); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340 (7th Cir. (Ill.) 1996) ("In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). Further, district courts have discretion to grant extensions of the 120-day period to effect service of process even in absence of good cause. See Henderson v. U.S., 517 U.S. 654, 662, 116 S.Ct. 1638, 1643 (1996) (citing Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C.App., p. 654).[1]

"To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay." Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001). "Good cause is 'generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999)

---

[1] "The factors to be considered in deciding whether to grant this relief are '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" Beauvoir v. U.S. Secret Service, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (quoting Carroll v. Certified Moving & Storage Co., LLC, 2005 WL 1711184 (E.D.N.Y) at *2).

(quoting Nat'l Union Fire Ins. Co. v. Sun, No. 93 Civ. 7170(LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug. 25, 1994)).

When a complaint involves unidentified, "doe" defendants, the courts have been sympathetic to allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them.  See Aviles v. Village of Bedford Park, 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); see also Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. (Wash.) 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

B. PLAINTIFF HAS GOOD CAUSE TO EXTEND THE TIME LIMIT FOR SERVICE.

Plaintiff has good cause why it has not served Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sapaj, and Sein and why it has not named and served the remaining Doe Defendants in this case.

First, good cause exists for a further extension because Plaintiff has yet to receive information for certain IP addresses and because identifying information for a number of IP addresses has been withheld because of motions purportedly filed by the Doe Defendants.  On May 12, 2011, the Court issued a memorandum opinion and order denying all then-pending motions filed by the Doe Defendants.  [Doc. Nos. 150, 151]  By various Minute Orders the Court

has denied additional motions filed by the Doe Defendants. Plaintiff's counsel has forwarded the Court's Orders to the ISPs and has requested the identifying information for the withheld IP addresses. However, Plaintiff has yet to receive identifying information for a number of IP addresses withheld for motions.

A significant cause of the delay in the ISPs producing identifying information for IP addresses withheld based on motions, even after the Court has denied a number of motions, is that many ISPs receive motions that do not appear on the Court's docket, and the ISPs attempt to determine from the Doe Defendants whether the motions have actually been filed. In circumstances where a Doe Defendant has not filed the motion and only sent it to the ISP, most ISPs withhold the identifying information so that the Doe Defendant can then file the motion with the Court. Further, Plaintiff's counsel has been informed by the ISPs that numerous Doe Defendants have recently re-filed their motions or have filed motions for reconsideration of the Court's prior rulings

While the Court has now addressed all outstanding motions, except Doc. Nos. 52, 55, and 190, the ISPs continue to withhold information for certain IPs until the ISPs can verify that those specific motions have been denied. Further, some ISPs are finishing up processing the subpoenas so that they can produce the information. More specifically, Plaintiff provides the following table outlining its progress in conducting the discovery allowed as it relates to the IP addresses identified in Exhibit A to its First Amended Complaint and for which Plaintiff seeks an extension:

| ISP | Date subpoena sent | Production Date Requested | IPs Requested | IPs Received | Notes/Additional Useful Information |
|---|---|---|---|---|---|
| Atlantic Broadband | 8/9/2010 | 9/17/2010 | 192 | 28 | Plaintiff's counsel has sent email to counsel for ISP requesting update |
| Bresnan | 9/21/2010 | 1/31/2011 | 236 | 0 | ISP has stated that identification process and notices to subscribers is complete and production to Plaintiff is forthcoming |
| Charter | Remaining IPs are those withheld pending motions | | | | |
| Comcast | Remaining IPs are those withheld pending motions | | | | |
| Mediacom | 9/17/2010 | 1/31/2011 | 449 | 113 | ISP has stated that identification process and notices to subscribers is complete for remaining IPs and production to Plaintiff is forthcoming |
| Midcontinent | 9/27/2010 | 11/3/2010 | 144 | 0 | ISP has stated that identification process and notices to subscribers is complete; Plaintiff's counsel has sent email to counsel for ISP requesting update |
| Qwest | Remaining IPs are those withheld pending motions | | | | |
| RCN | Remaining IPs are those withheld pending motions | | | | |
| Sprint | 8/4/2010 | 9/10/2010 | 468 | 0 | Plaintiff's counsel has sent email to counsel for ISP requesting update |
| Verizon | Remaining IPs are those withheld pending motions and batch of production scheduled to be sent to Plaintiff the first week of October 2011 | | | | |
| Windstream | 10/6/2010 | 11/19/2010 | 727 | 184 | ISP has stated that identification process and notices to subscribers is complete for remaining IPs and production to Plaintiff is forthcoming |

Further, the remaining Doe Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension. Attached as **Exhibit 1** hereto are the Doe Defendants that Plaintiff desires to voluntarily dismiss from this case without prejudice.[2] To the best of Plaintiff's knowledge, no Doe Defendant that Plaintiff desires to voluntarily dismiss has a motion pending. Attached as **Exhibit 2** hereto are the remaining Doe Defendants for which Plaintiff seeks an extension. Therefore, good cause exists as to why Plaintiff has not yet named and served certain of the remaining Doe Defendants in this case.

Second, good cause exists why Plaintiff has not served Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sein, and Sapaj. Attached as **Exhibit 3** hereto are affidavits of Capitol Process/Investigator Services. As stated therein, Capitol attempted to serve Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sein, and Sapaj at their last known addresses (the addresses provided by Defendants' ISPs). However, Capitol has been unsuccessful in serving these named Defendants at this point in time. Capitol continues in its efforts to locate and serve Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sapaj, and Sein and/or conduct further investigation to locate these individuals.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to serve the remaining named Defendants and obtain identifying information from the ISPs. In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants.[3]

---

[2] Because Defendant Glass has filed an answer, Plaintiff is unable to simply voluntarily dismiss these Doe Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

[3] If the court decides to deny Plaintiff's request to extend the time to serve Defendants, Plaintiff requests that the court order that service be made within a specified time or dismiss the action *without* prejudice. Fed. R. Civ. P. 4(m).

IV. CONCLUSION

      For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must served Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sapaj, and Sein and name and serve the remaining Doe Defendants in this case.  Plaintiff requests at least an additional 60 days in which to effectuate service on Defendants Bremer-Wirtig, Ditraglia, Madhavan, Sapaj, and Sein and to name and serve, or voluntarily dismiss without prejudice, the remaining Doe Defendants.

Respectfully Submitted,

DATED:  September 28, 2011

                VOLTAGE PICTURES, LLC

By:   /s/
Thomas M. Dunlap (D.C. Bar # 471319)
Nicholas A. Kurtz (D.C. Bar # 980091)
DUNLAP, GRUBB & WEAVER, PLLC
1200 G Street, NW Suite 800
Washington, DC 20005
Telephone: 202-316-8558
Facsimile: 202-318-0242
tdunlap@dglegal.com
nkurtz@dglegal.com
*Attorney for the Plaintiff*

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 28, 2011, I electronically filed the foregoing PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME TO NAME AND SERVE CERTAIN DEFENDANTS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian V. Lee
brian.lee@ackerman-legal.com
*Attorney for Defendant Susan Glass*

                 /s/ Nick Kurtz
                 Nicholas A. Kurtz