UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **VOLTAGE PICTURES, LLC** )<br>  )<br>    **Plaintiff,** )<br>  )<br> v. )<br>  )<br> **CLAUDIO VAZQUEZ;** )<br> **MODERN CLASSICS INC.;** )<br> **SERGIO SAPAJ; ROY MCLEESE;** )<br> **KELECHI LANE; SHYAM MADHAVAN** )<br> **SUSAN GLASS;** )<br> **DANIEL BREMER-WIRTIG;** )<br> **MICHAEL SEIN; ELENA DITRAGLIA;** )<br> **IRIDE CECCACCI;** )<br> **J BARRY HARRELSON;** )<br> **and DOES 1 – 24,583** )<br>  )<br>    **Defendants.** )<br>_____ ) | CA. 1:10-cv-00873-BAH |

**PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE**

**[DOC. NO. 190]**

Plaintiff submits this opposition to a "motion to intervene for the purposes of quashing or modifying the subpoena and raising FRCP 12(b) defenses," and Plaintiff requests that the Court deny the motion in its entirety. [Doc. No. 190]

I. INTRODUCTION

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's motion picture, *The Hurt Locker*, over the Internet. At the time of filing its Complaint, Plaintiff was only been able to identify the Doe Defendants by their Internet Protocol ("IP") and the date and time of alleged infringement. The only way that Plaintiff can determine Defendants' actual names is from the Internet Service

1

Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access, as this information is readily available to the ISPs from documents they keep in the regular course of business.

Plaintiff's Complaint was filed on May 24, 2010 and named Does 1-5,000 as Defendants. [Doc. No. 1][1] Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court on June 25, 2010. [See Doc. No. 4 and Court Minute Order of 6/25/10] Thereafter, Plaintiff served subpoenas on the non-party ISPs, requesting various production dates.

In response to the subpoenas, the ISPs contacted their subscribers for which Plaintiff identified an infringing IP address on the date and time of alleged infringement. Some of the individuals who received such notices have filed a variety of papers with the Court to quash the subpoenas and dismiss the case based on various arguments, including lack of personal jurisdiction and misjoinder. Many of those motions are form motions purchased on the internet and filed without any independent evaluation of their merits.

The Court has continually denied the motions. [See e.g., Doc. Nos. 150, 151, and Minute Orders of 5/23/11, 6/17/11, 8/16/11, 9/27/11, and 10/3/11] In its Minute Order of October 3, 2011, the Court stated: "that the Clerk of the Court shall unseal Docket Entry 190 and the plaintiff shall file an opposition to this motion, if any, by October 13, 2011."

Doc. No. 190, Movant Candice Seaverns, is nearly identical to a motion that was previously filed, and denied, in the similar case of Maverick Entertainment Group, Inc. v. Does,

---

[1] In its May 31, 2011 Minute Order, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint and for Further Discovery (Doc. No. 143), wherein Plaintiff's First Amended Complaint includes twelve named Defendants and 24,583 Doe Defendants. [See Doc. No. 172]

Case No. 10-569 (D.D.C.). The motions in both cases seek to "intervene" doe defendants for the purposes of challenging subpoenas and raising personal jurisdiction and misjoinder defenses. In the Maverick case, this Court denied the motion to intervene (Doc. No. 139 in Maverick) via a Minute Order of June 17, 2011 and clarified its ruling via a Memorandum Opinion (Doc. No. 157 in Maverick). Accordingly, the Court should also deny Doc. No. 190 in this case.

III. ARGUMENT

    A. The motion to intervene is clearly an attempt to circumvent the Court's prior rulings.

        1. Standards on a motion to intervene

Federal Rule of Civil Procedure 24 states that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right under Fed. R. Civ. P. 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." Karsner v. Lothian, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting SEC v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998)); see also Aref v. Holder, 774 F. Supp. 2d 147, 171 (D.D.C. 2011). If a movant does not meet the requirements to intervene as a matter of right, the Court may nonetheless allow intervention, pursuant to Fed. R. Civ. P. 24 (b), if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

2. <u>This Doe Defendant is not entitled to intervene as a matter of right.</u>

To intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), a movant must demonstrate that a "significantly protectable interest" is at stake in the litigation. <u>Donaldson v. United States</u>, 400 U.S. 517, 531 (1971). This requirement refers "not to *any* interest the [movant] can put forward, but only to a legally protectable one." <u>Roane v. Gonzales</u>, 269 F.R.D. 1, 3 (D.D.C. 2010) (quoting <u>City of Cleveland, Ohio v. Nuclear Regulatory Comm'n</u>, 17 F.3d 1515, 1517 (D.C. Cir. 1994)) (emphasis in original).

