Huoy Lai Chang
414 N. Marengo Ave.
Alhambra, Ca 91801
Oct. 10th, 2011

Leave to file GRANTED

Case   1:10-cv00873-RMU

*/s/ Beryl A. Howell, 10/19/2011*

Beryl A. Howell        Date
United States District Judge

Your Honor:

    Recently, I sent you a letter regarding the case 1:10-cv00873-RMU for request of not disclosing my information. However, I somewhat misunderstood what that case was about. Originally, I thought the case was about suing Charter and its subscribers for watching movie "Hurt Locker" in TV due to pirate copy provided by Charter. So, I said in that letter that I "have no way of knowing the downloaded movie is legal or not", and, in my view, all the programs from Charter to my TV are downloaded and I have no control whatsoever I will receive. I was very upset for involvement of this lawsuit.

    Not until a week ago, I received a letter from Dunlap|Grubb|Weaver that I realized something does not sound right. So, with some help from Charter Communication and research myself, I now have better understanding. I subscribed to both Charter's Cable TV and Internet Service. I never thought of this incident was for watching/downloading illegal copy of movie from internet because watching movie through internet download using computer monitor is not our style.

    I have to deny this accuse because we have never downloaded "Hurt Locker" to any computer. Why we want to do such thing while we have already subscribed Charter movie channels? Why we want to watch movies through the 19 inches computer screen instead of big screen HDTV to abuse our eyes? We are very kind of law-abiding citizen, we don't do "download movies", but enjoy movies from Charter, rent a DVD, or walked into theater. Besides, to download a movie very possibly takes hours or even days while legal copy of DVD rental in our area is only about $2, so, why bother to download?

    My friend, who knows about technology, told me that could be someone in our neighborhood that downloaded/watched movie through our wireless router because our router did not have security setup and has strong signal range. With the help of my friend, I have recently set up a password for router to protect it from being abused again.

    I noticed that my information was disclosed to "Dunlap|Grubb|Weaver" together with my last letter to the court regarding not disclosing my information. I don't think I should be responsible for something I did not do. Please reconsider this matter. Thank you.

Sincerely yours

Huoy Lai Chang



RECEIVED
Mail Room

OCT 1 - 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia