UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VOLTAGE PICTURES, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>CLAUDIO VAZQUEZ;<br>MODERN CLASSICS INC.;<br>SERGIO SAPAJ; ROY MCLEESE;<br>KELECHI LANE; SHYAM MADHAVAN;<br>SUSAN GLASS;<br>DANIEL BREMER-WIRTIG;<br>MICHAEL SEIN; ELENA DITRAGLIA;<br>IRIDE CECCACCI;<br>J BARRY HARRELSON;<br>and DOES 1 – 24, 583<br><br>     Defendants. | Civil Action No. 10-00873 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Putative defendant Candice Seaverns has moved to intervene in this case pursuant to Federal Rule of Civil Procedure 24 in order to quash the subpoena issued by the plaintiff to her Internet Service Provider (hereinafter "ISP"), or, in the alternative, to obtain dismissal from these proceedings. On October 5, 2011, the plaintiff filed an opposition to the Movant's motion to intervene. As explained below, Ms. Seaverns's motion to intervene in this case is denied.

**I. BACKGROUND**

On May 24, 2010, plaintiff Voltage Pictures, LLC filed a Complaint against unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally infringe plaintiff's copyright in the motion picture *The Hurt Locker*. Compl. ¶ 3, ECF No. 1. Given that the defendants in this case were unidentified at the time the plaintiff filed its Complaint, on June

1

25, 2010, the Court granted the plaintiff leave to subpoena ISPs to obtain identifying information for the 687 specific IP addresses the plaintiff listed as a sample of putative defendants in this case.  Minute Order dated June 25, 2010 (Urbina, J.).

Since the Court approved expedited discovery, ISPs have provided identifying information for the IP addresses in response to the plaintiff's subpoenas on a rolling basis.  Prior to providing the plaintiff with identifying information, however, the ISPs sent notices to their subscribers informing them of their right to challenge release of information in this Court.  Many of the subscribers moved to prevent release of identifying information, arguing primarily that (1) the subpoenas issued to their ISPs should be quashed to avoid disclosure of privileged or protected information, or that the subscribers should be dismissed because (2) he or she did not engage in the alleged illegal conduct, (3) the Court lacked personal jurisdiction, or (4) for improper joinder.  On May 12, 2011, the Court denied the putative defendants' motions, on grounds, *inter alia*, that the motions were premature because the plaintiff had yet to name defendants in the case.  *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-cv-873, 2011 WL 1807438 (D.D.C. May 12, 2011).  With regard to the release of the subscribers' identifying information, the Court held that the subscribers' right to anonymity in the context of their BitTorrent activity does not outweigh the plaintiff's need to conduct limited discovery to identify individuals infringing its copyright.  *Id.* at *4.

On May 31, 2011, the plaintiff filed an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1), in which it listed 24,583 putative defendants and twelve named defendants.  Pl.'s Mot. Leave File First Am. Compl., ECF No. 143; Minute Order dated May 31, 2011 (Howell, J.); Pl.'s Am. Compl., ECF No. 172.  Since the filing of the plaintiff's Amended

Complaint, the plaintiff voluntarily dismissed three named defendants,[1] and 22,305 putative defendants for whom it had obtained identifying information and did not intend to sue in this district.

On July 5, 2011, Candice Seaverns (hereinafter "the Movant") filed a motion to intervene "for the purposes of quashing or modifying the subpoena issued to her ISP, or, in the alternative, raising defenses under Rule 12(b) of the Federal Rules of Civil Procedure."[2] ECF No. 190, at 1. The Movant claims that IP address 75.131.255.127 (putative defendant number 1348), which is listed in the Amended Complaint, is associated with her computer and internet usage. The plaintiff is apparently continuing to seek identifying information for this IP address and has not dismissed this IP address from this lawsuit. The Clerk inadvertently sealed the Movant's motion to intervene, which prevented the plaintiff from viewing its contents. On October 3, 2011, the Court directed the Clerk to unseal the motion, and granted the plaintiff an opportunity to respond. Minute Order dated Oct. 3, 2011 (Howell, J.). The plaintiff filed its opposition to the Movant's motion to intervene on October 5, 2011. This motion is now ripe and pending before the Court. For the reasons set forth below, the Movant's motion to intervene is denied.

## II.    DENIAL OF THE MOVANT'S MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 states that the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

---

[1] The plaintiff has voluntarily dismissed Iride Ceccacci, Claudio Vazquez, and Roy McLeese. ECF Nos. 194, 229, 230.