This Doe Defendant cites a "legally cognizable interest in maintaining the confidentiality of the information requested by the subpoenas to the ISPs and issued by this court." [Doc. No. 190 at p. 3] Such an argument highlights the frivolousness of this Doe Defendant's filings. This Court has continually held that any privacy interests the Doe Defendants may have is overcome by Plaintiff's need for the discovery. [<u>See</u> Doc. No. 150 at pp. 7-8] As the Court has repeatedly found, any interest asserted by the Doe Defendants, including this Doe Defendant, in keeping limited identifying information out of the hands of Plaintiff is an interest that the Court has previously held is insufficient in light of Plaintiff's allegations that the Doe Defendants engaged in copyright infringement. <u>Maverick Entertainment Group, Inc. v. Does</u>, Case No. 10-569, Doc. No. 157 at p. 6 (D.D.C.) (Sept. 19, 2011).

In fact, such a procedure, bringing a motion to intervene, was attempted in a similar case in the Eastern District of North Carolina. <u>Arista Records, LLC v. Doe #1 et al.</u>, 254 F.R.D. 480 (E.D. NC 2008). There, the court denied the motion to intervene, stating the doe defendant did not have a "significantly protectable interest" warranting intervention. <u>Id.</u> at 481.[2] As this Court

---

[2] As stated above, the Supreme Court has indicated that Rule 24(a)(2) requires that a "*significantly* protectable interest" be at risk. <u>Donaldson v. United States</u>, 400 U.S. at 531 (superseded on other grounds by statute as stated in <u>Tiffany Fine Arts, Inc. v. U.S.</u>, 469 U.S. 310,

4

has repeatedly stated in this and similar cases, the Eastern District of North Carolina found that "the First Amendment does not protect that person's identity from disclosure." Id. Further, the court stated that even if it allowed the doe defendant to intervene, it would have denied the proposed motion to quash. Id. at 481-482. As in Arista Records, LLC v. Doe #1 et al., this Doe Defendant has no recognized legal interest warranting intervention and, therefore, has no right to intervene.[3]

This Doe Defendant also claims a legally cognizable interest of a due process right to file a Fed. R. Civ. P. Rule 12(b) motion. [Doc. No. 190 at p. 3] However, as shown below and as this Court has made it abundantly clear, the Doe Defendants in this case do not have such an interest – "[t]hey cannot be dismissed, under Federal Rule of Civil Procedure 12(b)(2), from a lawsuit to which they are not parties." [Doc. No. 150 at p. 20]

3. Permissive intervention is not appropriate in this case.

In exercising its discretion under Rule 24(b), the Court must consider "whether the intervention will unduly delay or prejudice the rights of the original parties," Fed. R. Civ. P. 24(b)(3), and may also consider "whether parties seeking intervention will significantly

---

105 S. Ct. 725 (1985)); see Southern Christian Leadership Conference, (SCLC) v. Kelley, 747 F.2d 777, 780 (D.C. Cir. 1980) (citing Donaldson) (emphasis added).