[2] Along with her motion to intervene, the Movant simultaneously filed motions to quash the subpoena, and to dismiss the case against her on grounds of misjoinder and lack of personal jurisdiction. These motions are denied for the reasons set forth in the Court's May 12, 2011 Memorandum Opinion. *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-cv-873, 2011 WL 1807438 (D.D.C. May 12, 2011).

FED. R. CIV. P. 24(a)(2). To intervene as a matter of right under FED. R. CIV. P. 24(a), "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.,* 136 F.3d 153, 156 (D.C. Cir. 1998)); *see also Aref v. Holder,* 774 F. Supp. 2d 147, 171 (D.D.C. 2011). If a movant does not meet the requirements to intervene as a matter of right, the Court may nonetheless allow intervention, pursuant to FED. R. CIV. P. 24 (b), if the movant "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24 (b)(1)(B).

In the instant case, the Movant timely moved to intervene, but she is not entitled to intervene as a matter of right because she does not have a sufficiently cognizable legally protected interest in the litigation. Furthermore, permissive intervention pursuant to FED. R. CIV. P. 24(b) is unnecessary.

### A. The Movant Is Not Entitled to Intervene Pursuant to FED. R. CIV. P. 24(a)

To intervene as a matter of right pursuant to FED. R. CIV. P. 24(a)(2), the movant must demonstrate that a "significantly protectable interest" is at stake in the litigation. *Donaldson v. United States,* 400 U.S. 517, 531 (1971). This requirement refers "not to *any* interest the [Movant] can put forward, but only to a legally protectable one." *Roane v. Gonzales,* 269 F.R.D. 1, 3 (D.D.C. 2010) (quoting *City of Cleveland, Ohio v. Nuclear Regulatory Comm'n,* 17 F.3d 1515, 1517 (D.C. Cir. 1994)) (emphasis in original). Here, the Movant asserts that she has an interest in protecting release of her identifying information, and a "legally cognizable interest of due process" that warrants intervention. Movant's Mot. Intervene, ECF No. 190, at 3. The Court disagrees.

*1. The Movant Does Not Have a Sufficiently Cognizable Legally Protected Interest in Protecting Release of Her Identifying Information*

The Movant asserts that she has a "legally cognizable interest in maintaining the confidentiality of the information requested by the subpoenas directed to the ISPs and issued by this court." *Id.*  The plaintiff argues in response, however, that "[t]his Court has continually held that any privacy interests the Doe Defendants may have is overcome by Plaintiff's need for the discovery." Pl.'s Opp'n to Mot. Intervene, ECF No. 293, at 4.  The plaintiff is correct that the Court has explained in a previous decision in this case that the putative defendants' "First Amendment rights to anonymity in the context of their BitTorrent activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights." *Voltage Pictures, LLC*, 2011 WL 1807438, at *4 (May 12, 2011 Memorandum Opinion).  The Movant has not been named as a party to this lawsuit and is not the entity to which a subpoena has been directed demanding information.  The interest asserted by the Movant in keeping limited identifying information out of the hands of the plaintiff is an interest that this Court has previously held is insufficient in light of the plaintiff's allegations that the putative defendants engaged in copyright infringement.  *See id.* at *3 ("[W]hatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement.").

In *Arista Records, LLC v. Doe No. 1*, 254 F.R.D. 480 (E.D. N.C. 2008), a case also involving allegations against putative defendants for illegal downloading of copyrighted works, the court denied a putative defendant's motion to intervene in the case stating that it, "like other courts, understands that while a person using the internet to distribute or download copyrighted music without authorization engages in the exercise of speech, the First Amendment does not protect that person's identity from disclosure."  Thus, a putative defendant's "First Amendment

right to anonymous communications over the internet" was not a "significantly protectable interest warranting intervention" in the case. *Id.* at 481.

This Court agrees with the reasoning of the court in *Arista Records*. As previously explained, the plaintiff's need for the Movant's identifying information outweighs the Movant's First Amendment right to engage anonymously in BitTorrent activity. Preventing release of identifying information in this context is therefore not a sufficiently cognizable legally protected interest to warrant intervention as a matter of right.