[3] This Doe Defendant also has not adequately established Article III standing to intervene. This Doe Defendant's reliance on Akiachak Native Community v. U.S. Dept. of Interior, 584 F.Supp.2d 1 (D.D.C. 2008), which relies on Roeder v. Islamic Republic of Iran, 333 F.3d 228, 233 (D.C. Cir. 2003), has been called into doubt by the recent decision of Center for Biological Diversity v. U.S. E.P.A., -- F.R.D. --, 2011 WL 1346965 (D.D.C. April 11, 2011). This Doe Defendant states that the standing inquiry is repetitive for Fed. R. Civ. P. Rule 24(a) and Article III. [Doc. No. 190 at p. 3, fn. 1] Center for Biological Diversity v. U.S. E.P.A. specifically rejected the same argument, referring to Akiachak and Roeder, and specifically stated that "the Court cannot eschew the standing inquiry here, and will determine whether movants have Article III standing to intervene." 2011 WL 1346965 at *3. Here, this Doe Defendant has not articulated any independent basis for Article III standing.

contribute to ... the just and equitable adjudication of the legal question presented." <u>Aristotle Int'l, Inc. v. NGP Software, Inc.</u>, 714 F.Supp.2d 1, 18 (D.D.C. 2010) (quoting <u>H.L. Hayden Co. v. Siemens Med. Sys., Inc.</u>, 797 F.2d 85, 89 (2d Cir.1986) (alteration in original)).

Here, the motive behind the motion to intervene is to have the Court consider this Doe Defendant's motion to quash/dismiss and the arguments therein, which have been repeatedly rejected by this Court. Apparently, this Doe Defendant and counsel believe that if this Doe Defendant is permitted to intervene, that somehow changes the Court's analysis on the personal jurisdiction and joinder arguments. It does not.

The first purpose for the motion to intervene is stated as "moving to quash or modify the subpoena." [Doc. No. 190 at p. 1] However, intervention is unnecessary for this Doe Defendant to bring a motion to quash or modify the subpoena. "Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information." <u>Covad Commun'ns Co. v. Revonet, Inc.</u>, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (citing <u>E.E.O.C. v. Danka Indus., Inc.</u>, 990 F. Supp. 1138, 1141 (E.D.Mo.1997)); <u>Washington v. Thurgood Marshall Academy</u>, 230 F.R.D. 18, 21 (D.D.C. 2005) (Facciola, J.) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, propriety interest, or personal interest in the subpoenaed matter." [citing 9A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2459 (2d ed.1995)]).

Here, intervention for this Doe Defendant is not necessary, as the Court has continually allowed the Doe Defendants to file motions to quash/dismiss without intervening, including this Doe Defendant's counsel's other Doe Defendant clients. Rather, it is blatantly obvious that the motion to intervene is this Doe Defendant's and counsel's attempt to somehow circumvent the

Court's prior rulings and seek reconsideration, even though no new facts or law exist to contradict the prior rulings.

The second purpose for the motion to intervene is stated as raising Fed. R. Civ. P. 12(b) defenses. [Doc. No. 190 at p. 1] Overall, it appears that this Doe Defendant's theory is that, by intervening, this Doe Defendant would become a "named" Defendant and therefore be entitled to bring a Fed. R. Civ. P. 12(b) motion. Apparently this Doe Defendant posits that its legal maneuvering would overcome this Court's holding that any analysis of the personal jurisdiction or joinder arguments is premature until the Doe Defendant is named.[4] However, even assuming this Doe Defendant is permitted to intervene, the Court's prior analysis would not change.

An intervenor is bound by the proceedings as he finds them. Levenson v. Little, 75 F.Supp. 575, 576 (S.D.N.Y. 1948); see also Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n., 646 F.2d 117, 122 (4th Cir. 1981) (stating that "[g]enerally speaking, an intervenor is held to take the case as he finds it"); Blackman v. District of Columbia, 277 F.Supp.2d 89, 90 (D.D.C. 2003) (stating that intervenor would be bound by all earlier decisions rendered in the case). Here, this Doe Defendant is not one of the named Defendants; rather, this Doe Defendant remains an unnamed party identified only by an IP address. Therefore, even if permitted to intervene, this Doe Defendant would have only the same rights as all of the other Doe Defendants, i.e. this Doe Defendant would not somehow transform into a "named" Defendant. See Piccard v. Sperry Corporation, 36 F. Supp. 1006, 1009 (S.D.N.Y

---

[4] The Court has stated: "the putative defendants' personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit (Doc. No. 150 at p. 8), "[t]he putative defendants' argument that they are improperly joined may be meritorious should they be named as defendants in this action," (Doc. No. 150 at p. 11), and "[i]f and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal" (Doc. No. 150 at p. 22).