    2.  *The Movant's Due Process Rights are Not Impaired in this Case.*

In addition to preventing release of her identifying information, the Movant contends that "equally important" is the Movant's "legally cognizable interest of due process, namely the opportunity to fully defend in the court from which the subpoenas issued." Movant's Mot. Intervene, ECF No. 190, at 3. If intervention is denied, the Movant asserts that she would be "deprive[d] [of] the opportunity to raise personal jurisdiction defense, among other defenses," which would be "a serious impairment of Movant's rights to due process and a clear threat to Movant's interests in a complete legal defense." *Id.* at 4. This argument is without merit for three reasons.

First, as with other putative defendants in this case, the plaintiff has not named the Movant as a defendant in this action. As a result, the Movant is not subject to this Court's jurisdiction, nor must she respond in any manner to the plaintiff's potential accusations of copyright infringement. Although the Court has permitted putative defendants to file motions in this case despite the fact that they are not named parties, the merits of each putative defendants' personal defenses are not properly before the Court at this stage of the litigation. As the Court has previously stated, if and when the plaintiff elects to proceed against the Movant for alleged

copyright infringement, the Movant may present a "complete legal defense" and raise any and all defenses. *See Voltage Pictures, LLC*, 2011 WL 1807438, at *9 ("If and when the putative defendants are ultimately named in this lawsuit, the defendants will have the opportunity to file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.").

Second, the Movant's argument that she will be deprived of her due process rights absent intervention is also incorrect because despite the fact that she has not been named as a party, the Court has permitted putative defendants to file motions to quash or dismiss without intervening. Thus, as a factual matter, the Movant's right to "raise [a] personal jurisdiction defense, among other defenses" is not impaired.

Finally, intervention is inappropriate because it would amount to an effort to circumvent the "Plaintiff's ability to name Defendants of Plaintiff's choosing." Pl.'s Opp'n to Mot. Intervene, ECF No. 293, at 10. At this procedural juncture, even if the Movant were allowed to intervene in this action, the Court would deny the Movant's motions to quash and dismiss under Federal Rule of Civil Procedure 12(b) because the plaintiff has not named the Movant as a defendant and formally accused him of copyright infringement. The Movant's efforts to intervene are therefore unnecessary and would have no practical consequence. *See Atlantic Sea Island Grp. LLC v. Connaughton*, 592 F. Supp. 2d 1, 6 (D.D.C. 2008) ("[W]hether a proposed intervenor's interest may be impaired by disposition of an action is determined by looking to the 'practical consequences' of denying intervention, even where the possibility of future challenge . . . remain[s] available.").

The Movant relies upon *Natural Resources Defense Council v. Costle,* 561 F.2d 904 (D.C. Cir. 1977), for the proposition that "it is not enough to deny intervention under 24(a)(2) because [movants] may vindicate their interests in some later, albeit more burdensome, litigation." *Id.* at 910. *Costle*, however, is inapplicable to the present case. In *Costle*, movants sought to intervene in order to participate in settlement negotiations between the National Resources Defense Council and the Environmental Protection Agency (EPA), who were discussing the prospect of the EPA initiating rule-making proceedings for the regulation of certain pollutants. *Id.* at 908-09. The D.C. Circuit implicitly recognized the significant property interests of the movant intervenors that would be implicated by the proposed regulations and therefore held that the movants had a right to intervene to participate in "proceedings on [] key decisions on what not to regulate." *Id.* at 910.

Here, the Court's rationale for denying intervention is not based on the premise that the Movant has a legally protected interest, but can protect those interests at a later time. Rather, as explained above, the Movant does not have a legally protected interest in preventing release of her identifying information that is sufficient to overcome the plaintiff's copyright infringement allegations. Moreover, the Movant's due process rights are not impaired in this case.

### B. Permissive Intervention Pursuant to FED. R. CIV. P. 24(b) Is Unnecessary

Permissive intervention pursuant to FED. R. CIV. P. 24(b) is an "inherently discretionary enterprise" and the Court has "wide latitude" in considering whether intervention is appropriate. *E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). In order to present a claim for permissive intervention, the Movant must present "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id.*

Here, permissive intervention is inappropriate. The Movant does not presently have a legally protected interest sufficient to warrant intervention and her participation as an intervenor would consequently not further resolution of the case any more than it already has. Indeed, the Court has permitted putative defendants to file motions without formally intervening in the litigation. Intervention would therefore serve no practical purpose.

## III.   CONCLUSION

For the foregoing reasons, the Movant's motion to intervene is denied. An Order consistent with this memorandum opinion will be entered.

**DATED: OCTOBER 20, 2011**

        /s/ *Beryl A. Howell*
        BERYL A. HOWELL
        United States District Judge