1941) (stating that "[t]he intervenors seek, voluntarily, to come into this court as party plaintiffs, and they should not stand in any better position than the original plaintiff).

As more fully detailed in Plaintiff's numerous oppositions to various motions to quash/dismiss (see e.g. Doc. No. 13 at pp. 12-15), the Federal Rules of Civil Procedure contemplate that a defendant can only respond to a complaint when that defendant has been named as a party and after a summons has been issued and served on a defendant (or service is waived by the defendant). Because this Doe Defendant is not a named Defendant in this case, this Doe Defendant is not subject to this Court's jurisdiction and does not have to respond in any manner to Plaintiff's allegations. If and when Plaintiff elects to proceed against this Doe Defendant for alleged copyright infringement, this Doe Defendant may present any and all defenses at that time.

Additionally, a plaintiff is entitled to choose which defendants it will seek to invoke the Court's jurisdiction over, and until that time, the Court should not even consider motions to dismiss filed by unnamed individuals. See Webster Industries, Inc. v. Northwood Doors, Inc., 234 F.Supp.2d 981, 987-988 (N.D. Iowa 2002) (refusing corporation's attempt to make a "special appearance" to contest personal jurisdiction).[5]

This Doe Defendant's reliance on S.E.C. v. Ross, 504 F.3d 1130 (9th Cir. 2007) is misleading at best. This Doe Defendant cites to S.E.C. v. Ross for the proposition that this Doe Defendant would be able challenge this Court's personal jurisdiction over the Doe Defendant should the Doe Defendant be permitted to intervene. [Doc. No. 190 at pp. 3-4] However, this Doe Defendant conveniently failed to apprise the Court that S.E.C. v. Ross itself acknowledges

---

[5] As analyzed by the Court, in response to the letters and motions filed by the various Doe Defendants, Plaintiff may decide not to name certain individuals to this lawsuit, or Plaintiff may decide to name certain individuals and test the assertions made in the letters and motions. [Doc. No. 150 at p. 6]

that its position is in the minority and is contrary to authority in this Court – "those [courts] that have addressed this question have generally concluded that a party who intervenes, consents, as a matter of law, to the jurisdiction of the court permitting the intervention." 504 F.3d at 1148 (citing, *inter alia*, Pharm. Research & Mfrs. v. Thompson, 259 F.Supp.2d 39 (D.D.C. 2003)).

Pharm. Research & Mfrs. v. Thompson clearly held that an intervenor "cannot now be heard to object that the Court lacks jurisdiction over it or that venue is improper." 259 F.Supp.2d at 59. In citing County Sec. Agency v. Ohio Dep't of Commerce, 296 F.3d 477, 483 (6th Cir. 2002) for this proposition, the Court referenced a quotation that is pointedly applicable here - "a motion to intervene is fundamentally incompatible with an objection to personal jurisdiction." 259 F.Supp.2d at 59.[6]

Further, this Doe Defendant's reliance upon Natural Resources Defense Council v. Costle, 561 F.2d 904 (D.C. Cir. 1977), for the proposition that "it is not enough to deny intervention under 24(a)(2) because [movants] may vindicate their interests in some later, albeit more burdensome, litigation," is misplaced. Id. at 910. There, the movants intervened to substantively participate in the case and take part in settlement negotiations. Id. at 908-09. The D.C. Circuit recognized this as a significant property interest to participate in "proceedings on [] key decisions on what not to regulate." Id. at 910. Here, this Doe Defendant has no legally protected interest. Rather, as explained above, this Doe Defendant does not have a legally protected interest in preventing release of identifying information that is sufficient to overcome

---

[6] Pharm. Research & Mfrs. v. Thompson is still the prevailing authority in this Court, even after S.E.C. v. Ross. See Intrepid Potash-New Mexico, LLC v. U.S. Dept. of Interior, 669 F.Supp.2d 88, 91 (D.D.C. 2009) (also citing Trans World Airlines, Inc. v. C.A.B., 339 F.2d 56, 63-64 (2d Cir. 1964) (finding that "[v]enue is a privilege personal to a defendant in a civil suit and a person intervening on either side of the controversy may not object to improper venue")).

Plaintiff's copyright infringement allegations. Further, this Doe Defendant's due process rights are not impaired in this case.

Overall, the intervention will prejudice Plaintiff's rights in that it will improperly hamper Plaintiff's ability to name Defendants of Plaintiff's choosing. Also, the intervention would contribute nothing to the legal issues in this case, as it only presents arguments that have already been rejected by the Court. Lastly, even if this Doe Defendant were permitted to intervene, the Court should deny the proposed motion to quash/dismiss, as it does not set forth any argument, law, or fact that would have the Court reconsider its prior rulings. Therefore, allowing this Doe Defendant to intervene would be an exercise in futility.

> B. <u>The arguments advanced in the motion to quash/dismiss do not justify quashing the subpoena or dismissing this Doe Defendant, and nearly identically motions have been consistently denied by this Court.</u>

As more fully detailed in Plaintiff's numerous oppositions to similar motions and this Court's memorandum opinion, there is no legal basis for this Doe Defendant's motion to quash/dismiss. Instead of facing this reality, this Doe Defendant and counsel have concocted their motion to intervene to somehow circumvent the Court's prior opinions and orders.

Here, this Doe Defendant again argues that the subpoena should be quashed or modified because it subjects this Doe Defendant to an "undue burden" because this Doe Defendant resides outside of this jurisdiction and that Plaintiff knows, or should know, this Doe Defendant's location. [Doc. No. 190 at pp. 9-11] The Court previously rejected this exact argument. [Doc. No. 150 at pp. 8-9, p. 21 n. 18]

This Doe Defendant also again argues that personal jurisdiction is not appropriate. [Doc.

No. 190 at pp. 11-13] The Court previously rejected this exact argument. [Doc. No. 150 at pp. 19-22][7] Lastly, this Doe Defendant again argues that this Doe Defendant should be dismissed for misjoinder. [Doc. No. 190 at pp. 13-14] The Court previously rejected this exact argument. [Doc. No. 150 at pp. 10-19]

IV. CONCLUSION

Overall, none of Doe Defendant's motions present a legitimate argument for allowing this Doe Defendant to intervene, quashing the subpoena related to this Doe Defendant, or dismissing this Doe Defendant from the case at this time. Therefore, the Court' should deny this Doe Defendant's motions in their entirety.

|  |  | Respectfully Submitted,<br>VOLTAGE PICTURES, LLC |
|---|---|---|
| DATED: October 5, 2011 | By: | /s/<br>Thomas M. Dunlap (D.C. Bar # 471319)<br>Nicholas A. Kurtz (D.C. Bar # 980091)<br>DUNLAP, GRUBB & WEAVER, PLLC<br>1200 G Street, NW Suite 800<br>Washington, DC 20005<br>Telephone: 202-316-8558<br>Facsimile: 202-318-0242<br>tdunlap@dglegal.com<br>nkurtz@dglegal.com<br>*Attorneys for the Plaintiff* |

---

[7] Judge Kollar-Kotelly recently expanded upon this Court's prior rulings on the personal jurisdiction argument, stating that a plaintiff is not required to plead the basis for personal jurisdiction over a particular defendant in the complaint – "Lack of personal jurisdiction is a threshold defense that is waived unless a defendant raises it in an answer or pre-answer motion. Fed. R. Civ. P. 12(b), (h)(1). Accordingly, the plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint. *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995). Once a defendant raises the defense of lack of personal jurisdiction, 'the general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts.' *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)." West Coast Productions, Inc. v. John Does 1-5829, Civil Action No. 11-57, Order of 06/10/11 (Doc. No. 125) at p. 7 (D.D.C.).

**CERTIFICATE OF SERVICE**

     I hereby certify that on October 5, 2011, I electronically filed the foregoing PLAINTIFF'S PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE [DOC. NO. 190] with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric J. Menhart
eric.menhart@cyberlaw.pro
*Attorney for Movant/Doe Defendant*


                                                /s/
                                                Nicholas A. Kurtz